Stacey C. Stone, Esq.
Alaska Bar No.: 1005030
Carolyn E. Clark, Esq.
Alaska Bar No.: 2304029
Holmes Weddle & Barcott, P.C.
2550 Denali Street, Suite 500
Anchorage, AK 999503
Phone: (907) 274-0666
Fax:     (907) 277-4657
sstone@hwb-law.com
cclark@hwb-law.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ORIN and SHERILL WILLIAMS, individually and as a marital community, Plaintiffs, v. THE ESTATE OF GEORGE F. GOTTSCHALK, JR., an individual; ARCHIE N. GOTTSCHALK, an individual; GLENDA G. WILLIAMS, an individual; GILBERT M. GOTTSCHALK, an individual; ROYLENE A. MANCUSO, an individual; and MICHAEL L. GOTTSCHALK, an individual, Defendants. | Case No.: 3:26-cv-00107-HRH |

## MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiffs Orin and Sherill Williams (hereinafter "Plaintiffs"), by and through their counsel of record, Holmes Weddle & Barcott, P.C., move pursuant to Fed. R. Civ. P. 65 for the issuance of a temporary restraining order ("TRO") prohibiting Defendants from disconnecting, terminating, or otherwise interfering with the provision of electrical power to the Property.

## Preliminary Statement

Through this motion, Plaintiffs seek narrowly tailored emergency relief to preserve the status quo and prevent imminent, irreparable harm while the underlying title and possession dispute is adjudicated. Defendants have been making attempts and threats to interfere with the provision of electrical power at the Property and have allegedly contacted

Motion for Temporary Restraining Order                                                                 Page 1
*Orin and Sherrill Williams v. The Estate of George F. Gottschalk, Jr., et al.*     Case No: 3:26-CV-00107-HRH
Case 3:26-cv-00107-HRH     Document 4     Filed 03/30/26     Page 1 of 7

HOLMES WEDDLE & BARCOTT, PC
2550 DENALI STREET, SUITE 500
ANCHORAGE, AK  99503-2752
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

the local electric utility and asserted that the utility cannot operate the power pole serving the property, resulting in the impending cessation of electrical service. Without electrical service, the Property's heat and water systems cannot operate, creating an immediate risk of frozen and burst pipes and consequential damage to the structure, as well as substantial harm to the current tenant occupying the Property.

Plaintiffs further represent that the utility will not maintain service absent a court order, making immediate judicial intervention necessary to prevent irreparable injury before Defendants can be heard in opposition.

### Factual Background

1. Plaintiffs Orin and Sherill Williams are individuals forming a marital community, residing in the State of Alaska, and are the owners of Lot 6, Block 2, Donna G. Subdivision, according to the official plat thereof, filed under Plat Number 80-7, Records of the Kvichak Recording District, Third Judicial District, State of Alaska. Plaintiffs also occupy and possess the west half of Lot 7, Block 2, Donna G. Subdivision.[1]

2. All Defendants claim title to the west half of Lot 7, Block 2, Donna G. Subdivision, according to the official plat thereof, filed under Plat Number 80-7, Records of the Kvichak Recording District, Third Judicial District, State of Alaska.[2]

3. This dispute involves ownership of the western half of Lot 7, Block 2, Donna G. Subdivision, according to the official plat thereof, filed under Plat Number 80-7, Records of the Kvichak Recording District, Third Judicial District, State of Alaska ("Property").[3]

4. Plaintiffs acquired title to the Property as fully set forth in our complaint, given that there was consideration in exchange for title to the Property. The Property is now leased to a tenant ("Tenant").[4]

5. Plaintiffs allege they acquired title to the Property by adverse possession, the

HOLMES WEDDLE & BARCOTT, PC
2550 DENALI STREET, SUITE 500
ANCHORAGE, AK 99503-2752
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

---

[1] *See* Affidavit of Sherrill Williams.

[2] *Id.*

[3] *Id.*

[4] *Id.*

Motion for Temporary Restraining Order      Page 2
*Orin and Sherrill Williams v. The Estate of George F. Gottschalk, Jr., et al.*    Case No: 3:26-CV-00107-HRH

1985 Agreement, the 2013 Agreement, and/or boundary by acquiescence. Defendants claim ownership under another theory.[5]

6.      An actual controversy has arisen and now exists between the parties concerning ownership of the Property.[6]

7.      Defendant Archie Gottschalk has engaged in ongoing continuous harassment, stalking and interference with our possession of the Property in the time period leading up to the instant litigation. Most recently, Archie Gottschalk contacted Naknek Electric Authority (NEA) and advised NEA that they could not operate the power pole on the Property. As a result of Archie Gottschlak's improper interference, NEA has ceased service to the property. Given that we are still in freeze/thaw cycle, failing to have NEA provide power to the Property is causing immediate and irreparable harm which stands to cause significant damages to the structure and to the tenant.[7]

8.      Plaintiffs seek a declaration of this Court that Plaintiffs are the legal owners of the Property and Defendants have no ownership interest therein.[8]

9.      Plaintiffs further seek injunctive relief prohibiting Defendants from making further harassing verbal or written statements, stalking, and/or attempting to turn off the power or otherwise interfering with Plaintiffs' enjoyment and use of the Property.[9]

## Legal Standards

The standard for a temporary restraining order ("TRO") is "substantially identical" to the standard for a preliminary injunction.[10] The standard for issuance of a preliminary injunction was discussed by the Court in *Winter v. Natural Resources Defense Council, Inc.*[11] In *Winter*, the Court established four elements that need to be met in order to obtain a

HOLMES WEDDLE & BARCOTT, PC
2550 DENALI STREET, SUITE 500
ANCHORAGE, AK 99503-2752
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

---

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

[11] 555 U.S. 7 (2008).

Motion for Temporary Restraining Order                                                   Page 3
*Orin and Sherrill Williams v. The Estate of George F. Gottschalk, Jr., et al.*     Case No: 3:26-CV-00107-HRH

preliminary injunction.[12] 1) A plaintiff must establish that they are likely to succeed on the merits, 2) a plaintiff is likely to suffer irreparable harm in the absence of a preliminary injunction, 3) the balance of equities tips in plaintiff's favor, and 4) an injunction is in the public interest.[13]

Fed. R. Civ. P. 65 allows for a court to issue a TRO without notice to the adverse party when "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and when "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."[14]

<u>Argument</u>

I.     **<u>Plaintiffs have made the required showing for a TRO.</u>**

 a.  **Plaintiffs are likely to succeed on the merits**

Plaintiffs are likely to succeed on the merits of the case because they are the reputed owners of the Property. Plaintiffs have paid all utilities and property taxes, and have openly, exclusively, and continuously exercised dominion and control of the Property since 1993.[15] As such, Plaintiffs have established their right to the Property through adverse possession. Plaintiffs have been acting as owners for over thirty (30) years, well beyond the statutory timeframe of seven (7) years required for adverse possession.[16]

 b.  **Plaintiffs and Tenants are likely to suffer irreparable harm in the absence of preliminary relief**

In the absence of preliminary relief and a TRO, Plaintiffs (and their tenant) face a substantial risk of irreparable harm. The provision of electrical service to the property controls not only the electricity, but also the heat and water on the Property.[17] If Defendants are

---

[12] *Id*.

[13] *Id*. at 20.

[14] Fed. R. Civ. P. 65(b)(1).

[15] *See* Affidavit of Sherrill Williams.

[16] *See* AK Stat § 09.45.052 (2025); *see also* Affidavit of Sherrill Williams.

[17] *See* Affidavit of Sherrill Williams

Motion for Temporary Restraining Order                  Page 4
*Orin and Sherrill Williams v. The Estate of George F. Gottschalk, Jr., et al.*    Case No: 3:26-CV-00107-HRH

HOLMES WEDDLE & BARCOTT, PC
2550 DENALI STREET, SUITE 500
ANCHORAGE, AK 99503-2752
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

HOLMES WEDDLE & BARCOTT, PC
2550 DENALI STREET, SUITE 500
ANCHORAGE, AK 99503-2752
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

allowed to disconnect the power, there is no alternative of supplying power to the Property. Such a power loss will result in significant property damage, particularly as we are still experiencing winter weather conditions.[18] Without power, the pipes are likely to freeze and break due to the cold temperatures of this Alaskan winter.[19] This type of damage cannot be adequately remedied by monetary compensation and constitutes irreparable harm warranting immediate relief.

### c. The balance of equities tips in favor of Plaintiffs

The balance of equities strongly favors Plaintiffs. Plaintiffs have paid, and continue to pay, all electrical utility charges associated with the Property, and Defendants bear no financial responsibility for the provision of power. A temporary restraining order prohibiting Defendants from interfering with electrical service therefore imposes no tangible hardship on Defendants and merely preserves the status quo.

By contrast, Plaintiffs (and their tenant) would suffer severe and irreparable harm if Defendants were permitted to disrupt electrical service, including the loss of heat and water and the risk of serious property damage, as described above. Because Defendants would suffer no prejudice by being restrained from interfering with power, particularly where Plaintiffs are paying all related costs, while Plaintiffs face the risk of substantial harm absent relief, the balance of equities weighs decisively in favor of issuing a temporary restraining order pending resolution of the motion for preliminary injunction and the merits of this action.

### d. A TRO is in the public interest

In this case, the issuance of a TRO is in the public interest. Defendants' actions threaten harm not only to the parties to this litigation, but also to non-parties, namely, the tenant residing at the Property. Defendants are attempting to interfere with the provision of electrical service by shutting off power, which, as explained above, would eliminate heat and water and result in irreparable harm to both Plaintiffs and their tenants. Protecting non-parties from foreseeable harm arising out of the actions of litigants is a well-recognized public

---

[18] *Id*.

[19] *Id*.

Motion for Temporary Restraining Order                                                                   Page 5
*Orin and Sherrill Williams v. The Estate of George F. Gottschalk, Jr., et al.*      Case No: 3:26-CV-00107-HRH

interest, and the requested TRO serves that interest by preventing unnecessary disruption to essential living conditions while this Court considers the merits of the case.

## II. Notice to Defendants is Impracticable and Should Not be Required

Notice to Defendants is impracticable and should not be required under Fed. R. Civ. P. 65(b)(1)(B). One Defendant is deceased, and service cannot be accomplished without reopening probate proceedings, which Plaintiffs are currently in the process of completing. As a result, Plaintiffs lack any viable means to provide timely notice to that Defendant.

At the same time, at least one other Defendant is actively attempting to interfere with the provision of electrical service to the Property. Any delay occasioned by attempting notice would expose Plaintiffs and their non-party tenant to immediate and irreparable harm. Under these circumstances, requiring notice is not feasible and would defeat the purpose of temporary relief.

Because notice cannot practicably be given and because irreparable harm is likely to occur before Defendants can be heard, issuance of a temporary restraining order without notice is warranted to preserve the status quo until service can be completed and the Court can consider the motion for preliminary injunction.

## III. Bond amount is unnecessary

Given that Defendants would experience no tangible harm from the issuance of the TRO, a bond is unnecessary and the Court should waive any such requirement.

**HOLMES WEDDLE & BARCOTT, PC**
2550 DENALI STREET, SUITE 500
ANCHORAGE, AK 99503-2752
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

Motion for Temporary Restraining Order                                                                Page 6
*Orin and Sherrill Williams v. The Estate of George F. Gottschalk, Jr., et al.*      Case No: 3:26-CV-00107-HRH
Case 3:26-cv-00107-HRH     Document 4     Filed 03/30/26     Page 6 of 7

## Conclusion

For the reasons stated herein, Plaintiffs request that this Court grant the Motion for a Temporary Restraining Order and prohibit Defendants from attempting to interfere with the provision of power or actively turning off the power to the Property.

DATED this 30th day of March 2026, at Anchorage, Alaska.

HOLMES WEDDLE & BARCOTT, P.C.
Attorneys for Plaintiff

By: */s/ Stacey C. Stone*
Stacey C. Stone
Alaska Bar No. 1005030
Carolyn E. Clark
Alaska Bar No.: 2304029

HOLMES WEDDLE & BARCOTT, PC
2550 DENALI STREET, SUITE 500
ANCHORAGE, AK 99503-2752
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

Motion for Temporary Restraining Order                                          Page 7
*Orin and Sherrill Williams v. The Estate of George F. Gottschalk, Jr., et al.*    Case No: 3:26-CV-00107-HRH
Case 3:26-cv-00107-HRH    Document 4    Filed 03/30/26    Page 7 of 7