ORIN WILLIAMS and SHERILL WILLIAMS, )
individually and as a marital community, )
                                      )
                      Plaintiffs, )
     vs.                                )
                                      )
ESTATE OF GEORGE F. GOTTSCHALK, )
JR., an individual, )
ARCHIE N. GOTTSCHALK, an individual; )
GLENDA G. WILLIAMS, an individual; )
GILBERT M. GOTTSCHALK, an individual; )
ROYLENE A. MANCUSO, an individual; and )
MICHAEL L. GOTTSCHALK, an individual, )
                                      )      No. 3:26-cv-0107-HRH
                      Defendants. )
_____ )

## O R D E R

### Temporary Restraining Order

Plaintiffs move, without notice to defendants, for a temporary restraining order prohibiting defendants from disconnecting, terminating, or otherwise interfering with the provision of electric power to the property which is the subject of this dispute.[1]

This temporary restraining order is issued without notice to defendants pursuant to Rule 65(b)(1), Federal Rules of Civil Procedure, based upon specific facts set out in the affidavit of Sherrill Williams.[2]  Plaintiffs' attorney is excused from setting out efforts to notify defendants because at least one of the defendants is deceased and one or more other defendants are actively endeavoring to interfere with the provision of electric service to the property in question.

---

[1]Docket No. 4.

[2]Docket No. 4-1.

ORDER – Temporary Restraining Order                                 - 1 -

The injury which has or is likely to occur is the loss of electric power to the property in question under circumstances where the loss of electric power has or will result in the loss of heat and/or water to the property in question.

In issuing a temporary restraining order, the court is required to set a hearing at the earliest possible time for a hearing on plaintiffs' motion (yet to be filed) for a preliminary injunction. Plaintiffs shall cause the immediate service of this temporary restraining order and plaintiffs' motion for preliminary injunction on the defendants and the Naknek Electric Authority.

Plaintiffs are excused from providing a bond or other security for this temporary restraining order because requiring the continuation of electric service to the property in question will in no respect adversely affect the Naknek Electric Authority nor the defendants who are not in possession of the subject property.

In order to secure a temporary restraining order, plaintiffs must show that they are likely to succeed on the merits of this case, that they will suffer irreparable harm in the absence of injunctive relief, that the balance of equities tips in plaintiffs' favor, and that an injunction is in the public interest.

The court finds that the plaintiffs are likely to succeed on the merits of this case because they have been in possession of the subject property for many years and have paid utilities and property taxes.

Plaintiffs and their tenants are likely to suffer irreparable harm in the absence of injunctive relief. Freezing temperatures are still being experienced in the Naknek area, and the absence of electric power would threaten immediate and irreparable harm to the improvements on the subject property.

The balance of equities tips in plaintiffs' favor.  The loss of electric power will affect only the plaintiffs, not the defendants.  Restraining defendants from interfering with the supply of power to the subject property will impose no hardship on the defendants.

It is in the public interest to allow the disagreement between plaintiffs and defendants to play out in organized court proceedings rather than risking damage to property as a result of self-help.

Pursuant to Rule 65(d), Federal Rules of Civil Procedure, this restraining order is issued to maintain the status quo as regards the service of electric power to the property in question.

Defendants shall cease and desist from efforts to disrupt the service of electric power to the subject property.  If power to the subject property is disrupted before this temporary restraining order is served, Naknek Electric Authority shall forthwith restore power connection to the subject property.  In other words, this temporary restraining order is binding upon the parties to this case, their agents, servants, employees, and attorneys, and other persons such as Naknek Electric Authority which has the ability to control electric service to the subject property.

This temporary restraining order is issued on the <u>31st</u> day of March, 2026, at 12:30 p.m.

This temporary restraining order expires at 12:30 p.m. on the <u>14th</u> day of April, 2026, unless extended for good cause shown.

/s/   H. Russel Holland
United States District Judge

ORDER – Temporary Restraining Order                                                    - 3 -