BOOK __28__ PAGE __45__
Kvichak Recording District



# United States Department of the Interior

OFFICE OF HEARINGS AND APPEALS
2020 Hurley Way, Suite 150
Sacramento, CA 95825

| | | | |
|---|---|---|---|
| IN THE MATTER OF THE ESTATE OF | ) | PROBATE IP SA 126N 94 | |
| DONNA GOTTSCHALK | ) | ORDER DETERMINING HEIRS | |
| DECEASED ESKIMO | ) | | |

A hearing was held in this estate on April 14, 1994 at Dillingham, Alaska, to settle the estate and determine the heirs of Donna Gottschalk.

The following findings, conclusions, rulings, are based on the evidence adduced at the hearing and evidence adduced after the hearing, but which was made available to all parties in interest, together with a duly noticed conference held in Anchorage, Alaska on August 25, 1994.

The evidence establishes that Donna Gottschalk was born December 7, 1927, and died intestate and of natural causes at Dillingham, Alaska, on September 4, 1992, her place of permanent residence being Naknek, Alaska.

At death the decedent was possessed of that trust or restricted property, real and personal, shown on the inventory attached and other reporting documents, and the decedent was survived by certain persons whose respective names, relationships, birth dates, and interests in the estate under Alaska Statutes, section 13.11.010(3) as follows:

| Name | Status | Relationship | Interest |
|---|---|---|---|
| George Gottschalk, Sr. B: 09/12/26 | Non-Indian | husband | 72/114 |
| George Gottschalk, Jr. B: 08/21/49 | Eskimo | son | 7/114 |
| Archie Gottschalk B: 09/12/50 | Eskimo | son | 7/114 |
| Glenda Williams B: 06/17/52 | Eskimo | daughter | 7/114 |
| Gilbert Gottschalk B: 11/13/55 | Eskimo | son | 7/114 |
| Roylene Mancuso B: 06/05/59 | Eskimo | daughter | 7/114 |
| Michael Gottschalk B: 04/11/65 | Eskimo | son | 7/114 |

However, disclaimers were filed in this estate and a brief discussion of the disclaimers is required.

KVICHAK RECORDING DISTRICT

Exhibit F
Page 1 of 8

## DISCLAIMERS

At the hearing, George Gottschalk, Sr. stated without contradiction that Donna Gottschalk desired that Michael Gottschalk succeed to the full interest in the Native trust or restricted property interests possessed by Donna Gottschalk. It is noted that George Gottschalk, Sr., Archie Gottschalk, Michael Gottschalk, and a representative of the National Bank of Alaska were present at the hearing. In pursuance of what was represented as Donna Gottschalk's scheme of distribution, this forum sent disclaimer forms to each of her immediate family members. George Gottschalk, Sr., Roylene Mancuso, and Glenda Williams each signed full disclaimers of any interest in the Native trust or restricted estate. Thereafter, Archie Gottschalk advised this forum that it was not his understanding that Donna Gottschalk intended Michael Gottschalk to have all of her Native trust or restricted property and indicated that he did not intend to sign a disclaimer. Based on this information, this forum issued a letter dated February 3, 1995, in which it allowed each of the disclaimants the opportunity to withdraw their disclaimers since this forum was of the opinion chat the disclaimers might have been executed under some misapprehension as to the outcome of such acts. None of the disclaimants have elected to withdraw their disclaimers.

Accordingly, I find that the disclaimers were executed as the free act and deed of such disclaimant; that each disclaimant was free of any legal disability to execute his or her disclaimer; that each disclaimant was fully aware of the legal consequences flowing from his or her disclaimer; and that the disclaimers should be approved.

## CLAIMS

Two claims were filed against the estate, both claims being based on judgments acquired against Donna Gottschalk in the Superior Court of the State of Alaska.

The National Bank of Alaska filed a claim against the estate in the apparent amount of $17,165.66 from April 14, 1994, with interest at $2.75 per day thereafter. The claim was based on a default judgement acquired against Donna Gottschalk. The claim was not filed in proper form as required by 43 CFR 4.250 in that it was not in triplicate and not supported by an affidavit.

The family members present at the hearing objected to the claim and from inquiries made of the bank's representative, it was clear that the bank's representative was uncertain as to the meaning of all the charges shown on a purported itemized statement submitted by the bank. Copies of the default judgement, the itemized statement and the bank's letter were received into the record as Exhibits 1a through 1c respectively.

KVICHAK RECORDING DISTRICT

At the hearing, the claimant's representative was cited to 43 CFR 4.250 and 43 CFR 4.251 and directed to submit the bank's claim in proper form. The bank failed to submit its claim in proper form notwithstanding that it has had from April 14, 1994 to the date of this order to comply with this forum's ruling and direction.

The bank should have been prepared to explain and defend its claim at the hearing on April 14, 1994, and it was not. Further, it has wholly failed to comply with this forum's ruling that it prepare and file its claim in proper form. Its failure leaves this forum no course other than to deny its claim.

The Alaska Commercial Fishing and Agriculture Bank filed a claim against the estate in the amount of $943,433.00, together with interest at 10 1/2% per annum accruing after April 27, 1994. The claim was filed with this forum on April 29, 1994, at Sacramento, California, some fifteen days after the hearing was concluded at Dillingham, Alaska on April 14, 1994. Under 43 CFR 4.250, claims not filed by the conclusion of the first hearing are thereafter barred.

### CHRONOLOGY OF THE CLAIM

To place the ACFA Bank claim in proper prospective, it is necessary to recite certain circumstances. By letter dated November 24, 1992, Myles Conway, attorney for the bank, referenced a telephone conversation with this forum on November 23, 1992, in which I stated that the estate file had not been received but that Mr. Conway would be advised when the case had been submitted. A copy of such letter is attached and incorporated by reference. It is noted that Lea Hart, who has been identified in the bank's claim as Lela F. Hart, a senior vice president, is shown as one of the persons to whom Mr. Conway presumably sent a copy of such letter.

According to a telephone note in the office record, this forum received a telephone call from Mr. Conway on November 19, 1993, in which he made further inquiry about the status of the case and was advised that the estate file had not been received. Unfortunately, since the case had not yet been submitted, there was no case file with which to associate the November 24, 1992 letter and the November 19, 1993 telephone note, and when the case was finally submitted by Bristol Bay Native Association via the Anchorage Agency, BIA, and received on January 18, 1994, the letter and note were not placed in the case folder.

The data for heirship finding and family history form submitted through the Anchorage Agency, did contain the notation on page 5 that the Alaska Commercial Fishing and Agriculture Bank had filed a judgement against the estate. Based on this information, this forum acquired the bank's Anchorage address and sent the bank a copy of the notice of hearing. A copy of such notice is attached and incorporated. The notice does not reflect that a copy was served on Myles Conway.

KVICHAK RECORDING DISTRICT

Apparently on April 14, 1994, about or during the time of hearing on this estate, the bank and/or Mr. Conway attempted to contact me concerning the bank's claim. Unfortunately, the estate file does not contain any record of such effort, although during the conference held on August 25, 1994, Mr. Conway and the bank's representative alluded to such attempts (Tr. 19, 20 of 8/25/94 conference.)  I have not seen any documentation which the bank and/or Mr. Conway may have concerning any efforts made on April 14, 1994 to contact me.

After carefully weighing my own responsibilities in this matter and after long and deliberate thought, I cannot escape the reality that (1)  The ACFA bank was sent notice of the hearing at least 20 days in advance of the hearing and such notice was not returned as being undelivered and (2)  that there is no showing on the face of the notice that a copy of the notice was being sent to Myles Conway and (3)  that the hearing was concluded on April 14, 1994.

Although this forum shares some responsibility because it failed to notice Myles Conway, the bank had an even greater responsibility to see that its legal representative was notified so that he could attend the hearing and defend the claim.  The bank was charged with notice that the notice of hearing was not sent to its legal representative and apparently made no effort from the time it received the notice until the day of the hearing to contact its legal representative.  Therefore, it failed in its responsibility to ensure that its claim was filed prior to the hearing or to have its legal representative to file the claim at the hearing.

Accordingly, I am compelled to recognize the limitation set forth in 43 CFR 4.250, that claims not filed prior to conclusion of the first hearing are barred, and to find that the bank's claim is barred for such reason.

In determining when to make distribution of any funds accrued or accruing to the decedent's Individual Indian Money Account, the personnel responsible for distribution of any funds from the IIM account are directed to adhere to 43 CFR 4.240; 43 CFR 4.241 and 43 CFR 4.320 or whichever is appropriate under the circumstances of this case.  Obviously, such personnel must also comply with any applicable Bureau of Indian Affairs regulations in Volume 25 of the Code of Federal Regulations.

## ORDER

It is hereby ordered that the disclaimers executed by George Gottschalk, Roylene Mancuso, and Glenda Williams, each be and are approved.

It is further ordered that the decedent's Native trust or restricted estate be distributed to the following children in the interests shown:

KVICHAK RECORDING DISTRICT

BOOK _28_ PAGE _49_
Kvichak Recording District

PROBATE
IP SA 126N 94

| | | | |
|---|---|---|---|
| George Gottschalk, Jr. B: 08/21/49 | Eskimo | son | 1/4 |
| Archie Gottschalk B: 09/12/50 | Eskimo | son | 1/4 |
| Gilbert Gottschalk B: 11/13/55 | Eskimo | son | 1/4 |
| Michael Gottschalk B: 04/11/65 | Eskimo | son | 1/4 |

It is further ordered that the claim of the National Bank of Alaska be and is denied for the reasons hereinbefore stated.

It is further ordered that the claim of the Alaska Commercial Fishing and Agriculture Bank be and is denied for the reasons hereinbefore stated.

This decision is final for the Department unless a petition for rehearing is timely filed in accordance with 43 CFR 4.241 within 60 days from the date hereof as set forth in the notice attached hereto.

Dated at Sacramento, California, MAR 1 0 1995

William E. Hammett
Administrative Law Judge

KVICHAK RECORDING DISTRICT

BOOK _28_ PAGE _50_
Kvichak Recording District

INVENTORY AND APPRAISEMENT OF RESTRICTED LANDS OF
DONNA M. GOTTSCHALK
DECEASED ALASKA NATIVE, OF THE STATE OF ALASKA

According to the records of the Bristol Bay Native Association,
Realty, Dillingham, Alaska, Donna M. Gottschalk, at the time of her
death, September 4, 1992, was possessed of the following restricted
lands in Alaska:

HER OWN PUBLIC                  Certified Native Land Allotment for the
DOMAIN ALLOTMENT                following land as described:
AA-6456                         SEWARD MERIDIAN:
                                Lot 4, Block 1, Donna G. Subdivision
                                Lot 5, Block 1, Donna G. Subdivision
                                Lot 4, Block 2, Donna G. Subdivision
                                Lot 5, Block 2, Donna G. Subdivision
                                West 1/2 of Lot 7, Block 2, Donna G.
                                Subdivision
                                N1/2N1/2NE1/4SE1/4, Sec. 34, T16S,
                                R46W.S.M., containing 10.048
                                Lots 1-7, Block 3, Donna G. II Sub.
                                Lots 9-12, Block 3, Donna G. II Sub.
                                Lot 3, Block 4, Donna G. II Sub.
                                Lot 4, Block 4, Donna G. II Sub.
                                Lot 9, Block 4, Donna G. II Sub.
                                Lots 11-13, Block 4, Donna G. II Sub.
                                Lots 1-3, Block 5, Donna G. II Sub.
                                Lot 5, Block 5, Donna G. II Sub.

                                Seward Meridian, Alaska, T. 16 S., R. 46
                                W., Section 34, Lot 3, containing 33.60
                                acres. Pursuant to the Act of May 17,
                                1906 as amended.

                                Improvements: 1360 sq. ft. 2 deck 1
                                bedroom home with basement. There is
                                running water, electricity, sewer, 8 x 12
                                green house, 10 x 12 partially finished
                                smoke house, and a 10 x 12 storage shed.

Native Allotment Estimated at:        $ _395,000_
Improvements Estimated at:            $ _40,000_

TOTAL ESTIMATED VALUE:                     $ _435,000_

I certify that the foregoing is an accurate inventory, according to
the records of the Bristol Bay Native Association, Realty, of the
restricted real property, or interests therein, owned by Donna M.
Gottschalk, at the time of her death, September 4, 1992.

KVICHAK RECORDING DISTRICT

**Exhibit F**
**Page 6 of 8**

BOOK 28 PAGE 51
Kvichak Recording District

The value shown in this inventory may be an estimate. It may not necessarily represent the present market value of the property.

Dated at Dillingham, Alaska, this 20ᵗʰ day of October, 1993.

_Dugan D. Nielsen_, Realty Officer

BIA Staff Appraiser

Date

J. Richard Larson
Area Chief Appraiser

12/2/93
Date

KVICHAK RECORDING DISTRICT



## United States Department of the Interior
### BUREAU OF INDIAN AFFAIRS
### ALASKA TITLE SERVICES CENTER
1675 C Street, Suite 125
Anchorage, Alaska 99501-5198
(907) 271-4593   FAX (907) 271-4801

THIS IS TO CERTIFY that the foregoing Order Determining Heirs, Probate number SA 126N-94 is a full, true and correct copy of the original as the same appears in the records and files of the Bureau of Indian Affairs, Alaska Title Services Center.

IN WITNESS WHEREOF, I have hereunto set my hand this 14th day of March, 1995,  at Anchorage, Alaska.

_Scott D. Houk_

Scott D. Houk, Land Law Examiner

RETURN TO:   Bristol Bay Native Association
P.O. Box 310
Dillingham, Alaska  99576
ATTN:  Realty

KVICHAK RECORDING DISTRICT

95 - 363



RECORDED FILE    36 -
KVICHAK  REC. DIST.

DATE___8-17___ 19_95_
TIME___1:16___ P_ M
REQUESTED BY _Bristol Bay Native_
ADDRESS _Association_