

# United States Department of the Interior
## OFFICE OF HEARINGS AND APPEALS
Hearings Division - Indian Probate
139 East South Temple, Suite 600
Salt Lake City, Utah 84111-1159
TELEPHONE (801) 524-5344

IN THE MATTER OF THE ESTATE OF:      :

Donna Gottschalk                         :
Deceased Eskimo                       :

:    PROBATE IP SA 126 N94

:    DECISION ON REMAND
:    and RECOMMENDED
:    DECISION

:

        Pursuant to Notice duly served and posted as required at 43 C.F.R. §§ 4.211 and 4.212, a hearing in this matter was held on remand from the Interior Board of Indian Appeals at Anchorage, Alaska on May 16, 1997, to determine the heirs and settle the trust and restricted property estate of Donna Gottschalk, deceased Eskimo.

        Findings and Conclusions based upon the evidence adduced are as follows:

        1. Donna Gottschalk whose last residence was in the State of Alaska was born December 7, 1927, and died intestate at Dillingham, Alaska on September 4, 1992.

        2. Decedent was survived by her husband and six children.

        3. Decedent died possessed of an interest in certain trust or restricted property in the State of Alaska, listed on the inventory attached hereto, and other reporting documents.

        4. At a prior hearing held on April 14, 1994, to determine the heirs of Donna Gottschalk, decedent's husband George Gottschalk Sr. stated without contradiction that the decedent desired her son Michael Gottschalk to succeed to the full interest in all of decedent's restricted property interests. In pursuance of what was thought to be the decedent's desired distribution, decedent's husband and two of decedent's children, Roylene Mancuso and Glenda Williams executed disclaimers in anticipation that decedent's other children, George Gottschalk Jr., Gilbert Gottschalk and Archie Gottschalk also would execute disclaimers. They believed this would allow the estate to pass to Michael Gottschalk. However, the regulation at 43 CFR §4.208 provides that "the property so renounced passes as if the person renouncing the interest has predeceased the decedent." Thus, if their disclaimers were accepted, the interests disclaimed by Roylene and Glenda would pass to their issue rather than to Michael as decedent intended. Administrative Law Judge William Hammett issued an Order Determining Heirs dated March 10, 1995 in which he accepted the disclaimers that were filed and ordered distribution of decedent's estate to decedent's remaining children.

        On appeal, the Interior Board of Indian Appeals ruled that, "[u]nder these circumstances, where it is clear that the disclaimants did not understand the consequences of their disclaimers . . .

KVICHAK RECORDING DISTRICT

**Exhibit G**
**Page 1 of 5**

IP SA 126 N94

they must be allowed to withdraw those disclaimers." Estate of Donna Gottschalk, 30 IBIA 82, 86 (1996). Accordingly, Roylene and Glenda have withdrawn their disclaimers. George Sr. has affirmed his disclaimer.

The Board also instructed the administrative law judge to allow the parties time to work out a compromised settlement pursuant to 43 C.F.R. § 4.207. Although the parties were given sixty days following the hearing to reach a compromise settlement or to advise the administrative law judge as to the status of settlement discussions, no one has yet submitted any information concerning either a settlement or ongoing discussions. Consequently, decedent's heirs at law determined in accordance with the statutes of descent of the State of Alaska, ALASKA STAT. § 13.11.015(1), and their respective birth date, relationship to the decedent, and interest in the estate are as follows:

| George Gottschalk, Jr. | B: 08/21/49 | son | 1/6 |
| Archie Gottschalk | B: 09/12/50 | son | 1/6 |
| Glenda Williams | B: 06/17/52 | daughter | 1/6 |
| Gilbert Gottschalk | B: 11/13/55 | son | 1/6 |
| Roylene Mancuso | B: 06/05/59 | daughter | 1/6 |
| Michael Gottschalk | B: 04/11/65 | son | 1/6 |

5. Two claims were filed against this estate. One claim was filed by the National Bank of Alaska in the amount of $17,165.66 based on a default judgment obtained against Donna Gottschalk. This claim was not filed in the proper form, and was denied by Judge Hammett's order of March 10, 1995.

The other claim was filed by the Alaska Commercial Fishing and Agricultural Bank (CFAB) in the amount of $943,433.00, together with interest at 10 1/2% per annum accruing after April 27, 1994. Pursuant to 43 C.F.R. § 4.250, claims not filed by the conclusion of the first hearing are thereafter barred. CFAB's claim was filed fifteen days after the April 14th hearing and was denied by Judge Hammett's order of March 10, 1995.

6. On appeal a challenge also was raised as to the completeness of Donna Gottschalk's estate inventory at the time of her death. Archie Gottschalk claimed the inventory incorrectly omitted a twenty acre parcel which had been part of his mother's native allotment and had been subject to a judgment of foreclosure by CFAB in Alaska state court in 1985. (This is the same state court judgment that resulted in a deficiency forming the basis for CFAB's claim treated above). Archie claimed that the state court lacked jurisdiction over the foreclosure, that therefore the foreclosure was not valid, and that the twenty acre parcel should have been included in his mother's estate when she died. CFAB maintained that under 25 U.S.C. § 483a, state court was

KVICHAK RECORDING DISTRICT

**Exhibit G**
**Page 2 of 5**

the proper forum in which to hold foreclosure proceedings and therefore the property was not part of Donna Gottschalk's estate pursuant to the Alaska state court judgment.

The procedures for handling such disputes were established in <u>Estate of Douglas Leonard Ducheneaux</u>, 13 IBIA 168, 92 I.D. 247 (1985), in which the Board issued a standing order under 43 C.F.R. § 4.337(a), directing any questions concerning equitable title to the assets listed in the inventory of a decedent's trust estate prepared by BIA to the administrative law judge handling an Indian probate proceeding whenever the issue is raised while the case is pending.

The provision concerning state court jurisdiction over foreclosure proceedings against Indian property is found at 25 U.S.C. § 483a. Regarding land subject to BIA-approved mortgages, this statute reads in pertinent part:

> Such land shall be subject to foreclosure or sale . . . in accordance with the laws of the State or Territory in which the land is located. For the purpose of any foreclosure or sale proceeding the Indian owners shall be regarded as vested with an unrestricted fee simple title to the land, the United States shall not be a necessary party to the proceeding, and any conveyance of the land pursuant to the proceeding shall divest the United States of title to the land.

The statute permits individual Indians to mortgage their land after receiving approval from the Secretary of the Interior. Such approved mortgages are then made subject to foreclosure in accordance with state law. In the present case, CFAB did obtain the requisite mortgage approval from the Bureau of Indian Affairs on May 24, 1982. Exhibit A at 4-5, CFAB's opposition to briefing letter. The decedent's mortgage was approved by the Secretary of the Interior through delegation of authority to the Bureau of Indian Affairs pursuant to the Act of March 29, 1956, now codified at 25 U.S.C. § 483a. Accordingly, decedent's land was subject to foreclosure by CFAB.

## RECOMMENDED DECISION

It is determined that BIA gave its approval of decedent's mortgage and, in accordance with 25 U.S.C. § 483a, CFAB properly foreclosed on decedent's property in state court. The parcel in question is not part of decedent's estate.

## ORDER

NOW, THEREFORE, by virtue of the power and authority vested in the Secretary of the Interior by Section 1 of the Act of June 25, 1910, as amended, 25 U.S.C. 372 (1970), and other applicable statutes, and pursuant to 43 CFR Part 4, it is hereby ORDERED:

The Superintendent or other officer in charge shall distribute the estate according to the findings and conclusions in paragraph four.

KVICHAK RECORDING DISTRICT

BOOK 33 PAGE 917
Kvichak Recording District

IP SA 126N 94

This decision with regard to the determination of heirs is final for the Department unless a petition for rehearing is properly filed in accordance with 43 CFR 4.241 within 60 days from the date hereof as set forth in the notice attached hereto.

The recommended decision set forth in paragraph 6 is final for the Department unless exceptions thereto are filed within 60 days from the date hereof in accordance with the provision of 43 4.339, as set forth in the notice attached hereto.

Dated at Salt Lake City, Utah, FEB 0 4 2000

Harvey O. Sweitzer
Administrative Law Judge

RECORDED
AK TITLE SERVICES CENTER
00 FEB -8 AM 10: 33
BUREAU OF INDIAN AFFAIRS
JUNEAU AREA OFFICE

KVICHAK RECORDING DISTRICT



# UNITED STATES
# DEPARTMENT OF THE INTERIOR
BUREAU OF INDIAN AFFAIRS
ALASKA REGION
ALASKA TITLE SERVICES CENTER
1675 C Street
Anchorage, Alaska 99501-5198
(907) 271-4026 FAX (907) 271-4801

THIS IS TO CERTIFY that the foregoing Decision on Remand and Recommended Decision, IP SA 126N-94 is a full, true and correct copy of the original as the same appears in the records and files of the Bureau of Indian Affairs, Alaska Title Services Center.

IN WITNESS WHEREOF, I have hereunto set my hand on February 8, 2000 at Anchorage, Alaska.

000162   31-   2000 APR -6 P 3:29

KVICHAK
RECORDING DISTRICT

REQUESTED BY Bristol Bay
Native Association

Scott D. Houk, Land Law Examiner

Origianl Document recorded in Book 28, Pages 45 through 52, Kvichak Recording District.

**Land Description**: Fractional portions of Section 34, T. 16 S., R. 46 W., lots 3, 4, 5 & 6, in the Seward Meridian.

## Grantee(s):
George Gottschalk, Jr., po Box 132, Naknek, AK   99633
Archie Gottschalk, 2746 W 42nd #1, Anchorage, AK   99517
Glenda Williams, PO Box 96, Naknek, AK   99633
Gilbert Gottschalk, c/o Roylene Mancuso, PO Box 181, Naknek, AK 99633
Roylene Mancuso, PO Box 181, Naknek, AK 99633
Michael Gottschal, PO Box 302, King Salmon, AK   99613

RETURN TO:      Bristol Bay Native Association
                ATTN: Realty Department
                P.O. Box 310
                Dillingham, AK   99576

KVICHAK RECORDING DISTRICT