**From:** Andy Leman <jal@khe.com>
**Date:** February 23, 2026 at 3:59:33 PM AKST
**To:** A N Gottschalk <angottschalk@gci.net>, diannek@naknekelectric.com
**Cc:** TimM@naknekelectric.com, lisaa@naknekelectric.com, earlh@naknekelectric.com, CathrynS@naknekelectric.com, Service@naknekelectric.com, Nancil@naknekelectric.com, jo <jo.gottschalk@gci.net>
**Subject: Re: Trespass**

Mr. Gottschalk:

Dianne King is out of the office and traveling back to King Salmon today and asked me to get back to you. NEA has reviewed the service issues to the Williams' buildings (now occupied by Mr. Heide) with me.  As an offer of compromise and without admitting any fault, here is what NEA is willing to do.

As you know, providing electric service to our members is not only NEA's primary purpose but also a life and safety issue for the community.  NEA has been providing electric service to the Williams property since at least 1997.  NEA can only provide service in accordance with its tariff and disconnect service in accordance with its tariff.  As a condition of service, consumers or legal property owners must provide a suitable right-of-way for electrical facilities without charge to the cooperative. Regardless of whether there may have been a legally-enforceable easement or right to be on the property in the past, there may not be a legally-enforceable easement to maintain the facilities serving the buildings now.  NEA is not a civil court or title company, but it does appear to NEA that the documents you provided indicate the absence of a clearly valid easement for the facilities serving  these buildings.  NEA cannot provide service without a valid easement and it is not NEA's responsibility to litigate whether Mr. Williams had the right to allow NEA to

serve the premises through the existing pole and lines.

As a result, NEA will be notifying Mr. Heide that he has thirty days to provide satisfactory proof of a legally-enforceable easement for the facilities serving his property that cross your properties.  In the absence of such proof, at the end of the thirty-day period, NEA will give a ten-day notice of disconnection and proceed with its standard disconnection procedures.  While NEA assumes Mr. Heide will not be able to provide satisfactory proof of an easement or right for NEA to maintain its facilities there, he must have his opportunity to do so or provide an alternative service easement before NEA proceeds with disconnection.

You have indicated that you wish to have the power lines removed that are currently providing service to the buildings in question.  Again, in the absence of a clearly valid easement, NEA can arrange to remove the power pole and lines crossing the property.  Please understand that should you wish to re-establish service in the future, the costs of the removal of NEA's facilities and the re-extension of service there will have to reimbursed to NEA.  If you wish to simply have the power disconnected and leave the facilities in place to save on future service costs, that is acceptable to NEA as well.

While NEA hopes this will resolve the issues with the facilities serving these buildings, please understand that NEA does reserve its rights to defend itself against any claim of trespass.

-Andy

_____

John Andrew Leman
Kemppel, Huffman & Ellis, P.C.
255 E. Fireweed Lane, Suite 200
Anchorage, AK 99503
(907) 277-1604 work
(907) 317-1478 cell
(907) 276-2493 fax
www.khe.com

This electronic message transmission contains information from the law firm of Kemppel, Huffman & Ellis, P.C. which may be confidential or privileged.  The information is intended for the private use of the intended recipient.  If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this transmission is prohibited. If you received this electronic transmission in error, please notify us by telephone

**Exhibit P**
**Page 2 of 2**