IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

ORIN WILLIAMS and SHERILL WILLIAMS, )
individually and as a marital community, )
                                         )
                            Plaintiffs, )
                                         )
    vs. )
                                         )
ESTATE OF GEORGE F. GOTTSCHALK, )
JR., an individual, )
ARCHIE N. GOTTSCHALK, an individual; )
GLENDA G. WILLIAMS, an individual; )
GILBERT M. GOTTSCHALK, an individual; )
ROYLENE A. MANCUSO, an individual; and )
MICHAEL L. GOTTSCHALK, an individual, )
                                         )     No. 3:26-cv-0107-HRH
                     Defendants. )
_____ )

## O R D E R

### TRO Reinstated

Plaintiffs have filed a renewed motion for temporary restraining order and motion for a preliminary injunction.[1] As reflected below, defendant Archie N. Gottschalk has responded, opposing the issuance of a temporary restraining order in this case.[2] By their renewed motion for a temporary restraining order, plaintiffs would again have the court restrain defendants (and in particular Archie Gottschalk) from harassing the plaintiffs through verbal and written statements. However, the primary thrust of plaintiffs' motion for a temporary restraining order was and remains the matter of electric power service to

---

[1]Docket No. 21.

[2]Docket No. 11.

ORDER – TRO Reinstated                                        - 1 -

the property which is claimed by plaintiffs in their complaint:   the west one-half of Lot 7, Block 2, Donna G subdivision.

The rather unusual progress of this case is set out in the following orders:

(1)     Temporary restraining order of March 31, 2026;[3]

(2)     Case status order of April 6, 2026;[4] and

(3)     Case status order of April 13, 2026.[5]

In short, the injunction proceedings in this case got "off the track" because plaintiffs had not moved for a preliminary injunction.  That situation has now been cured by plaintiffs' renewed motion for a temporary restraining order and motion for a preliminary injunction.[6]

There is little difference between the plaintiffs' original motion for a temporary restraining order[7] and plaintiffs' renewed motion for a temporary restraining order.[8]  The primary thrust of the temporary restraining order proceedings is the matter of attempts attributed by plaintiffs to defendants to cause Naknek Electric Authority to disconnect electric power to the subject property.  Therefore, in the interest of judicial economy, plaintiffs' renewed motion for a temporary restraining order is granted.  The court's temporary restraining order of March 31, 2026,[9] is reinstated as of the date and time of

---

[3]Docket No. 6.

[4]Docket No. 9.

[5]Docket No. 18.

[6]Docket No. 21.

[7]Docket No. 4.

[8]Docket No. 21.

[9]Docket No. 6.

ORDER – TRO Reinstated                                                                                   - 2 -

this order.  Inasmuch as defendants now have notice of these proceedings, the reinstated temporary restraining order shall remain in effect until plaintiffs' motion for preliminary injunction is ruled upon.  Again, no security is required for the court's reinstated temporary restraining order because the primary thrust of the court's injunctive relief is to maintain the status quo as to the subject property which is claimed to have been occupied by plaintiffs for a sufficient time that the plaintiffs are making an adverse possession claim.

Given the foregoing procedural situation, defendants may elect to adopt defendant Archie Gottschalk's opposition[10] to the plaintiffs' original motion for a temporary restraining order as their response to plaintiffs' motion for preliminary injunction.

On or before **April 30, 2026**, defendants shall serve and file their response to plaintiffs' motion for a preliminary injunction.  Lest there be any misunderstanding, defendants may adopt the Archie Gottschalk opposition as the entirety of their response to plaintiffs' motion for a preliminary injunction **or** they may serve and file a new response, but the defendants' opposition must be contained in a single document.  Plaintiffs may reply to whichever response defendants choose to make with respect to plaintiffs' motion for preliminary injunction on or before **May 7, 2026**.

With their filings, the parties may submit the motion for preliminary injunction for a decision on the parties' briefing or request a hearing.  If a hearing is requested, the requesting parties shall advise whether they seek oral argument or an evidentiary hearing.

DATED at Anchorage, Alaska, this  16th  day of April, 2026, at 11:35 a.m.

/s/   H. Russel Holland
United States District Judge

---

[10]Docket No. 11.

ORDER – TRO Reinstated                                                                 - 3 -