Andrew Erickson
Jackson Morawski
LANDYE BENNETT BLUMSTEIN LLP
701 West Eighth Avenue, Suite 1100
Anchorage, AK 99501
(907) 276-5152
andye@lbblawyers.com
jacksonm@lbblawyers.com

*Attorneys for Defendant Archie N. Gottschalk*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ORIN WILLIAMS and SHERILL WILLIAMS, individually and as a marital community, <br><br> Plaintiffs, <br><br> v. <br><br> ESTATE OF GEORGE F. GOTTSCHALK, JR., *et al.*, <br><br> Defendants. | Case No. 3:26-cv-00107-HRH |

## DECLARATION OF ANDREW ERICKSON

I, Andrew Erickson, declare as follow:

    1.    I have personal knowledge of the facts and information set forth in

this declaration, and if called as a witness, I could and would testify to them.

*Williams v. Estate of George F. Gottschalk, Jr.*   Case No. 3:26-cv-00107-HRH
Declaration of Andrew Erickson                    Page 1 of 6

2.     I am an attorney at the law firm of Landye Bennett Blumstein LLP and am counsel for the Defendant Archie N. Gottschalk in the above-captioned matter. This declaration is submitted in support of Mr. Gottschalk's Motion for Expedited Consideration of Plaintiffs' Motion for Preliminary Injunction.

3.     On Thursday, April 16, 2026, at 11:35 a.m., this Court issued an Order reinstating the Temporary Restraining Order dated March 31, 2026 (Docket No. 6). The Order restricts Mr. Gottschalk from taking reasonable actions to protect his property, the West half of Lot 7, Block 2, Donna G. Subdivision (the "Gottschalk Allotment"), including communicating with Naknek Electric Association (NEA)—a third party—regarding power lines that NEA has admitted appear to be trespassing across the Gottschalk Allotment. *See* Docket No. 11-17 at 2. According to this Court's Order, "Defendants shall cease and desist from efforts to disrupt the electric power to the subject property."

4.     After the initial Temporary Restraining Order was dissolved on April 13, 2026, I contacted counsel for NEA to discuss procedures for shutting off the electricity to the trespass building (a "shop/garage") on the Gottschalk Allotment. According to NEA's attorney, it would be possible for the Plaintiffs

to acquire a separate electric connection to their house on Lot 6 that does not trespass across the Gottschalk Allotment. Thus, turning off electricity to the trespass "shop/garage" would not necessarily disrupt electricity to the Williams residence. I had planned to have follow-up conversations with NEA's attorney regarding this issue; however, based on my understanding of the Temporary Restraining Order, such communications may now be prohibited.

5.      I am also aware that the United States claims a property interest in the Gottschalk Allotment. *See* Docket Nos. 11-11, 11-2, 11-16. "The United States cannot abandon its own property except by explicit acts." *United States v. Steinmetz*, 973 F.2d 212, 222 (3d Cir. 1992).

6.      After the initial Temporary Restraining Order was dissolved, I had planned to reach out to the Department of the Interior Solicitor's Office regarding the trespass issue, including to develop a coordinated approach to addressing the trespass power lines. Based on my understanding of the Temporary Restraining Order, such communications may now be prohibited.

7.      I am also aware that the Bristol Bay Borough Police Department has been involved in this property dispute. Former Chief of Police Jeff Elbie had visited the Gottshalk Allotment with Mr. Gottschalk and was aware of the

Case 3:26-cv-00107-HRH    Document 24-1    Filed 04/17/26    Page 3 of 6

notices of trespass that were issued to the Williams' tenant, Mitchell Heide, by the BIA.

8. After the initial Temporary Restraining Order was dissolved, I had planned to contact the Bristol Bay Borough Police Department regarding the continued trespass on the Gottschalk Allotment, including whether Mr. Heide's stated plans to operate a newly licensed business on the Gottschalk Allotment and to convert the trespass "shop/garage" into a residence for his employee constituted criminal trespass. Based on my understanding of the Temporary Restraining Order, such communications may now be prohibited.

9. On information and belief, the Plaintiffs' complaint regarding "harassing verbal or written statements, stalking, and/or attempting to turn off the power or otherwise interfering with Plaintiffs' enjoyment and use of the Property," Docket No. 21 at 1, is entirely related to Mr. Gottschalk's efforts to avail himself of proper civil remedies to address trespass on his property. At each stage, Mr. Gottschalk has sought recourse from the authorities, NEA, the BIA, and the police, including through undersigned counsel. Based on my understanding of the Temporary Restraining Order, any further efforts on Mr. Gottschalk's behalf to address the trespass have now been halted. This arguably includes any potential effort by Mr. Gottschalk or the BIA to pursue

a civil action to eject the trespassers and seeking a restraining order to stop further use of the trespass power lines.

10. Under these circumstances, expedited consideration of the Motion for Preliminary Injunction is warranted because Mr. Gottschalk's legal options to protect his property have been severely limited.

11. On Thursday, April 16, 2026, at 10:32 p.m., I emailed counsel for the Plaintiffs regarding Mr. Gottschalk's intent to move for expedited consideration of the Motion for Preliminary Injunction. I explained that Mr. Gottschalk planned to file an opposition to the Motion no later than Friday, April 17, and that he intended "to request that any reply be filed no later than Monday (4/20) at noon and that the Court hold an oral argument and issue a decision on the preliminary injunction no later than Tuesday, April 21 at 5 pm." I requested that Plaintiffs' counsel respond with their position by Friday, April 17 at 11:00 a.m.

12. On Friday, April 17 at 6:55 a.m., Plaintiffs' counsel responded by email stating that they oppose expedited consideration.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

Dated: April 17, 2026          LANDYE BENNETT BLUMSTEIN LLP

*/s/ Andrew Erickson*

_____

Andrew Erickson, Alaska Bar No. 1605049

*Attorney for Defendant Archie N. Gottschalk*

Case 3:26-cv-00107-HRH    Document 24-1    Filed 04/17/26    Page 6 of 6