Stacey C. Stone, Esq.
Alaska Bar No.: 1005030
Carolyn E. Clark, Esq.
Alaska Bar No.: 2304029
Holmes Weddle & Barcott, P.C.
2550 Denali Street, Suite 500
Anchorage, AK 999503
Phone: (907) 274-0666
Fax:     (907) 277-4657
sstone@hwb-law.com
cclark@hwb-law.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ORIN and SHERILL WILLIAMS, individually and as a marital community, Plaintiffs, v. THE ESTATE OF GEORGE F. GOTTSCHALK, JR., an individual; ARCHIE N. GOTTSCHALK, an individual; GLENDA G. WILLIAMS, an individual; GILBERT M. GOTTSCHALK, an individual; ROYLENE A. MANCUSO, an individual; and MICHAEL L. GOTTSCHALK, an individual, Defendants. | Case No.: 3:26-cv-00107-HRH |

### REPLY IN SUPPORT OF MOTION FOR A PRELIMINARY INJUNCTION

Plaintiffs Orin Williams and Sherill Williams (hereinafter "Plaintiffs"), by and through their counsel of record, Holmes Weddle & Barcott, P.C., hereby file this Reply in Support of Motion for a Preliminary Injunction.

Defendant's entire argument relies on the assumption that the Property is restricted Native Property. However, Defendant omits crucial facts that evidence that assumption is errant. The 2004 Alaska Native Allotment Subdivision Act requires that restricted native lands be subdivided "in accordance with the laws of the State or applicable local platting authority." Pub. L. 108-337, § 3(a)(1).  On December 7, 1986, Donna Gottschalk deeded the "E½ of Lot 7, Block 2 of the Donna G. Subdivision" to Norman Anderson ("Anderson Property") *without* properly subdividing Lot 7. The Bureau of Indian Affairs ("BIA")

Reply in Support of Motion for a Preliminary Injunction                                        Page 1 of 10
*Orin and Sherrill Williams v. The Estate of George F. Gottschalk, Jr., et al.*     Case No: 3:26-CV-00107-HRH
Case 3:26-cv-00107-HRH     Document 31     Filed 05/07/26     Page 1 of 10

approved the transfer. Pursuant to the 2004 Alaska Native Allotment Subdivision Act, the "East ½ of Lot 7, Block 2" (the "Disputed Parcel") no longer had restrictions of alienation and taxation. Pub. L. 108-337, § 4. There was no recorded plat subdividing Lot 7 at the time, and it was therefore non-compliant with Alaska law. Defendant does not dispute this. Pursuant to the 2004 Alaska Native Allotment Subdivision Act, the remaining portion of Lot 7 (the west half, the Property) no longer had restrictions of alienation and taxation. Pub. L. 108-337, § 4.

Further, Defendant mistakenly frames the matter in a way that establishes the Disputed Parcel as an Alaska Native Allotment with restricted title. However, this is not an established fact, as Plaintiffs have alleged and demonstrated that the Disputed Parcel lost its restricted status. It bears repeating that Defendant does not argue that the lot was properly subdivided in 1986.

Additionally, Defendant cites a Notice of Trespass and Cease and Desist Order from BIA, but the Notice is based solely on Defendant Archie Gottschalk complaining to the BIA. The Notice was only sent to Mitchell Heide, the tenant on the Disputed Parcel, giving Plaintiffs (the owners) no notice. And the BIA incorrectly believed that Mr. Hiede had purchased Lot 6 (Plaintiffs undisputed land). The rest of Defendant's Exhibit K is simply pictures taken by Defendant that hold no weight as to whether the Property is a restricted Alaska Native Allotment.

Defendant also cites to the Naknek Electrical Authority (NEA) letter, which again only resulted from Defendant reaching out to NEA, and NEA relying on Defendant's assertions. Defendant cherry-picks the language of the letter, and NEA has stated it does not intend to participate in this matter, but it has confirmed that it will follow any court orders.[1]

## I. LEGAL ANALYSIS

A party seeking a preliminary injunction must establish four elements: 1) a plaintiff must establish that they are likely to succeed on the merits, 2) a plaintiff is likely to suffer

---

[1] See Exhibit A - attached email from NEA counsel.

Reply in Support of Motion for a Preliminary Injunction                    Page 2 of 10
*Orin and Sherrill Williams v. The Estate of George F. Gottschalk, Jr., et al.*    Case No: 3:26-CV-00107-HRH
Case 3:26-cv-00107-HRH    Document 31    Filed 05/07/26    Page 2 of 10

HOLMES WEDDLE & BARCOTT, PC
2550 DENALI STREET, SUITE 500
ANCHORAGE, AK 99503-2752
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

irreparable harm in the absence of a preliminary injunction, 3) the balance of equities tips in plaintiff's favor, and 4) an injunction is in the public interest.[2] Defendant disputes only the first and third elements. Defendant also raises the issue of subject matter jurisdiction. None of Defendant's' arguments are availing.

**A.      Plaintiffs are likely to succeed on the merits.**

Defendant puts forth arguments as to each of Plaintiffs' causes of action. Plaintiffs address each argument below.

1. Adverse Possession

Defendant argues Plaintiffs' adverse possession claim fails because the Disputed Parcel is a restricted Native Allotment. However, that argument hinges on the property being restricted Native Allotment and without the restrictions. As argued herein and the Motion for Preliminary Injunction, the Disputed Parcel lost its restricted status in 1986 due to illegal subdivision and there is therefore no barrier to adverse possession. Defendant fails to even articulate an argument to the contrary.

**2.** Promissory Estoppel for the 1985 Agreement

Defendant argues that Plaintiffs' promissory estoppel claim regarding the 1985 promise fails because "Plaintiffs wait[ed] over 40 years.". However, Defendant ignores that Plaintiffs did not believe there was a breach, or any need to bring enforcement action until recent actions by Defendant attempting to interfere with Plaintiffs' use of the Disputed Parcel. Plaintiffs believed in good faith that the Disputed Parcel was theirs. That good faith belief is based on the actions of Defendants and their predecessors. This is precisely why the doctrine of promissory estoppel exists – to prevent one party from making a promise and acting in accord yet changing their minds years (or decades) later, and at the other party's expense.[3] Once Plaintiffs became aware that Defendants contested ownership, Plaintiffs acted promptly and through proper legal channels (by filing this action). Defendants, on the

---

[2] *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

[3] *Alaska Democratic Party v. Rice*, 934 P.2d 1313, 1316 (Alaska 1997) (discussing purpose of promissory estoppel to avoid injustice arising from one party trying to avoid obligations undertaken).

Reply in Support of Motion for a Preliminary Injunction                                    Page 3 of 10
*Orin and Sherrill Williams v. The Estate of George F. Gottschalk, Jr., et al.*      Case No: 3:26-CV-00107-HRH
Case 3:26-cv-00107-HRH      Document 31      Filed 05/07/26      Page 3 of 10

HOLMES WEDDLE & BARCOTT, PC
2550 DENALI STREET, SUITE 500
ANCHORAGE, AK 99503-2752
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

other hand, opted for nonjudicial self-help by threatening to cut off the power.

The statute of frauds is also not a barrier to Plaintiffs' claim. Alaska "join[s] the many jurisdictions that recognize some form of promissory estoppel as an exception to the statute of frauds in land transactions."[4] "If the non-titled party can prove by clear and convincing evidence that the parties had a contract for co-ownership with definite terms, he may be able to succeed on his claims that promissory estoppel or the part performance doctrine make this contract enforceable despite the statute of frauds."[5] The statute of frauds is "not intended as an escape route for persons seeking to avoid obligations undertaken by or imposed upon them."[6]

### 3. Breach of 2013 Agreement

Defendant contends that the breach of contract claim fails because of the statute of limitations. However, Defendant fails to explain how the claim is "clearly" barred. Statute of limitations does not begin to run until a cause of action accrues, and in this case, there was no breach of the contract until 2025 when Defendant began to interfere with Plaintiffs' use of the Disputed Parcel. One cannot sue for breach of contract until there is a breach.[7]

### 4. Promissory Estoppel for the 2103 Agreement

Defendant then contends the second promissory estoppel claim regarding the 2013 Agreement also fails. Defendant claims the Disputed Parcel is a restricted Native Allotment, which it is not. Defendant also claims it is "13 years too late," but again, breach of contract claims do not accrue until there is a breach. Plaintiffs could not have brought this action

HOLMES WEDDLE & BARCOTT, PC
2550 DENALI STREET, SUITE 500
ANCHORAGE, AK 99503-2752
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

---

[4] *Kiernan v. Creech*, 268 P.3d 312, 317 (Alaska 2012). See also *Shields v. Clark*, 534 P.3d 94, 100 (Alaska 2023) (acknowledging *Kiernan* is still valid). *See also Rice*, 934 P.2d at 1316 (adopting view that promissory estoppel can be an exception to the statute of frauds).

[5] *Id.* at 314.

[6] *Rice*, 934. P.2d at 1316 (quoting *Eavenson v. Lewis Means, Inc.*, 105 N.M. 161, 730 P.2d 464, 465 (1986), overruled on other grounds by *Strata Prod. Co. v. Mercury Exploration Co.*, 121 N.M. 622, 916 P.2d 822 (1996)).

[7] *See, e.g., Trustees For Alaska Laborers-Constr. Indus. Health & Sec. Fund v. Ferrell*, 812 F.2d 512, 517 (9th Cir. 1987) ("Absent a repudiation of a contract that requires continuing performance, the plaintiff may only sue for partial breaches as they occur, and the statute of limitations does not begin to run against a subsequent failure to perform until it occurs.") (citing 4 A. Corbin, *Corbin on Contracts* § 951 (1951)); *Williams v. Strong*, 557 P.3d 745, 751 (Alaska 2024), reh'g denied (Oct. 29, 2024) ("Generally, a cause of action for breach of contract accrues, and the statute of limitations begins to run, 'at the time of the breach of the agreement, rather than the time that actual damages are sustained as a consequence of the breach.' ") (citation omitted).

Reply in Support of Motion for a Preliminary Injunction     Page 4 of 10
*Orin and Sherrill Williams v. The Estate of George F. Gottschalk, Jr., et al.*     Case No: 3:26-CV-00107-HRH

Case 3:26-cv-00107-HRH     Document 31     Filed 05/07/26     Page 4 of 10

during the preceding 13 years because Defendants had not yet breached the Agreement by claiming ownership of the Property.

5. Boundary by Acquiescence.

Defendant argues the boundary by acquiescence claim fails, but Defendant seems to misunderstand Plaintiffs' claim. Plaintiffs allege that they own the western half of Lot 7. Both parties acknowledge that Anderson owns eastern half of Lot 7. Therefore, Plaintiffs clearly allege that they are adjoining landowners with Anderson. As such, the boundary by acquiescence claim does not fail. Furthermore, Defendants' predecessors (Donna Gottschalk) owned the eastern half of Lot 7 prior to Anderson taking ownership in 1986. When the eastern half of lot 7 was deeded to Anderson, the boundary line (marked by rebar) was there and was implicitly adopted as the property line between the eastern half and western half of Lot 7 (the Disputed Parcel). The same line was adopted in recorded documents that deeded the eastern half to Anderson. It marked the eastern edge of *Plaintiffs'* full property (which consists of Lot 6 and the (disputed) western half of Lot 7). And this boundary line was followed for the past 40 years. These circumstances support boundary by acquiescence.

6. Declaratory and Injunctive Relief

Defendant argues that declaratory and injunctive relief fail. But again, the entire argument relies solely on the Disputed Parcel being a restricted Native Allotment, which is not the case here.

7. Unjust Enrichment

Defendant claims that Plaintiffs are trespassers and as such, their unjust enrichment claim fails. This is not supported in fact or in law. Plaintiffs are not trespassers. Trespass is an intentional tort. Plaintiffs rightfully believed, and in good faith and under color of title, they owned the Property. As such, Plaintiffs are not trespassers.[8] Given that Plaintiffs are not trespassers, Defendant's argument fails.

---

[8] *See, e.g., Mount Juneau Enterprises, Inc. v. City & Borough of Juneau*, 923 P.2d 768, 773 (Alaska 1996) (concluding that good faith belief precluded claim for trespass).

Reply in Support of Motion for a Preliminary Injunction      Page 5 of 10
*Orin and Sherrill Williams v. The Estate of George F. Gottschalk, Jr., et al.*     Case No: 3:26-CV-00107-HRH

Case 3:26-cv-00107-HRH     Document 31     Filed 05/07/26     Page 5 of 10

HOLMES WEDDLE & BARCOTT, PC
2550 DENALI STREET, SUITE 500
ANCHORAGE, AK 99503-2752
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

HOLMES WEDDLE & BARCOTT, PC
2550 DENALI STREET, SUITE 500
ANCHORAGE, AK 99503-2752
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

Adverse possession law is in accord. Adverse possession requires a subjective good faith belief that the non-title holder owned the land in question.[9] Were Defendant's aggressive trespasser stance adopted, adverse possession would be upended.

8. Judicial Partition

Defendant argues that Plaintiffs' judicial partition claim fails because the Disputed Parcel is a restricted Native Allotment. Defendant seems to misunderstand application of judicial partition. If Defendant is correct that the Disputed Parcel is a restricted Native Allotment, that is when judicial partition is needed. Structures (including a house) straddle the boundary line between Lot 6 (Plaintiffs' undisputed property) and the western half of Lot 7 (Disputed Parcel). If Defendants are correct regarding native restrictions and still own the Disputed Parcel, the boundary line would run through the middle of the house. This problem needs to be solved. The house cannot be sawn in half or otherwise practically divided. The proper resolution is a judicial partition. Partition would include Plaintiffs or Defendants buying the other out of the structures and the land they sit upon and/or modifying the property lines accordingly. Thus, if Defendants prevail on their native status claim, judicial partition is necessary. Conversely, if Plaintiffs are correct that the Disputed Parcel lost its native status and Plaintiffs own Lot 6 and the western half of Lot 7, then the structures are all on Plaintiffs' property and there is no need for judicial partition.

- - - - - - - - -

In sum, Plaintiffs have asserted five legal theories under which Plaintiffs are the legal owners of the Disputed Parcel.[10] If Plaintiffs prevail on *any one* of these five claims, Plaintiffs will be deemed the legal owners and the case will resolve. If Plaintiffs lose *all* five of these claims and Defendants are deemed the legal owners of the Disputed Parcel, then justice requires compensation to Plaintiffs under a theory of unjust enrichment and the structures must be managed through judicial partition. Defendant appears to misunderstand

---

[9] *Hurd v. Henley*, 478 P.3d 208, 219-21 (Alaska 2020)

[10] (1) Adverse possession, (2) promissory estoppel for the 1985 Agreement, (3) breach of the 2013 Agreement, (4) promissory estoppel for the 2103 Agreement, and (5) boundary by acquiescence.

Reply in Support of Motion for a Preliminary Injunction                    Page 6 of 10
*Orin and Sherrill Williams v. The Estate of George F. Gottschalk, Jr., et al.*     Case No: 3:26-CV-00107-HRH
Case 3:26-cv-00107-HRH     Document 31     Filed 05/07/26     Page 6 of 10

that judicial intervention is required under either ownership scenario. Merely declaring the Disputed Parcel is a Native Allotment would not resolve the matter.

**B.      Plaintiff is likely to suffer irreparable harm.**

Defendant does not dispute that irreparable harm will be done if a preliminary injunction is not granted. For the reasons stated in Plaintiffs' underlying motion, harm will result.

**C.      The balance of equities tips in favor of Plaintiffs**

As with his unjust enrichment argument, Defendant argues that the equities do not favor Plaintiffs because they are trespassers. But as explained above, Plaintiffs are not trespassers. The BIA acted on Defendants' representations and without input from Plaintiffs. In judicial terms, Defendants' communications with BIA were *ex parte*. It is unknown what Defendants told the BIA to get them to send a letter to Mr. Heide. Same with NEA. A judicial determination based on facts and arguments presented by both sides must be made. Plaintiffs have already produced evidence that their presence on the Disputed Parcel was based on a good faith believe that they owned it.

Furthermore, to "balance" equities, the interests of both parties must be weighed against each other. Defendant makes no argument that leaving the power on, and ceasing harassment, will cause any injustice or harm to Defendants. This is because it won't. Plaintiffs pay the electric bill and have been doing so for decades. No harm has come to Defendants as a result – in fact, Defendants have been (and will continue to be) *benefitted* by Plaintiffs paying the electric bill for the Disputed Property. Plaintiffs have occupied the Disputed Property for forty years. Another year will cause no additional harm to Defendants. And it is obvious that refraining from harassment will not cause harm to Defendants.

Weighing the certain risk of great harm to Plaintiffs against the non-existent harm to Defendants, the equities balance in favor of Plaintiffs.

**D.      An injunction is in the public interest.**

Defendant does not dispute that an injunction is in the public's best interest. For the

HOLMES WEDDLE & BARCOTT, PC
2550 DENALI STREET, SUITE 500
ANCHORAGE, AK 99503-2752
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

Reply in Support of Motion for a Preliminary Injunction                          Page 7 of 10
*Orin and Sherrill Williams v. The Estate of George F. Gottschalk, Jr., et al.*      Case No: 3:26-CV-00107-HRH
Case 3:26-cv-00107-HRH      Document 31      Filed 05/07/26      Page 7 of 10

HOLMES WEDDLE & BARCOTT, PC
2550 DENALI STREET, SUITE 500
ANCHORAGE, AK 99503-2752
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

reasons stated in Plaintiffs' underlying motion, an injunction should be granted. The public needs to know that if they are living on a property for 40 years, someone cannot suddenly claim ownership and cut off their power.

- - - - - - - - -

In sum, Defendant does not dispute two of the elements of preliminary injunction. As to the other two, the facts and law support finding in favor of Plaintiffs and granting the preliminary injunction.

**E.      Subject Matter Jurisdiction**

Defendant argues this Court does not have subject matter jurisdiction over this action. This case, however, involves a question of federal law. The entire case turns on whether property is restricted Native Allotment under federal law.

Title 28 U.S.C. § 1360(b) states that "Nothing in this section shall . . . confer jurisdiction upon the State to adjudicate, in probate proceedings or otherwise, the ownership or right to possession of [Native allotments] or any interest thereon." On its face, the statute requires this action to be heard in federal court. A state court cannot hear a matter involving title to a Native Allotment. Alaska courts have noted that questions of interest in Native allotted lands are reserved for federal jurisdiction.[11] Were this case heard in State court, it would very likely be kicked back to the federal court.

**II.      CONCLUSION**

For the reasons stated herein and the underlying motion, Plaintiffs are likely to prevail on the merits, and Plaintiffs request this Court grant the Motion for a Preliminary Injunction to prohibit Defendants from making further harassing verbal or written statements, stalking,

---

[11] *See, e.g., Foster v. State, Dep't of Transp.*, 34 P.3d 1288, 1290 (Alaska 2001) ("But § 1360(b) reserves for the federal courts jurisdiction over questions involving the ownership or right to possession of property held in trust by the United States or subject to a restriction against alienation imposed by the United States,"); *Heffle v. State*, 633 P.2d 264, 268 (Alaska 1981) ("[28 U.S.C. § 1360] expressly reserved jurisdiction over questions of interest in allotted lands").

Reply in Support of Motion for a Preliminary Injunction                                   Page 8 of 10
*Orin and Sherrill Williams v. The Estate of George F. Gottschalk, Jr., et al.*      Case No: 3:26-CV-00107-HRH

Case 3:26-cv-00107-HRH      Document 31      Filed 05/07/26      Page 8 of 10

and/or attempting to turn off the power or otherwise interfering with Plaintiffs' enjoyment and use of the Property while this matter is litigated to conclusion.

DATED this 7th day of May 2026, at Anchorage, Alaska.

HOLMES WEDDLE & BARCOTT, P.C.
Attorneys for Plaintiffs

By: */s/ Stacey C. Stone*
Stacey C. Stone
Alaska Bar No. 1005030
Carolyn E. Clark
Alaska Bar No. 2304029

## CERTIFICATE OF SERVICE

I hereby certify that, on the 7th day of May 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Andrew B. Erickson , Esq.
Jackson Morawski, Esq.
Landye Bennett Blumstein LLP
Jackson Morawski
andye@lbblawyers.com
jacksonm@lbblawyers.com

I additionally certify that on the 7th day of May 2026, a true and correct copy of this pleading with attached affidavit was mailed via U.S. Mail to the following:

Gilbert M. Gottschalk
P.O. Box 332
Naknek, AK 99633

Glenda G. Williams
820 Rovenna Street
Anchorage, AK 99518

Roylene A. Mancuso
P.O. Box 381
Naknek, AK 99633

Michael L. Gottschalk
P.O. Box 125
Naknek, AK 99633

The Estate of George F. Gottschalk, Jr.
c/o Personal Representative

HOLMES WEDDLE & BARCOTT, PC
2550 DENALI STREET, SUITE 500
ANCHORAGE, AK 99503-2752
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

Reply in Support of Motion for a Preliminary Injunction                Page 9 of 10
*Orin and Sherrill Williams v. The Estate of George F. Gottschalk, Jr., et al.*    Case No: 3:26-CV-00107-HRH
Case 3:26-cv-00107-HRH    Document 31    Filed 05/07/26    Page 9 of 10

Archie N. Gottschalk
8917 Northwood Park Circle
Eagle Rive, AK 99577


 /s/ Brian Fontaine
Legal Assistant
Holmes Weddle & Barcott, P.C.

HOLMES WEDDLE & BARCOTT, PC
2550 DENALI STREET, SUITE 500
ANCHORAGE, AK 99503-2752
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657