Stacey C. Stone, Esq.
Alaska Bar No.: 1005030
Carolyn E. Clark, Esq.
Alaska Bar No.: 2304029
Holmes Weddle & Barcott, P.C.
2550 Denali Street, Suite 500
Anchorage, AK 999503
Phone: (907) 274-0666
Fax:     (907) 277-4657
sstone@hwb-law.com
cclark@hwb-law.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ORIN and SHERILL WILLIAMS, individually and as a marital community, Plaintiffs, v. THE ESTATE OF GEORGE F. GOTTSCHALK, JR., an individual; ARCHIE N. GOTTSCHALK, an individual; GLENDA G. WILLIAMS, an individual; GILBERT M. GOTTSCHALK, an individual; ROYLENE A. MANCUSO, an individual; and MICHAEL L. GOTTSCHALK, an individual, Defendants. | Case No.: 3:26-cv-00107-HRH |

**OPPOSITION TO DEFENDANT ARCHIE N. GOTTSCHALK'S MOTION TO DISMISS**

Plaintiffs Orin Williams and Sherill Williams (hereinafter "Plaintiffs"), by and through their counsel of record, Holmes Weddle & Barcott, P.C., hereby file this Opposition to Defendant Archie N. Gottschalk's Motion to Dismiss.

## I.     INTRODUCTION

Defendant Archie N. Gottschalk (hereinafter "Defendant") misconstrues Plaintiffs' Complaint and confuses the issues by inserting factual allegations not in the Complaint. Many of Defendant's arguments rely on purported "facts" that not alleged in the Complaint, which are not only unsupported by evidence, but which are improper for consideration on a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Other arguments made by Defendant ignore facts

HOLMES WEDDLE & BARCOTT, PC
2550 DENALI STREET, SUITE 500
ANCHORAGE, AK 99503-2752
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

Opposition to Motion to Dismiss                                                        Page 1 of 21
*Orin and Sherrill Williams v. The Estate of George F. Gottschalk, Jr., et al.*     Case No: 3:26-CV-00107-HRH
Case 3:26-cv-00107-HRH     Document 34     Filed 05/14/26     Page 1 of 21

alleged in the Complaint. Under Fed. R. Civ. P. 12(b)(6), the Court must ignore Defendant's extra "factual" assertions, assume veracity of all allegations that are in the Complaint, and evaluate only whether the Complaint itself states viable claims. The answer is yes.

## II.      STATEMENT OF FACTS

Plaintiffs Orin and Sherill Williams are individuals forming a marital community, residing in the State of Alaska, and are the owners of Lot 6 of Block 2 in the Donna G. Subdivision. Plaintiffs also occupy and physically possess the west half of Lot 7 of Block 2 in the Donna G. Subdivision.[1] Plaintiffs and their predecessors have continuously occupied and possessed the western half of Lot 7 for the last 40 years.[2] The property is currently leased to a third-party tenant ("Tenant").[3]

In 1992, Donna Gottschalk passed away.[4] Defendants are the heirs of Donna Gottschalk.[5] In 1995, without Plaintiffs' knowledge, probate proceedings granted Defendants divided interests in Ms. Gottschalk's estate.[6] For the next thirty years, Plaintiffs continued to occupy and possess the western half of Lot 7 without interference.[7]

Then suddenly, beginning about one year ago, and for the first time since 1986, Defendants began claiming ownership of the western half of Lot 7 ("Disputed Parcel").[8] A detailed history of the Disputed Parcel follows.

### A.  History of Disputed Parcel

On August 24, 1976, pursuant to the 1906 Alaska Native Allotment Act, formerly 43 U.S.C. § 270-01 to § 270-03, Donna Gottschalk was granted a Native Allotment of 125.36 acres.[9]

---

[1] Complaint, ¶ 1.

[2] See *id.* ¶15, passim.

[3] *Id.* ¶ 22.

[4] *Id*. ¶ 20.

[5] *Id*. ¶ 26.

[6] *Id*. ¶ 26-27.

[7] *Id*. passim.

[8] *Id*. ¶ 35.

[9] *Id*. ¶ 12.

Opposition to Motion to Dismiss                                                                     Page 2 of 21
*Orin and Sherrill Williams v. The Estate of George F. Gottschalk, Jr., et al.*      Case No: 3:26-CV-00107-HRH

HOLMES WEDDLE & BARCOTT, PC
2550 DENALI STREET, SUITE 500
ANCHORAGE, AK 99503-2752
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

In 1980, Donna Gottschalk subdivided 31.972 acres of the Native Allotment as the "Donna G. Subdivision," designated at Plat 80-7.[10] The Disputed Parcel was a small portion of that Native Allotment.[11]

The Donna G. Subdivision has two blocks: Block 1 and Block 2.[12] Block 2 consists of eight lots, numbered 1 through 8.[13] The Disputed Parcel is the western half of Lot number 7 of Block 2.[14] Below is a snippet from Appendix A to Plaintiffs' Complaint showing the portion of Block 2 involved in this dispute.

On June 5, 1985, Donna Gottschalk deeded Lot 6 to Morry Moorcroft and Donnalee Williams (Plaintiffs' predecessors).[15] Ownership of Lot 6 is not disputed. Shortly after acquiring Lot 6, its new owners (Morry Moorcroft and Donnalee Williams, i.e., Plaintiffs' predecessors) reached an agreement with Donna Gottschalk (Defendants' predecessor).[16] Morry Moorcroft and Donnalee Williams agreed to upgrade 400 feet of Michael Street and put in 350 feet of Alexandra Drive in exchange for title to the neighboring parcel – Lot 7, Block 2 ("1985 Agreement").[17] Michael Street ran along the northern boundary of Block 2.[18]

---

[10] Id. ¶ 13.

[11] Id. ¶ 14.

[12] At a later date, an additional subdivision was established (Donna G. II Subdivision), creating additional blocks not involved in this dispute.

[13] Id. ¶ 14.

[14] Id.

[15] Id. ¶ 15.

[16] Id. ¶ 16.

[17] Id.

[18] Id.

Opposition to Motion to Dismiss                                      Page 3 of 21
*Orin and Sherrill Williams v. The Estate of George F. Gottschalk, Jr., et al.*    Case No: 3:26-CV-00107-HRH
Case 3:26-cv-00107-HRH    Document 34    Filed 05/14/26    Page 3 of 21

HOLMES WEDDLE & BARCOTT, PC
2550 DENALI STREET, SUITE 500
ANCHORAGE, AK 99503-2752
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

Alexandria Drive ran north-south along the western boundary line between Lots 3 and 4, which were also still owned by Donna Gottschalk at that time.[19]

Pursuant to the 1985 Agreement, Morry Moorcroft and Donnalee Williams upgraded 400 feet of Michael Street, created 350 feet of Alexandra Drive, and began treating Lot 7 as their own.[20] They did so by clearing and leveling the lot immediately upon gaining possession and purported ownership.[21] Thereafter, they stored vehicles, equipment, and building materials for the house they constructed on Lot 6 in 1986.[22]

On December 7, 1986, Donna Gottschalk deeded the "E½ of Lot 7, Block 2 of the Donna G. Subdivision" to Norman Anderson ("Anderson Property") without properly subdividing Lot 7.[23] There was no recorded plat subdividing Lot 7, and it was therefore non-compliant with Alaska Law.[24] Pursuant to the 2004 Alaska Native Allotment Subdivision Act, the remaining portion of Lot 7 (the west half, the Disputed Parcel) no longer had restrictions of alienation and taxation.[25] Morry Moorcroft and Donnalee Williams continued occupying, possessing, and otherwise treating the western half of Lot 7 as their own. No one disputed their possession or occupancy.[26]

Six years later (in 1992), Donna Gottschalk passed away and her estate proceeded through probate.[27] In 1995, probate proceedings (of which Plaintiffs were unaware) granted Defendants divided interests in Ms. Gottschalk's estate.[28] Importantly, Plaintiffs continued to occupy and possess the western half of Lot 7 (Disputed Parcel) without interference from the Defendants or anyone else.

---

[19] Id.

[20] Id. ¶ 17.

[21] Id.

[22] Id.

[23] Id. ¶ 18.

[24] Id. ¶ 19.

[25] Pub. L. 108-337, § 4.

[26] Complaint ¶ 19 passim.

[27] Id. ¶ 20.

[28] Id. ¶ 26.

Opposition to Motion to Dismiss                                                    Page 4 of 21
*Orin and Sherrill Williams v. The Estate of George F. Gottschalk, Jr., et al.*     Case No: 3:26-CV-00107-HRH
Case 3:26-cv-00107-HRH     Document 34     Filed 05/14/26     Page 4 of 21

HOLMES WEDDLE & BARCOTT, PC
2550 DENALI STREET, SUITE 500
ANCHORAGE, AK 99503-2752
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

Meanwhile, in 1993, under color of title, Plaintiffs constructed buildings.[29] One of the buildings spanned the boundary line between Lot 6 (which is indisputably owned by Plaintiffs) and the Disputed Parcel.[30] That building is still in existence today.[31] The satellite image below (included in the Complaint) shows the structure on Lot 6 (labelled as "389 East Michael") and the structure spanning the boundary line between Lot 6 and the Disputed Parcel (labelled as "409 East Michael").[32]



On August 31, 2013 – eighteen years after the probate proceedings, and twenty years after the structures were constructed – Plaintiff Sherill Williams (successor to Morry Moorcroft and Donnalee Williams) and Defendant Michael Gottschalk entered a Purchase Agreement in which three vehicles would be given to Michael Gottschalk in exchange for $50,000 and *documentation* of ownership of Lot 7 Block 2 ("2013 Agreement").[33] Defendant Michael Gottschalk paid $50,000 and collected two of the three vehicles.[34] Documentation

---

[29] *Id*. ¶ 22.

[30] *Id*.

[31] *Id*.

[32] *Id*. ¶ 23.

[33] *Id*. ¶ 30.

[34] *Id*.

Opposition to Motion to Dismiss                                                                 Page 5 of 21
*Orin and Sherrill Williams v. The Estate of George F. Gottschalk, Jr., et al.*     Case No: 3:26-CV-00107-HRH
Case 3:26-cv-00107-HRH     Document 34     Filed 05/14/26     Page 5 of 21

HOLMES WEDDLE & BARCOTT, PC
2550 DENALI STREET, SUITE 500
ANCHORAGE, AK 99503-2752
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

of ownership was not provided as agreed. Plaintiffs continued to occupy and possess the Disputed Parcel as their own, including maintenance, landscaping, parking vehicles, maintaining a driveway, and otherwise used the Disputed Parcel as their own without interference for another 11.5 years.

Then suddenly beginning in approximately April 2025, Defendant Archie Gottschalk began harassing, stalking, and interfering with Plaintiffs' possession of the Disputed Parcel.[35]

Plaintiffs filed this action in March 2026 to seek the help of the Court to resolve the issue. Defendant Archie Gottschalk filed this motion to dismiss; the remaining Defendants did not join.

### III.  <u>LEGAL STANDARD</u>

A motion to dismiss for failure to state a claim may not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[36] In ruling on such a motion, "the court must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party."[37] The complaint need not set out the facts in detail; what is required is a "short and plain statement of the claim showing that the pleader is entitled to relief."[38] The claims set forth in the complaint must merely be "plausible on their face."[39] Moreover, because a 12(b)(6) motion tests the pleading alone, dismissal is only proper where a defect lies on the face of the complaint.[40]

To survive a motion under Fed. R. Civ. P. 12(b)(6), a plaintiff does not need to prove the facts alleged in its complaint. Rather, in ruling on a motion pursuant to Fed. R. Civ. P. 12(b)(6), the duty of a court "is merely to assess the legal feasibility of the complaint, not to

HOLMES WEDDLE & BARCOTT, PC
2550 DENALI STREET, SUITE 500
ANCHORAGE, AK 99503-2752
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

---

[35] *See id.* ¶ 35.

[36] *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

[37] *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[38] Fed. R. Civ. P. 8(a); *La Salvia v. United Dairymen*, 804 F.2d 1113, 1116 (9th Cir. 1986).

[39] *Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[40] *Southern Pacific Land Co. v. Westlake Farms*, Inc., 188 Cal. App. 3d 807, 817 (Cal. App. Sth Dist. 1987) (citation omitted).

Opposition to Motion to Dismiss                                                 Page 6 of 21
*Orin and Sherrill Williams v. The Estate of George F. Gottschalk, Jr., et al.*    Case No: 3:26-CV-00107-HRH

assay the weight of the evidence which might be offered in support thereof."[41] There must merely be some set of facts that would entitle the plaintiff to relief.[42]

Plaintiffs asserted seven causes of action. For this action to be dismissed, Defendant must show that each of Plaintiffs' seven causes of action fail to state a claim upon which relief can be granted. Defendant cannot do so.

### IV. ARGUMENT

**A. Adverse possession: Defendant's Argument Relies on the Disputed Parcel being a Native Allotment, which it is not.**

Defendant's only claim regarding Plaintiffs' adverse possession cause of action is that the Disputed Parcel is a Native allotment and cannot be adversely possessed. Defendant does not reference the elements of adverse possession, nor contend that the Complaint fails to allege continuous, uninterrupted, and visible possession of the Disputed Parcel, or that Plaintiffs did not act as if they were owners.[43] Defendant also does not dispute that the Disputed Parcel was illegally subdivided in 1986. As alleged in the Complaint, a 2015 survey expressly states it "does not constitute a subdivision as defined by AS 40.15.900(5)(A)."[44]

Plaintiffs admit that if the Disputed Parcel is a Native allotment, it cannot be adversely possessed. However, as alleged in the Complaint, the Disputed Parcel lost its restricted status in 1986 due to illegal subdivision and there is therefore no barrier to adverse possession. Plaintiffs alleged in the Complaint that the Disputed Parcel was the result of illegal subdivision, and Defendant does not contend the subdivision was legal. So, for purposes of a motion to dismiss, the Court must assume lot 7 was illegally subdivided and lost its restricted status.

Native allotments were established in 1906 pursuant to the Alaska Native Allotment Act), Pub. L. 59-171, formerly 43 U.S.C. § 270-1 to 270-3 ("1906 Act"). Native individuals

HOLMES WEDDLE & BARCOTT, PC
2550 DENALI STREET, SUITE 500
ANCHORAGE, AK 99503-2752
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

---

[41] *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 113 (2d Cir. 2010) (quoting *Cooper v. Parsky*, 140 F.3d 433, 440 (2d Cir. 1998)).

[42] *Conley*, 355 U.S. at 45-46.

[43] *Snook v. Bowers*, 12 P.3d 771, 780 (Alaska 2000) (citations omitted).

[44] Complaint, ¶ 32.

Opposition to Motion to Dismiss
Page 7 of 21
*Orin and Sherrill Williams v. The Estate of George F. Gottschalk, Jr., et al.*     Case No: 3:26-CV-00107-HRH

in Alaska that met certain eligibility requirements could acquire up to 160 acres. The land would be held in trust by the U.S. government, and restrictions on alienation and taxation required BIA approval for any encumbrance or transfer made thereafter.[45]

In 1971, pursuant to the Alaska Native Claims Settlement Act, 43 U.S.C. § 1601 et seq. ("1971 Act"), the 1906 Act was revoked, except that any pending Native applicants could elect to continue with their application under the Act they filed under, *e.g.*, the 1906 Act.[46] Also under the 1971 Act, undeveloped lands were exempt from adverse possession and similar claims based on estoppel.[47] Conversely, "developed" lands were *not* exempt from adverse possession and other estoppel claims.[48] "Developed means a purposeful modification of land, or an interest in land, from its original state that effectuates a condition of gainful and productive present use without further substantial modification."[49] "Developed" did not include developments previously made by trespassers.[50] Because subdivision was a purposeful modification in an interest in land to effectuate gainful use, it was developed land.

Then in 2004 the Alaska Native Allotment Subdivision Act, Pub. L. 108-337 ("2004 Act"), was enacted. Under the 2004 Act, Native allotments could henceforth be subdivided *without* losing their Native allotment status, but it had to be done in accordance with Alaska law.[51] Native allotments could also be transferred by deed *if* they were first legally subdivided.[52] And any subdivision occurring before 2004 that complied with Alaska law and were approved by the BIA were also ratified.[53] Illegally subdivided Native allotments before

---

[45] Pub. L. 59-171, formerly 43 U.S.C. § 270-1 to 270-3. *See also* 43 C.F.R. § 2561.3 (enacted June 13, 1970) (authorizing Secretary of the Interior to make the decision).

[46] 43 U.S.C. § 1617(a).

[47] *Id*. § 1636(d)(1)(A).

[48] *See id*.

[49] *Id*. § 1636(d)(2)(A)(i)

[50] *Id*.; *Kenai Peninsula Borough v. Cook Inlet Region, Inc*., 807 P.2d 487, 496 (Alaska 1991).

[51] Pub. L. 108-337 § 3(a)(1).

[52] *Id*. § 3(a)(2).

[53] *Id*. § 3(b).

Opposition to Motion to Dismiss     Page 8 of 21
*Orin and Sherrill Williams v. The Estate of George F. Gottschalk, Jr., et al.*    Case No: 3:26-CV-00107-HRH
Case 3:26-cv-00107-HRH    Document 34    Filed 05/14/26    Page 8 of 21

HOLMES WEDDLE & BARCOTT, PC
2550 DENALI STREET, SUITE 500
ANCHORAGE, AK 99503-2752
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

2004, however, were *not* ratified.[54] The 2004 Act confirms this in the next Section, which states that restricted land maintains its status if it was legally subdivided under Section 3(a)(1).[55]

In effect, the 2004 Act bifurcated the treatment of Native allotments subdivided prior to 2004. Between 1971 and 2004, all subdivisions (legal or illegal) were considered "developed" and lost their restricted Native status. After 2004, those that were legally subdivided had their restrictions restored, but those that were illegally subdivided remained unrestricted.

Here, the parties agree that the Disputed Parcel was illegally subdivided in 1986 when the eastern half of Lot 7 was deeded to Anderson without first being legally subdivided. Under the 1971 Act, the Disputed Parcel therefore lost its Native allotment restricted status. The 2004 Act did nothing to cure this. When the 2004 Act was enacted, only *legally* subdivided properties had their Native allotment status restored – *illegally* subdivided properties remained without Native restricted status, such as Lot 7.

To support his position, Defendant reviews only portions of the 2004 Act and does not read it in context of the whole statutory scheme. But statutory construction requires a statute to be read in whole. "It is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme."[56] It is therefore necessary to view the 2004 Act in conjunction with the 1906 Act and the 1971 Act.

Defendant also ignores other canons of construction. The canon *expressio unius est exclusio alterius* means the expression of one thing implies the exclusion of others.[57] Here, the 2004 Act states that legally subdivided Native allotments retain their restricted status. By

---

[54] *Id.*

[55] *Id*. § 4.

[56] *W. Virginia v. Envtl. Prot. Agency*, 597 U.S. 697, 721 (2022) (quoting *Davis v. Michigan Dept. of Treasury*, 489 U.S. 803, 809 (1989)).

[57] *See, e.g., Bittner v. United States*, 598 U.S. 85, 94, 143 S. Ct. 713, 720, 215 L. Ed. 2d 1 (2023); *Marx v. Gen. Revenue Corp.,* 568 U.S. 371, 385, 133 S. Ct. 1166, 1177, 185 L. Ed. 2d 242 (2013) ("By limiting a court's discretion to award costs to cases brought in bad faith or for the purpose of harassment, Congress foreclosed the award of costs in other circumstances.").

Opposition to Motion to Dismiss                                                                              Page 9 of 21
*Orin and Sherrill Williams v. The Estate of George F. Gottschalk, Jr., et al.*     Case No: 3:26-CV-00107-HRH
Case 3:26-cv-00107-HRH     Document 34     Filed 05/14/26     Page 9 of 21

HOLMES WEDDLE & BARCOTT, PC
2550 DENALI STREET, SUITE 500
ANCHORAGE, AK 99503-2752
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

including that requirement, Congress necessarily implied the exclusion of others, e.g., illegally subdivided Native allotments.

The canon against surplusage also requires every word and provision to be given meaning; none should be ignored; none should be given an interpretation that causes it to have no consequence.[58] The canon against surplusage is particularly instructive where "a competing interpretation gives effect to every clause and word of a statute."[59] And it is "strongest when an interpretation would render superfluous another part of the same statutory scheme."[60]

In §3(a)(1) of the 2004 Act, Congress included the requirement that Native allotments be subdivided "in accordance with the laws of the State or applicable local platting authority." Defendant's proffered interpretation gives it none. Under Defendant's theory, whether the land was legally or illegally subdivided makes no difference. But §3(a)(1) must be given meaning. Defendant's theory cannot be correct. The only viable interpretation, which is supported by review of the overall statutory scheme, is that illegally subdivided property lost its Native allotment status, while legally subdivided property restored and maintained that status.

Defendant also includes an argument that the United States should be a named party. This fails for multiple reasons. First, whether a necessary party is included is governed by Fed. R. Civ. P. 19. This motion was brought under Fed. R. Civ. P. 12(b)(6). Setting that aside, if the U.S. were a necessary party that requires joinder, the correct remedy is to join the U.S., not dismiss the case. If needed, the U.S. can easily be joined so dismissal would not be necessary.

Second, the U.S. does not need to be a party. As explained above, under the 1971 Act, and confirmed by the 2004 Act, the Disputed Parcel lost restricted status in 1986. That means the land has not been held in trust by the U.S. since 1986. There is no reason to join

---

[58] *See, e.g.*, *Marx,* 568 U.S. at 385.

[59] *Id*. (quoting *Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. 91, 106 (2011)).

[60] *Id.* at 386.

Opposition to Motion to Dismiss
Page 10 of 21
*Orin and Sherrill Williams v. The Estate of George F. Gottschalk, Jr., et al.*
Case No: 3:26-CV-00107-HRH
Case 3:26-cv-00107-HRH    Document 34    Filed 05/14/26    Page 10 of 21

HOLMES WEDDLE & BARCOTT, PC
2550 DENALI STREET, SUITE 500
ANCHORAGE, AK 99503-2752
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

the U.S.

In sum, the Disputed Parcel is not a restricted Native allotment, and whether the U.S. needs to be a party (it does not) is a red herring. But in light of the nature of the present motion, this analysis has already gone too far. The simple matter at issue is whether Plaintiffs can prove a set of facts in support of its claim which would entitle it to relief.[61] Does the complaint state a feasible claim?[62] Can Native allotments lose their restricted status? The answer to both of these questions is yes. Dismissal under Fed. R. Civ. P. 12(b)(6) is not proper.

## B. Promissory Estoppel on 1985 Agreement: Neither the statute of limitations nor factual disputes support 12(b)(6) dismissal.

Defendant first argues that Plaintiffs' promissory estoppel claim based on the 1985 Agreement fails because the Disputed Parcel is a Native allotment. For the reasons stated above, this is false. Defendants further argue that any sale of land without approval of the BIA is void, but Defendant cites only cases the pre-date the 2004 Act. More importantly, however, the Disputed Parcel lost its restricted status by illegal subdivision, not sale. The sale cases are therefore inapposite.

Defendant also argues that Plaintiffs "are not successors-in-interest nor third-party beneficiaries" to the 1985 Agreement. This also fails for three reasons. First, Defendant contends that Morry Moorcroft and Donnalee Williams must bring the claim. This is just another joinder argument. Dismissal is not the proper solution. Morry Moorcroft and Donnalee Williams can be added if needed. However, their interest passed to Orin Williams when they deeded their property to him.[63]

Second, Defendant's successor-in-interest argument is an evidentiary argument, which has no place in a 12(b)(6) motion. The Complaint alleges (1) Orin Williams "acted on the 1985 Agreement" by building structures on the Disputed Parcel,[64] (2) Donna Gottschalk actually foresaw or reasonably should have foreseen that the successors of Morry Moorcroft

---

[61] *Conley*, 355 U.S. 45-46.

[62] *DiFolco*, 622 F.3d at 113.

[63] Complaint, ¶ 21.

[64] Complaint, ¶ 49.

Opposition to Motion to Dismiss                                                    Page 11 of 21
*Orin and Sherrill Williams v. The Estate of George F. Gottschalk, Jr., et al.*     Case No: 3:26-CV-00107-HRH
Case 3:26-cv-00107-HRH     Document 34     Filed 05/14/26     Page 11 of 21

HOLMES WEDDLE & BARCOTT, PC
2550 DENALI STREET, SUITE 500
ANCHORAGE, AK 99503-2752
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

and Donnalee Williams would be induced,[65] and (3) Plaintiffs sought documentation for the 1985 Agreement from Defendant Michael Gottschalk in 2013.[66] Under the facts alleged in the Complaint, Plaintiff Orin Williams was either a successor in interest, or a third-part beneficiary. Orin Williams can testify about his understanding of the 1985 Agreement. On a 12(b)(6) motion, all facts alleged in the Complaint must be taken as true.[67] The court need not "assay the weight of the evidence which might be offered in support thereof."[68] Nor should it take into consideration "facts" not alleged in the Complaint (such as Defendant's hypothetical claim that Donna Gottschalk intended the Disputed Parcel to revert back to her after some period of time).

Third, adoption of Defendant's proffered theory would upend all oral land transactions, which are a permitted transfer under Alaska law.[69] Under Defendant's theory, every oral agreement for land could be "undone" the moment either original party dies. That would create chaos. Parties know that when they give land to someone, it is theirs to do with as they wish in the future. It is far-fetched to argue that Donna Gottschalk intended to "give" the Disputed Parcel only to Morry Moorcroft and Donnalee Williams but that the land would somehow revert to Donna Gottschalk under some circumstance. The 1985 Agreement was to give, not lease, the land and Plaintiffs did not allege any facts that the 1985 Agreement held a reversion provision. Nor are such facts alleged in the Complaint, and therefore it is outside the scope of this motion.

Defendant also argues that any claim against Donna Gottschalk's estate must have been brought within three years, but statutes of limitations do not run when the party is unaware of them. Under the discovery rule, there are two claim accrual dates: "(1) the date when plaintiff reasonably should have discovered the existence of all essential elements of

---

[65] *Id*. ¶ 50.

[66] *Id*. ¶ 30.

[67] *Usher*, 828 F.2d at 561.

[68] *DiFolco*, 622 F.3d at 113.

[69] *See, e.g., Kiernan v. Creech*, 268 P.3d 312, 317 (Alaska 2012) (Alaska "join[s] the many jurisdictions that recognize some form of promissory estoppel as an exception to the statute of frauds in land transactions.").

Opposition to Motion to Dismiss                                                          Page 12 of 21
*Orin and Sherrill Williams v. The Estate of George F. Gottschalk, Jr., et al.*     Case No: 3:26-CV-00107-HRH
Case 3:26-cv-00107-HRH     Document 34     Filed 05/14/26     Page 12 of 21

HOLMES WEDDLE & BARCOTT, PC
2550 DENALI STREET, SUITE 500
ANCHORAGE, AK 99503-2752
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

the cause of action; and (2) the date when the plaintiff has information which is sufficient to alert a reasonable person to begin an inquiry to protect his rights."[70] As alleged in the Complaint, Plaintiffs were not aware of the probate action.[71] They were also not aware of any opposing claim of ownership in the Disputed Parcel until Defendants began harassing their Tenant.[72] There are no facts alleged in the Complaint to suggest Defendant's contention that Plaintiffs should have taken action earlier than it did.

In sum, Defendant's arguments regarding Plaintiff's 1985 promissory estoppel claim are legally unfounded and introduce hypothetical scenarios not in the Complaint. The 1985 promissory estoppel claim should not be dismissed.

## C. Breach of the 2013 contract is not barred by the statute of limitations.

First, Defendant's argue that the breach of contract claim rests on an oral agreement in 2013. This is false. The Complaint described it as a "purchase agreement;" it was a written agreement.[73] Defendant read-in that it was "oral," but that was not alleged, and it was not.

Second, the written agreement did not contain a deadline by which the documentation must be provided, so the date on which the statute of limitations began is indefinite. But the evidence will show that the parties continued to discuss provision of the documentation. "Under the doctrine of equitable tolling, when a party has more than one legal remedy available, the statute of limitations is tolled while the party pursues one of the possible remedies."[74] Plaintiffs elected to continue trying to negotiate the issue.

Additionally, Plaintiffs were led to believe (by the actions of Defendants Archie and Michael Gottschalk) that Defendants concurred in the existence of the 1985 Agreement, upon which Plaintiffs relied, so the limitations period was equitably and statutorily tolled by

HOLMES WEDDLE & BARCOTT, PC
2550 DENALI STREET, SUITE 500
ANCHORAGE, AK 99503-2752
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

---

[70] *Cameron v. State*, 822 P.2d 1362, 1366 (Alaska 1991).

[71] Complaint, ¶ 27 & 29.

[72] *Id*. ¶ 35.

[73] *Id.* ¶ 30.

[74] *Irby v. Fairbanks Gold Min., Inc*., 203 P.3d 1138, 1143 (Alaska 2009).

Opposition to Motion to Dismiss                                         Page 13 of 21
*Orin and Sherrill Williams v. The Estate of George F. Gottschalk, Jr., et al.*     Case No: 3:26-CV-00107-HRH
Case 3:26-cv-00107-HRH     Document 34     Filed 05/14/26     Page 13 of 21

Defendants actions.[75] The breach claim therefore did not accrue until Plaintiffs realized Archie and Michael Gottschalk had misled them and Defendants recently asserted ownership, which occurred in 2025.

Because the statute of limitations does not begin until a claim accrues, and the claim did not accrue until Defendants recently asserted ownership in 2025, which was the first time Plaintiffs realized Defendant Michael Gottschalk had no intention of ever providing the documentation be promised to provide in the 2013 Agreement, the statute of limitations is not a barrier to this claim.

Should the Court find that the Complaint does not allege sufficient facts to address the statute of limitations claim, Plaintiffs should be given an opportunity to amend the Complaint under Fed. R. Civ. P. 15(a)(1)(B) given that Defendants have not yet filed an answer.

**D. Promissory Estoppel on the 2013 Agreement: Defendant ignores alleged facts, which must be taken as true.**

Again, Defendant improperly relies on the property being a restricted Native allotment, but it is not. Defendants again mischaracterize the 2013 Agreement as oral, but it was written.

Defendants also claim that Plaintiffs failed to allege any substantial change in position, but this they did. Paragraphs 31, 67, and 68 allege that Plaintiffs continued using the Disputed Parcel as their own because of the 2013 Agreement, and relied on Defendant Michael Gottschalk's representation that he would provide documentation. Plaintiffs also allege it was reasonable to rely on the representation of an heir of Donna Gottschalk.[76] Defendant attempts to paint it as unreasonable to rely on only one of six heirs as having authority to "sell" the property, but that is not what Plaintiffs did. Plaintiffs did not think they were buying land from Michael Gottschalk in 2013 – Plaintiffs thought they already owned the Disputed Parcel and were looking for documentation than an heir may have, which Michael Gottschalk promised

HOLMES WEDDLE & BARCOTT, PC
2550 DENALI STREET, SUITE 500
ANCHORAGE, AK 99503-2752
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

---

[75] *See, e.g., Waage v. Cutter Biological Div. of Miles Labs., Inc*., 926 P.2d 1145, 1149 (Alaska 1996) (noting that when a plaintiff's delay in bringing suit was occasioned by reliance on false or fraudulent representation of defendant, equitable estoppel is proper to prevent defendant from claiming statute of limitations as defense).

[76] Complaint, ¶ 31, 66-68.

Opposition to Motion to Dismiss — Page 14 of 21
*Orin and Sherrill Williams v. The Estate of George F. Gottschalk, Jr., et al.*   Case No: 3:26-CV-00107-HRH

to give. It was reasonable for Plaintiffs to assume that an heir would have knowledge of the 1985 Agreement (especially given Defendants actions and acknowledgment of the 1985 Agreement) and be able to provide documentation of the same.

The Complaint alleges facts sufficient to support Plaintiffs' claim of promissory estoppel arising out of the 2013 Agreement. It should not be dismissed.

**E. Boundary by Acquiescence: At the time the boundary was created, the parties' predecessors were adjacent.**

Again, Defendant improperly relies on the property being a restricted Native allotment, but it is not. Setting that aside, "[b]oundary by acquiescence is an equitable gap-filling doctrine that may be available where estoppel and adverse possession are unavailable."[77] It is "grounded 'upon principles of public policy that preclude a party from setting up or insisting upon a boundary line in opposition to one which has been steadily adhered to.'"[78]

As alleged in the Complaint, Defendants (or their predecessors) set up rebar indicating where the eastern boundary of the Disputed Parcel exists – effectively dividing Lot 7 in half.[79] Defendants contend they own the Disputed Parcel, with its western boundary running down the middle of Plaintiffs' structure and the eastern boundary abutting the Anderson Property. Plaintiffs contend that the western boundary line of the Disputed Parcel does not exist because the Disputed Parcel was incorporated with Lot 6 but agree that the eastern boundary of the Disputed Parcel abuts the Anderson Property. In other words, is Lot 6's eastern boundary in the middle of the structure, or does it extend eastward to the Anderson Property? Because Defendants and/or their predecessors placed the rebar and allowed Plaintiffs to occupy and possess the Disputed Property as if the rebar marked the eastern edge of Plaintiffs' property, they should be held to that course of action.

HOLMES WEDDLE & BARCOTT, PC
2550 DENALI STREET, SUITE 500
ANCHORAGE, AK 99503-2752
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

---

[77] *Lee v. Konrad*, 337 P.3d 510, 518 (Alaska 2014).

[78] *Id*. (quoting *O'Hearne v. McClammer*, 163 N.H. 430, 42 A.3d 834, 839 (2012)).

[79] Complaint, ¶ 75.

Opposition to Motion to Dismiss  Page 15 of 21
*Orin and Sherrill Williams v. The Estate of George F. Gottschalk, Jr., et al.*  Case No: 3:26-CV-00107-HRH

HOLMES WEDDLE & BARCOTT, PC
2550 DENALI STREET, SUITE 500
ANCHORAGE, AK 99503-2752
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

Also recall that Donna Gottschalk, Defendants' predecessor, set up the entire neighborhood. In 1975, Donna Gottschalk owned the entire 125.36 acres.[80] In 1985, when Plaintiffs acquired ownership (or at least adversely possessed) the Disputed Parcel,[81] Donna Gottschalk still owned the Anderson Property (E1/2 of Lot 7). At that time, the rebar marked the boundary line between Lot 6 (owned by Plaintiffs' predecessors) and the E1/2 of Lot 7 (then-owned by Defendants' predecessors). In other words, Donna Gottschalk set up a boundary line between Plaintiffs' predecessors and Defendants' predecessors (i.e., the parties were adjacent landowners). Plaintiffs and their predecessors relied on that rebar boundary marker as the edge of their property.[82] And Donna Gottschalk acted on it when she deeded only the E1/2 of Lot 7 to Anderson at the place of the rebar, which indicates that she recognized the western half of Lot 7 to be Plaintiffs' predecessors' property. That is the basis of Plaintiffs' boundary by acquiescence claim. The crux of this claim is that Donna Gottschalk and/or her predecessors put the rebar in place as a property line, and Plaintiffs and their predecessors relied on it. Defendants now wish to disavow this history.

This claim should not be dismissed.

**F. Declaratory and Injunctive Relief: The QTA does not require the U.S. as a party because Congress eliminated the Disputed Parcel's Native allotment status by statute.**

Defendant relies on the Quite Title Act, 28 U.S.C. § 2409a ("QTA"), to seek dismissal of Plaintiffs' claim for declaratory relief. The QTA states the U.S. can be a named defendant in a quiet title action, but not for "restricted Indian lands."[83] But as stated herein, the Disputed Parcel lost its restricted status in 1986 when illegal subdivision occurred. Hence why the U.S. is not a party to this action.

Defendant then claims Plaintiffs are trying to make an "end-run around the QTA." Defendant advances a theory under which land that was *ever* considered a Native allotment

---

[80] *Id.* ¶ 12.

[81] *Id.* ¶ 15-17.

[82] *Id.*

[83] 28 U.S.C. § 2409a(a).

Opposition to Motion to Dismiss                                     Page 16 of 21
*Orin and Sherrill Williams v. The Estate of George F. Gottschalk, Jr., et al.*     Case No: 3:26-CV-00107-HRH
Case 3:26-cv-00107-HRH     Document 34     Filed 05/14/26     Page 16 of 21

at any time in the past must *always* include the U.S. as a defendant, which is impossible because of the QTA. This would mean that property can never lose its Native allotment status, which clearly is not the case. The 1971 Act and the 2004 Act both contemplate scenarios in which Native allotment status can be lost. By setting forth requirements to maintain restricted status, it necessarily means that restricted status can be lost. When Donna Gottschalk illegally subdivided the Disputed Parcel, it lost its Native allotment status, the U.S. government no longer had an interest in the Disputed Parcel, and litigation can be brought without the U.S. as a party.

Lastly, even if Defendant's QTA claim succeeds, it only affects Plaintiffs' declaratory relief cause of action. The remaining six causes of action survive.

## G.  Unjust Enrichment: Defendant assumes facts not in the Complaint.

Plaintiffs do not "assume" Defendants will be deemed legal owners. Defendant materially misquoted Plaintiffs' Complaint. Plaintiffs' Complaint states, "*Should* Defendants be deemed legal owners."[84]

Defendant also argues the Complaint fails to state that a benefit was conferred upon Defendants, but this is false. The Complaint sets forth specific things Plaintiffs have done that benefitted the Disputed Property, such as road improvement, building structures, maintenance, landscaping, protection, "and others."[85] Defendant Archie Gottschalk, who earlier in his brief claimed that one heir cannot speak for the rest, then claims (without evidence) that these things were "unwanted" and are not benefits. He claims this despite the alleged fact that Donna Gottschalk explicitly requested creation of the roads.[86] In any event, that is a factual dispute and not proper for consideration in a 12(b)(6) motion. A trier of fact could find that, despite Defendant Archie Gottschalk's self-serving claim to the contrary, installation of roads, etc., did provide a benefit.

HOLMES WEDDLE & BARCOTT, PC
2550 DENALI STREET, SUITE 500
ANCHORAGE, AK 99503-2752
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

---

[84] Complaint, ¶ 87 (emphasis added).

[85] *Id.*

[86] *Id.* ¶ 16.

Opposition to Motion to Dismiss                                        Page 17 of 21
*Orin and Sherrill Williams v. The Estate of George F. Gottschalk, Jr., et al.*     Case No: 3:26-CV-00107-HRH
Case 3:26-cv-00107-HRH     Document 34     Filed 05/14/26     Page 17 of 21

Defendant goes on to then allege that Plaintiffs were trespassers, which is not supported in fact or in law. Plaintiffs are not trespassers. Trespass is an intentional tort, and to use Defendant's word, requires "conscious trespass."[87] But Plaintiffs were not knowingly trespassing. As alleged in their Complaint, Plaintiffs believed, and in good faith and under color of title, they owned the Property.[88] All allegations in the Complaint must be taken as true.[89] As such, Plaintiffs are not trespassers.[90] At a minimum, there is a factual dispute on this issue, which is not a proper basis for dismissal under Fed. R. Civ. P. 12(b)(6). Given that Plaintiffs are not trespassers, Defendant's argument fails.

**H. Judicial partition is appropriate when two parties own the same property.**

Without citation to law, Defendant claims that a request for judicial partition cannot stand alone. He claims there must be some other "viable claim." Defendant then discusses a situation in which a trespasser constructs a building entirely on another's property, citing non-applicable caselaw from Massachusetts and the District of Oregon. Defendant cites no Alaska authority for his proposition.

In any event, those cases are distinguishable because here the structures straddle the property line. Under Defendant's theory, if they remain the owners of the Disputed Parcel, the structure is half owned by Plaintiffs and half owned by Defendants. Defendant does not claim otherwise. That is the quintessential purpose of judicial partition – when there is more than one owner of property.

Defendant then again assumes Plaintiffs were trespassers and cites non-Alaska trespass cases. But as stated herein, Plaintiffs were not trespassers. The Complaint alleges facts showing Plaintiffs believed, and in good faith and under color of title, they owned the Property.[91] Defendant's claim to the contrary is not supported by any allegation in

---

[87] Motion, at 29.

[88] Complaint, ¶ passim.

[89] *Usher*, 828 F.2d at 561.

[90] *See, e.g., Mount Juneau Enterprises, Inc. v. City & Borough of Juneau*, 923 P.2d 768, 773 (Alaska 1996) (concluding that good faith belief precluded claim for trespass).

[91] Complaint, ¶ passim.

Opposition to Motion to Dismiss                                                     Page 18 of 21
*Orin and Sherrill Williams v. The Estate of George F. Gottschalk, Jr., et al.*     Case No: 3:26-CV-00107-HRH
Case 3:26-cv-00107-HRH     Document 34     Filed 05/14/26     Page 18 of 21

HOLMES WEDDLE & BARCOTT, PC
2550 DENALI STREET, SUITE 500
ANCHORAGE, AK 99503-2752
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

Complaint, which would be needed to succeed on this Fed. R. Civ. P. 12(b)(6) dismissal. Defendant's argument that Plaintiffs intentionally possessed land they knew was not theirs is an unsupported statement not alleged in the Complaint and in any event, factual disputes are left to a trier of fact. Defendant's bald claim of trespass cannot support dismissal.

- - - - - - - - -

In sum, Plaintiffs have asserted five legal theories under which Plaintiffs are the legal owners of the Disputed Parcel.[92] If Plaintiffs prevail on *any one* of these five claims, Plaintiffs will be deemed the legal owners and the case will resolve. On the other hand, if Defendants are deemed the legal owners of the Disputed Parcel, then justice requires compensation to Plaintiffs under a theory of unjust enrichment and the structures must be managed through judicial partition. Defendant appears to misunderstand that judicial intervention is required under either ownership scenario. Merely declaring the Disputed Parcel is a Native Allotment would not resolve the matter—nor is this a fact alleged in the Complaint making a Fed. R. Civ. P. 12(b)(6) dismissal inappropriate.

Plaintiffs have come to this Court seeking resolution of the significant legal disputes set forth in their Complaint. Defendants' position would foreclose that avenue and leave Plaintiffs without a clear path forward. Therefore, Plaintiffs implore this Court to address the legal issues alleged in their Complaint so that all parties hereto can move forward in a legal and peaceful manner. Defendants' harassment cannot be left as the sole mechanism for resolution. This action should proceed so that the merits of Plaintiffs' claims may be adjudicated in accordance with law.

HOLMES WEDDLE & BARCOTT, PC
2550 DENALI STREET, SUITE 500
ANCHORAGE, AK 99503-2752
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

---

[92] (1) Adverse possession, (2) promissory estoppel for the 1985 Agreement, (3) breach of the 2013 Agreement, (4) promissory estoppel for the 2103 Agreement, and (5) boundary by acquiescence.

Opposition to Motion to Dismiss                                                          Page 19 of 21
*Orin and Sherrill Williams v. The Estate of George F. Gottschalk, Jr., et al.*     Case No: 3:26-CV-00107-HRH

For the reasons herein, Plaintiffs request the Court deny Defendant Archie Gottschalk's Motion to Dismiss. A proposed order is attached.

DATED this 14th day of May 2026, at Anchorage, Alaska.

HOLMES WEDDLE & BARCOTT, P.C.
Attorneys for Plaintiffs

By: */s/ Stacey C. Stone*
Stacey C. Stone
Alaska Bar No. 1005030
Carolyn E. Clark
Alaska Bar No. 2304029

**CERTIFICATE OF SERVICE**

I hereby certify that, on the 14th day of May 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Andrew B. Erickson , Esq.
Jackson Morawski, Esq.
Landye Bennett Blumstein LLP
Jackson Morawski
andye@lbblawyers.com
jacksonm@lbblawyers.com

I additionally certify that on the 14th day of May 2026, a true and correct copy of this pleading with attached affidavit was mailed via U.S. Mail to the following:

Gilbert M. Gottschalk
P.O. Box 332
Naknek, AK 99633

Glenda G. Williams
820 Rovenna Street
Anchorage, AK 99518

Roylene A. Mancuso
P.O. Box 381
Naknek, AK 99633

Michael L. Gottschalk
P.O. Box 125
Naknek, AK 99633

The Estate of George F. Gottschalk, Jr.
c/o Personal Representative

Opposition to Motion to Dismiss                                    Page 20 of 21
*Orin and Sherrill Williams v. The Estate of George F. Gottschalk, Jr., et al.*    Case No: 3:26-CV-00107-HRH
Case 3:26-cv-00107-HRH     Document 34     Filed 05/14/26     Page 20 of 21

HOLMES WEDDLE & BARCOTT, PC
2550 DENALI STREET, SUITE 500
ANCHORAGE, AK 99503-2752
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

Archie N. Gottschalk
8917 Northwood Park Circle
Eagle Rive, AK 99577

/s/ Stacey C. Stone
Stacey C. Stone

HOLMES WEDDLE & BARCOTT, PC
2550 DENALI STREET, SUITE 500
ANCHORAGE, AK 99503-2752
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

Opposition to Motion to Dismiss
Page 21 of 21
*Orin and Sherrill Williams v. The Estate of George F. Gottschalk, Jr., et al.*    Case No: 3:26-CV-00107-HRH
Case 3:26-cv-00107-HRH    Document 34    Filed 05/14/26    Page 21 of 21