Andrew Erickson
Jackson Morawski
LANDYE BENNETT BLUMSTEIN LLP
701 West Eighth Avenue, Suite 1100
Anchorage, AK 99501
(907) 276-5152
andye@lbblawyers.com
jacksonm@lbblawyers.com

*Attorneys for Defendant Archie N. Gottschalk*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ORIN WILLIAMS and SHERILL WILLIAMS, individually and as a marital community,<br><br>Plaintiffs,<br><br>v.<br><br>ESTATE OF GEORGE F. GOTTSCHALK, JR., *et al.*,<br><br>Defendants. | Case No. 3:26-cv-00107-HRH |

# DEFENDANT ARCHIE N. GOTTSCHALK'S REPLY IN SUPPORT OF MOTION TO DISMISS

The survival of the Plaintiffs' case comes down to a single legal question:

Is the west half of Lot 7 still an Alaska Native allotment that is held in trust

by the United States in restricted status, or did the Alaska Native Allotment

*Williams v. Estate of George F. Gottschalk, Jr.*   Case No. 3:26-cv-00107-HRH
Reply in Support of Motion to Dismiss                                    Page 1 of 19

Case 3:26-cv-00107-HRH   Document 36   Filed 05/28/26   Page 1 of 19

Subdivision Act of 2004 implicitly terminate that restricted status retroactively when the allotment was subdivided in 1986?[1] The answer to that question is straightforward: Nothing in the Allotment Subdivision Act "terminates, diminishes, or otherwise affects the continued existence and applicability of Federal restrictions against alienation and taxation on restricted land," except where a "specific interest" in an allotment is dedicated with approval of the Secretary of the Interior,[2] which did not happen here.[3] Thus, the allotment is still held in restricted status and owned by the Defendants.

Once this Court concludes that the Plaintiffs' interpretation of the Allotment Subdivision Act is incorrect as a matter of law, all their other claims fall away and should be dismissed with prejudice. Although the Plaintiffs contend that Mr. Gottschalk's motion relied on facts not alleged in the Complaint, the Plaintiffs do not point to any examples, and Mr. Gottschalk's motion properly construed each of the factual allegations in the Complaint as true. This Court is "not bound to accept as true a legal conclusion couched as a factual

---

[1]    *See* Docket No. 34 at 7.

[2]    Pub. L. No. 108-337, § 4, 118 Stat. 1357, 1357-1358 (2004).

[3]    *See* Docket No. 1.

*Williams v. Estate of George F. Gottschalk, Jr.*    Case No. 3:26-cv-00107-HRH
Reply in Support of Motion to Dismiss                                Page 2 of 19

Case 3:26-cv-00107-HRH    Document 36    Filed 05/28/26    Page 2 of 19

allegation."[4] Here, each of the Plaintiffs' claims can be dismissed for failing to state a claim as a matter of law.

## ARGUMENT

### I.    The Plaintiffs fail to state a claim for adverse possession.

The following material facts are not in dispute: (1) the allotment was conveyed to Donna Gottschalk pursuant to the Alaska Native Allotment Act, and (2) the Secretary of the Interior never approved a conveyance of the allotment to unrestricted status.[5] Thus, the Plaintiffs' claim that the allotment "lost its restricted status"[6] based solely on the Allotment Subdivision Act presents a purely legal question that this Court can resolve on a motion to dismiss.

As Mr. Gottschalk's motion explained, the Allotment Subdivision Act was intended to "confirm the restricted Native landowners' right to act in his own best interest" without being "deprived of any of the protections of restricted land status."[7] The legislative history and statutory text clearly indicates Congress's purpose to clarify that Native allottees could subdivide their

---

[4]    *Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009) (quoting *Bell Atl, Corp. v. Twombly*, 550 U.S. 544, 555 (2007))).

[5]    *See* Docket No. 1.

[6]    Docket No. 34 at 7.

[7]    149 Cong. Rec. 9504 (2003) (Statement of Sen. Murkowski introducing S. 1421).

*Williams v. Estate of George F. Gottschalk, Jr.*    Case No. 3:26-cv-00107-HRH
Reply in Support of Motion to Dismiss                                Page 3 of 19

allotments and make "dedications," such as easements and rights of way for public roads and utilities.[8] However, the allotment would not lose its restricted status unless clearly expressed and approved by the Secretary. The text of Section 4 of the Allotment Subdivision Act is clear and unequivocal, and consistent with the entire statute and legislative history, which the Plaintiffs ignore.

The Plaintiffs' legal theory rests on the flawed assumption that prior to the Allotment Subdivision Act, allotments that were subdivided "illegally" (i.e., without conforming with Alaska's subdivision law, AS 40.15) automatically lost their restricted status.[9] But that assertion is simply not true. That is not how allotment deed restrictions work.

As the Ninth Circuit explained, "allotment certificates contain a restraint on alienation stating that the land shall be inalienable and nontaxable until otherwise provided by Congress or until the Secretary of the Interior . . . approves a deed of conveyance vesting in the purchaser a complete title to the land."[10] The United States owns the "fee of the Indian allotted lands and holds the same in trust for the allottees."[11] The United States cannot abandon

---

[8]    *See* Pub. L. No. 108-337, § 3(a), 118 Stat. 1357, 1357 (2004).

[9]    Docket No. 34 at 7-8.

[10]    *Alaska Dep't of Nat. Res. v. United States*, 816 F.3d 580, 583 (9th Cir. 2016).

[11]    *Minnesota v. United States*, 305 U.S. 382, 386 (1939).

*Williams v. Estate of George F. Gottschalk, Jr.*    Case No. 3:26-cv-00107-HRH
Reply in Support of Motion to Dismiss                              Page 4 of 19

Case 3:26-cv-00107-HRH    Document 36    Filed 05/28/26    Page 4 of 19

its property interest implicitly,[12] and nothing in Alaska state or local land use laws can affect the United States' title.[13] Thus, the Plaintiffs' theory that an allotment that was subdivided prior to 2004 implicitly "lost its restricted status" is wrong.

The Plaintiffs' confusion appears to stem from their misunderstanding of the Alaska Native Claims Settlement Act (ANCSA). Under ANCSA, certain federal lands were conveyed "to private, state-chartered Native corporations, without any restraints on alienation or significant use restrictions."[14] Those private Alaska Native Corporation lands were subject to state land use laws, but "so long as such land and interests are not *developed* or leased or sold to third parties," they were exempt from taxation and protected from "adverse possession and similar claims based upon estoppel."[15]

In *Kenai Peninsula Borough v. Cook Inlet Region*, the Alaska Supreme Court concluded that a "subdivision constitutes a purposeful modification of

---

[12]     *United States v. Steinmetz*, 973 F.2d 212, 222 (3d Cir. 1992); *see also Metlakatla Indian Cmty. v. Dunleavy*, 58 F.4th 1034, 1042 (9th Cir. 2023) ("Statutes that touch upon federal Indian law are to be construed liberally in favor of the Indians, with ambiguous provisions interpreted to their benefit." (internal quotation marks omitted)).

[13]     *See United States v. Humboldt*, 615 F.2d 1260 (9th Cir. 1980); *Santa Rosa Band v. Kings Cnty.*, 532 F.2d 655 (9th Cir. 1975).

[14]     *Alaska v. Native Vill. of Venetie Tribal Gov't*, 522 U.S. 520, 532-33 (1998).

[15]     43 U.S.C. § 1636(d)(1)(A).

*Williams v. Estate of George F. Gottschalk, Jr.*    Case No. 3:26-cv-00107-HRH
Reply in Support of Motion to Dismiss                      Page 5 of 19

Case 3:26-cv-00107-HRH    Document 36    Filed 05/28/26    Page 5 of 19

the land from its original state" within the meaning of "developed."[16] Thus, subdivided and sale-ready Alaska Native Corporation lands lost their protections from taxation and became susceptible to adverse possession claims.[17]

However, this case involves a Native allotment, and not Alaska Native Corporation lands. A restricted allotment, unlike private Alaska Native Corporation lands, cannot lose its protection against adverse possession simply because it is subdivided. To reiterate, the United States holds the "fee of the Indian allotted lands,"[18] and a person may not assert adverse possession against the United States.[19]

Thus, this Court should conclude that nothing in the Allotment Subdivision Act terminated the allotment's restricted status. The Plaintiffs' claim for adverse possession fails as a matter of law.

---

[16]     807 P.2d 487, 490 (Alaska 1991).

[17]     *See Snook v. Bowers*, 12 P.3d 771, 780 (Alaska 2000).

[18]     *Minnesota v. United States*, 305 U.S. 382, 386 (1939).

[19]     28 U.S.C. § 2409a(n); *United States v. California*, 332 U.S. 19 (1947); *United States v. Pappas*, 814 F.2d 1342, 1343 n.3 (9th Cir. 1987) ("One cannot gain title to land of the United States through adverse possession. Similarly, no title to public lands can be obtained through the Government's acquiescence." (citing *Sweeten v. United States*, 684 F.2d 679, 682 (10th Cir. 1982))).

*Williams v. Estate of George F. Gottschalk, Jr.*     Case No. 3:26-cv-00107-HRH
Reply in Support of Motion to Dismiss                                    Page 6 of 19

Case 3:26-cv-00107-HRH     Document 36     Filed 05/28/26     Page 6 of 19

## II. The Plaintiffs fail to state a claim for promissory estoppel based on the alleged 1985 oral agreement.

For the reasons explained previously, because the allotment is held in restricted status, it is exempt from the Plaintiffs' claims based on promissory estoppel. But setting aside that dispositive legal question, the Plaintiffs' claim also fails to meet the required elements of promissory estoppel.

First, the Plaintiffs fail to explain why they are the proper parties to bring this claim. The Complaint alleges that in 1985, Morry Moorcroft and Donnalee Williams entered into an oral contract with Donna Gottschalk.[20] None of those individuals are parties in this suit. This is more than "just another joinder" problem.[21] The Plaintiffs cannot compel Mr. Moorcroft or Ms. Williams to join this case as claimants, and the Plaintiffs do not allege any facts that would demonstrate that they can bring this claim on their own.

Second, the question of whether the Plaintiffs are successors in interest to Mr. Moorcroft and Ms. Williams, or third-party beneficiaries of the oral agreement, is more than "an evidentiary" issue.[22] The Complaint does not allege any facts that can support either argument. The Plaintiffs never allege

---

[20]     Docket No. 1 at 4.

[21]     Docket No. 34 at 11.

[22]     Docket No. 34 at 11.

*Williams v. Estate of George F. Gottschalk, Jr.*     Case No. 3:26-cv-00107-HRH
Reply in Support of Motion to Dismiss                                    Page 7 of 19

that a "deed" for the west half of Lot 7 was conveyed by Mr. Moorcroft and Ms. Williams to the Plaintiffs.[23] Similarly, there are no facts in the Complaint that support a "showing that the parties to the contract intended that at least one purpose of the contract was to benefit"[24] the Plaintiffs. The Complaint simply fails to allege sufficient facts to support a cognizable legal theory.

Third, Mr. Gottschalk's defense would "not upend all oral land transactions."[25] The statute of frauds and statute of limitations exist for a reason. Long-delayed claims based on oral promises by individuals who have since died are difficult to prove and defend against. Under the Plaintiffs' theory, any person could simply allege ownership to another person's property based on a purported oral agreement with someone in the property's chain of title.[26] There is a reason such claims are disfavored and closely guarded against by the law.

---

[23]    Docket No. 34 at 11.

[24]    *Ennen v. Integon Indem. Corp.*, 268 P.3d 277, 283 (Alaska 2012) (quoting *Smallwood v. Cent. Peninsula Gen. Hosp.*, 151 P.3d 119,

[25]    Docket No. 34 at 12.

[26]    The Plaintiffs' claim that they "were not aware of the probate action" related to Ms. Gottschalk's estate is incredible. The Plaintiffs were aware that Ms. Gottschalk had died by at least 2013, when they asked Michael Gottschalk to provide "documentation" of ownership of the allotment. Docket No. 34 at 15 ("It was reasonable for Plaintiffs to assume that an *heir* would have knowledge of the 1985 Agreement.") (emphasis added).

*Williams v. Estate of George F. Gottschalk, Jr.*    Case No. 3:26-cv-00107-HRH
Reply in Support of Motion to Dismiss                                    Page 8 of 19

Case 3:26-cv-00107-HRH    Document 36    Filed 05/28/26    Page 8 of 19

Thus, the Plaintiffs' claim for promissory estoppel based on the alleged 1985 oral agreement between non-parties should be dismissed with prejudice.

## III.  The Plaintiffs fail to state a claim for breach of contract.

The Complaint alleged that Defendant Michael Gottschalk breached a "2013 Agreement."[27] The Complaint did not specify whether that agreement was oral or written. Now, the Plaintiffs assert that there was a "written agreement,"[28] which has not yet been produced. Regardless, the claim is clearly barred by the statute of limitations.

First, the Plaintiffs argue that because the agreement did not contain a deadline for performance, "the date on which the statute of limitations began is indefinite."[29] But if that were true, then there has not yet been a breach because Michael could still perform at any time. The Plaintiffs later assert that their claim accrued in 2025 when they first "realized" that Michael Gottschalk "had no intention of ever"[30] performing—but that was 12 years after the agreement was allegedly formed. The Plaintiffs offer no facts to support their "belief" that Michael had an intention of performing prior to 2025, but that he changed

---

[27]  Docket No. 1 at 10.

[28]  Docket No. 34 at 13.

[29]  Docket No. 34 at 13.

[30]  Docket No. 34 at 13.

*Williams v. Estate of George F. Gottschalk, Jr.*   Case No. 3:26-cv-00107-HRH
Reply in Support of Motion to Dismiss                        Page 9 of 19

his mind in 2025. Taken together, the Plaintiffs' allegations simply do not pass the straight face test. The Plaintiffs cannot state a plausible reason why the contract claim is not time-barred.

Second, the Plaintiffs gesture toward the doctrine of equitable tolling, arguing that ongoing "discussions" and "negotiations" regarding performance tolled the statute of limitations.[31] However, Alaska law does not support their theory. Equitable tolling operates only while a claimant pursues an initial remedy "in a judicial or quasi-judicial forum."[32] Mere informal discussions or negotiations with a counterparty do not constitute a pursuit of an initial remedy in a judicial or quasi-judicial forum.[33] Accordingly the doctrine of equitable tolling does not apply here. There is no other reason not to conclude that the contract claim is time-barred. Thus, the Plaintiffs' breach of contract claim should be dismissed with prejudice.

---

[31] Docket No. 34 at 13.

[32] *Smith v. Thompson*, 923 P.2d 101, 105 (Alaska 1996).

[33] *Id.* (noting that the claimant "was not pursuing an alternative legal remedy in a judicial or quasi-judicial forum when she was negotiating the settlement with [defendant]"). The Plaintiffs' erroneous theory would render most tolling agreements superfluous.

*Williams v. Estate of George F. Gottschalk, Jr.*    Case No. 3:26-cv-00107-HRH
Reply in Support of Motion to Dismiss                              Page 10 of 19

Case 3:26-cv-00107-HRH    Document 36    Filed 05/28/26    Page 10 of 19

## IV. The Plaintiffs fail to state a claim for promissory estoppel based on the alleged 2013 agreement.

The Plaintiffs accuse Mr. Gottschalk of "mischaracteriz[ing]"[34] the 2013 agreement, but the Complaint failed to identify that it was allegedly a written agreement, and a copy of that agreement has not yet been produced. The Defendants should not have to guess what type of claims the Plaintiffs may be raising. Regardless, the second promissory estoppel claim is meritless and should be dismissed.

For the reasons explained previously, because the allotment is held in restricted status, it is exempt from the Plaintiffs' claims based on promissory estoppel. But again, setting aside that dispositive legal question, the Plaintiffs' second promissory estoppel claim also fails to meet the required elements under Alaska law.

First, promissory estoppel "is intended to enable courts to enforce contract-like promises made unenforceable by technical defects or defenses."[35] Now that the Plaintiffs have clarified that the alleged 2013 agreement was in writing, there is simply no need to rely on promissory estoppel. The Plaintiffs cannot invoke promissory estoppel to circumvent the statute of limitations, and

---

[34] Docket No. 34 at 14.

[35] *Valdez Fisheries Dev. Ass'n v. Alyeska Pipeline Serv. Co.*, 45 P.3d 657, 668 (Alaska 2002).

*Williams v. Estate of George F. Gottschalk, Jr.*  Case No. 3:26-cv-00107-HRH
Reply in Support of Motion to Dismiss                                          Page 11 of 19

Case 3:26-cv-00107-HRH   Document 36   Filed 05/28/26   Page 11 of 19

they do not explain what technical defect in the 2013 agreement renders it unenforceable.

Second, the Plaintiffs argue that the alleged 2013 agreement did not actually require Michael Gottschalk to convey title to the allotment, but rather concerned merely the provision of documentation of preexisting ownership.[36] Setting aside the problem of legal impossibility—because the restricted allotment could not have been lawfully conveyed without the Secretary's approval, Michael could not have provided such documentation of a nonexistence conveyance—there was no reliance by the Plaintiffs on Michael's promise. The fact that the Plaintiffs "were looking for documentation"[37] does not mean that they engaged any "substantial change in position"[38] because of the alleged promise. Simply continuing to use the allotment "as their own" does not amount to any "change in position," which is a required element of promissory estoppel. Thus, the Plaintiffs' promissory estoppel based on the alleged 2013 agreement should be dismissed with prejudice.

---

[36]   Docket No. 34 at 14.

[37]   Docket No. 34 at 14.

[38]   *Valdez Fisheries Dev. Ass'n*, 45 P.3d at 669.

*Williams v. Estate of George F. Gottschalk, Jr.*   Case No. 3:26-cv-00107-HRH
Reply in Support of Motion to Dismiss                              Page 12 of 19

## V. The Plaintiffs fail to state a claim for boundary by acquiescence.

The Plaintiffs' boundary by acquiescence claim is based on the erroneous assumption that the allotment is not held in restricted status.[39] For the reasons explained previously, that assumption is incorrect as a matter of law.

But even assuming for the purposes here that the allotment was not held in restricted status, the Plaintiffs' boundary by acquiescence claim should still be dismissed. The Plaintiffs' legal and factual theory does not come close to stating a cognizable claim for boundary by acquiescence.

The Plaintiffs contend that the Defendant's predecessor (Donna Gottschalk) divided Lot 7 down the middle with a boundary line "marked by rebar."[40] Ms. Gottschalk then conveyed the east half of Lot 7 to Norman Anderson.[41] As the Plaintiffs explain, the "crux of this claim is that Donna Gottschalk and/or her predecessors put the rebar in place as a property line, and Plaintiffs and their predecessors relied on it."[42] But, again, that argument does not make sense because the rebar "would not fix the boundary between

---

[39]    *See* Docket No. 34 at 15.

[40]    Docket No. 1 at 11.

[41]    Docket No. 1 at 11.

[42]    Docket No. 34 at 16.

*Williams v. Estate of George F. Gottschalk, Jr.*    Case No. 3:26-cv-00107-HRH
Reply in Support of Motion to Dismiss                              Page 13 of 19

Case 3:26-cv-00107-HRH    Document 36    Filed 05/28/26    Page 13 of 19

the Plaintiffs' and Defendants' property; it would eliminate the Defendants' property entirely."[43] The Plaintiffs have no response to that point.

Boundary by acquiescence is a claim between two neighbors to establish the dividing line between their properties by "mutual acquiescence."[44] The Plaintiffs do not allege that they are neighboring landowners to the Defendants; in fact, they argue the opposite—that the Defendants have no property interest in the allotment. Moreover, the Plaintiffs cannot put forward any facts that establish that the Defendants agreed to the boundary line between their property and the Plaintiffs' property. Ms. Gottschalk's subdivision of Lot 7 prior to her conveyance of the east half of the lot to Mr. Anderson does not demonstrate her acquiescence to the Plaintiffs' ownership of the west half of Lot 7. Thus, the Plaintiffs' boundary by acquiescence claim should be dismissed with prejudice.

## VI. The Plaintiffs fail to state a claim for declaratory relief.

The Plaintiffs' argument that the Quiet Title Act does not apply to an allotment that was converted to unrestricted status is a red herring.[45] For the reasons explained previously, the allotment at issue here remains held in trust

---

[43]    Docket No. 29 at 22-23.

[44]    *Lee v. Konrad*, 337 P.3d 510, 520 (Alaska 2014).

[45]    Docket No. 34 at 17.

*Williams v. Estate of George F. Gottschalk, Jr.*    Case No. 3:26-cv-00107-HRH
Reply in Support of Motion to Dismiss                                    Page 14 of 19

Case 3:26-cv-00107-HRH    Document 36    Filed 05/28/26    Page 14 of 19

by the United States in restricted status. The Quiet Title Act bars the Plaintiffs' claim for declaratory relief based on purported ownership of "restricted Indian lands."[46] Thus, the Plaintiffs are not entitled to any declaratory relief, and their claim should be dismissed with prejudice.

## VII. The Plaintiffs fail to state a claim for unjust enrichment.

The Plaintiffs' claim for unjust enrichment does not meet the plausibility standard.[47] According to the Plaintiffs, while they were using the allotment as their own, they constructed "improvements," including a structure, and performed other typical landowner duties like providing "protection" for the property—all of which allegedly conferred a benefit to the Defendants.[48] The Plaintiffs then assert that whether those "improvements" conferred a "benefit" to the Defendants is simply a fact question.[49]

However, even if the improvements were a benefit to the Defendants, which they are not, the Alaska Supreme Court has explained that "[i]t is not unjust to retain a benefit given without expectation of payment."[50] The

---

[46]   28 U.S.C. § 2409a(a); *see Alaska Dep't of Nat. Res. v. United States*, 816 F.3d 580, 586 (9th Cir. 2016).

[47]   *See Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (noting that to survive a motion to dismiss, the claim must be "plausible on its face").

[48]   Docket No. 34 at 17.

[49]   Docket No. 34 at 17.

[50]   *Brady v. State*, 965 P.2d 1, 14 (Alaska 1998).

*Williams v. Estate of George F. Gottschalk, Jr.*    Case No. 3:26-cv-00107-HRH
Reply in Support of Motion to Dismiss                    Page 15 of 19

Case 3:26-cv-00107-HRH    Document 36    Filed 05/28/26    Page 15 of 19

Plaintiffs ignore the third element of an unjust enrichment claim under Alaska law, which requires "that the other party accepted and retained the benefit under such circumstances that it would be inequitable for the party to retain it without paying its value."[51] According to the Complaint, the Plaintiffs undertook their actions on the allotment with the expectation that they would retain the benefits, and not the Defendants.[52] The Plaintiffs never allege that they constructed the improvements or performed the alleged landowner duties with the expectation that they would be compensated by the Defendants. It defies common sense, and thus, it is not plausible to conclude that any of the Plaintiffs' actions were done with the intent and expectation of payment from the Defendants. Contrary to the Plaintiffs' assertions, Mr. Gottschalk has not relied on anything other than the Plaintiffs' allegations to reach the conclusion that the Plaintiffs did not intend to confer any benefit on the Defendants.

Under the circumstances alleged in the Complaint, it would not be "unjust" for the Plaintiffs to be denied compensation for their unauthorized improvements and use of the Defendants' property. Plaintiffs do not cite any

---

[51]    *Nicdao v. Chase Home Fin.*, 839 F. Supp. 2d 1051, 1071 (D. Alaska 2012) (citing *Ware v. Ware,* 161 P.3d 1188, 1197 (Alaska 2007))).

[52]    *See* Docket No. 1 at 7 (noting that the Plaintiffs "continued to utilize the Disputed Parcel as their own, including maintenance, landscaping, parking vehicles, maintaining a driveway, and otherwise using the Disputed Parcel as their own").

*Williams v. Estate of George F. Gottschalk, Jr.*    Case No. 3:26-cv-00107-HRH
Reply in Support of Motion to Dismiss                              Page 16 of 19

Case 3:26-cv-00107-HRH    Document 36    Filed 05/28/26    Page 16 of 19

authorities where a court has upheld an unjust enrichment claim in a situation like this. Thus, this Court should dismiss the claim with prejudice.

## VIII. The Plaintiffs fail to state a claim for judicial partition.

Finally, the Plaintiffs' claim for judicial partition is based on the flawed assumption that there is a need to divide ownership of the structure that the Plaintiffs built partially on the Defendants' property. Judicial partition is used to divide property that is co-owned by two parties.[53] Here, the Plaintiffs argue that if their claims to ownership of the allotment fail, judicial partition is needed to divide the building, which they contend is "half owned by Plaintiffs and half owned by Defendants."[54] However, the Plaintiffs incorrectly assume that the structure must be allowed to stand; it cannot. Because the structure was partially built on the Defendants' property without permission, it is a trespass structure and must be removed. There is no need for judicial partition to divide ownership of a deconstructed building.

The fact pattern in this case is a classic example of a trespass structure on a neighbor's property. It is blackletter law that trespass structures must be removed at the insistence of the landowner.[55] The Plaintiffs accuse Mr.

---

[53]     AS 09.45.290; *see Oakes v. Holly*, 268 P.3d 1084, 1088 (Alaska 2012).

[54]     Docket No. 34 at 18.

[55]     *See* Docket No. 29 at 28.

*Williams v. Estate of George F. Gottschalk, Jr.*     Case No. 3:26-cv-00107-HRH
Reply in Support of Motion to Dismiss                                    Page 17 of 19

Case 3:26-cv-00107-HRH     Document 36     Filed 05/28/26     Page 17 of 19

Gottschalk of relying on "non-applicable caselaw from Massachusetts and the District of Oregon," but they fail to explain why the fundamental legal principle applied in those cases should not also apply here.[56] The Plaintiffs also fail to cite any authority supporting the use of judicial partition where a trespass structure encroaches on another's property, and Mr. Gottschalk is not aware of any such cases. Thus, the claim for judicial partition fails as a matter of law.

## CONCLUSION

For the foregoing reasons, the Plaintiffs fail to state a claim for which relief can be granted. The Complaint should be dismissed with prejudice.

Respectfully submitted.

DATED: May 28, 2026    LANDYE BENNETT BLUMSTEIN LLP

*/s/ Andrew Erickson*

_____

Andrew Erickson, Alaska Bar No. 1605049
Jackson Morawski, Alaska Bar No. 2310113

*Attorneys for Defendant Archie N. Gottschalk*

---

[56]    Docket No. 34 at 18.

*Williams v. Estate of George F. Gottschalk, Jr.*    Case No. 3:26-cv-00107-HRH
Reply in Support of Motion to Dismiss    Page 18 of 19

**CERTIFICATE OF SERVICE**

I hereby certify that on May 28, 2026, a copy of the foregoing was served by electronic means on all counsel of record by the Court's CM/ECF system and on the following parties by regular U.S. mail:[57]

Michael L. Gottschalk
P.O. Box 25
Naknek, AK 99633

Glenda G. Williams
6820 Rovenna Street
Anchorage, AK 99518

Roylene A. Mancuso
P.O. Box 381
Naknek, AK 99633

*/s/ Andrew Erickson*

_____

Andrew Erickson

---

[57] The Estate of George F. Gottschalk, Jr. has been left off this service list because the Superior Court for the State of Alaska, Third Judicial District at Dillingham, ruled on May 18, 2026, that it was error for the court to reopen the estate and reappoint a personal representative based on the Plaintiffs' time-barred claims. No. 3DI-08-00017PR.