Andrew Erickson
Jackson Morawski
LANDYE BENNETT BLUMSTEIN LLP
701 West Eighth Avenue, Suite 1100
Anchorage, AK 99501
(907) 276-5152
andye@lbblawyers.com
jacksonm@lbblawyers.com

*Attorneys for Defendant Archie N. Gottschalk*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ORIN WILLIAMS and SHERILL WILLIAMS, individually and as a marital community,<br><br>Plaintiffs,<br><br>v.<br><br>ESTATE OF GEORGE F. GOTTSCHALK, JR., *et al.*,<br><br>Defendants. | Case No. 3:26-cv-00107-HRH |

### DEFENDANT ARCHIE N. GOTTSCHALK'S OPPOSITION TO PLAINTIFFS' MOTION FOR ENLARGEMENT OF TIME TO SERVE REMAINING DEFENDANTS

The Plaintiffs fail to show "good cause" why their request for 90 "more days to complete service on all Defendants" should be granted. The Plaintiffs

*Williams v. Estate of George F. Gottschalk, Jr.*   Case No. 3:26-cv-00107-HRH
Opposition to Motion for Enlargement of Time                      Page 1 of 9

Case 3:26-cv-00107-HRH   Document 38   Filed 06/08/26   Page 1 of 9

filed this action on March 9, 2026, and as of today, they have had 91 days to serve the defendants. Pursuant to Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Here, Defendants Roylene Gottschalk [Mancuso],[1] Gilbert Gottschalk, and the Estate of George F. Gottschalk, Jr. have not been served, and the Plaintiffs have not offered any reasons why not. Thus, the claims against those defendants should be dismissed.[2]

Under Rule 4(m), time for service of a compliant may be extended "if the plaintiff shows *good cause* for the failure" of service.[3] "[A]t a minimum, 'good cause' means excusable neglect.' "[4] The Ninth Circuit has explained "that a plaintiff may be required to show the following factors in order to bring the excuse to the level of good cause: '(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) the

---

[1]     Defendant Roylene Gottschalk is referred to incorrectly by the Plaintiffs by her former name, Roylene Mancuso.

[2]     Mr. Gottschalk takes no position regarding the adequacy of alleged service on Defendants Michael Gottschalk and Glenda Williams.

[3]     Fed. R. Civ. P. 4(m) (emphasis added).

[4]     *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001) (quoting *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)).

*Williams v. Estate of George F. Gottschalk, Jr.*    Case No. 3:26-cv-00107-HRH
Opposition to Motion for Enlargement of Time                    Page 2 of 9

Case 3:26-cv-00107-HRH    Document 38    Filed 06/08/26    Page 2 of 9

plaintiff would be severely prejudiced if his complaint were dismissed.' "[5] Here, the Plaintiffs have not shown the existence of any of those factors. In fact, the Plaintiffs have not offered any reasons for their failure to serve the remaining defendants whatsoever.

The Plaintiffs' request for additional time for service should be denied because they have not shown "good cause" under Rule 4(m). *First*, the Plaintiffs make the unsupported assertion that they have "been attempting" to serve Defendant Roylene Gottschalk [Mancuso] "but have not completed service to date."[6] Importantly, the Plaintiffs offer no reason for their failure. Although Exhibit A to the Plaintiffs' Motion indicates that on May 21, 2026, the Plaintiffs sent a copy of the summons and complaint to the Alaska Department of Public Safety for service on Ms. Gottschalk [Mancuso],[7] the Plaintiffs do not explain why they waited *74 days* after filing the complaint to attempt such service.

The record in this case indicates that the Plaintiffs' failure to effectuate service was due to their own lack of diligence, rather than for any reasonable excuse. After the complaint was filed on March 9, 2026, the Plaintiffs waited

---

[5]     *Barnette*, 923 F.2d at 756.

[6]     Docket No. 37 at 2.

[7]     Docket No. 37-1 at 1.

*Williams v. Estate of George F. Gottschalk, Jr.*     Case No. 3:26-cv-00107-HRH
Opposition to Motion for Enlargement of Time                              Page 3 of 9

until March 30 to submit proposed summonses to the Clerk of Court.[8] However, four of those initial proposed summonses were defective because they were duplicates of the proposed summons to Mr. Gottschalk, omitting any of the other defendants. The Plaintiffs notified this Court of their error on April 1 and corrected summonses were issued.[9] Thus, the Plaintiffs lost 23 days out of the allowable 90 days for service solely because of their own mistakes and delays.

*Second*, the Plaintiffs' inability to correctly identify the proper defendants for their claims is not a reason to extend time for service on the existing, named defendants. The Plaintiffs contend that they need additional time for a "a title report," and incorrectly assert that Mr. Gottschalk has not already provided that information to this Court.[10] In fact, Mr. Gottschalk submitted a certified BIA Title Status Report as Exhibit O to his Opposition to Motion for Temporary Restraining Order (Docket No. 11-16), which shows that the allotment at issue "is held by the United States of America in trust"[11] and that Mr. Gottschalk holds sole, restricted title to the west half of Lot 7, subject to life estates held by Michael Gottschalk, Roylene Gottschalk [Mancuso], Jane

---

[8] *See* Docket No. 3 (Order re Case Status); Docket No. 5 (proposed summonses).

[9] Docket No. 7; Docket No. 8.

[10] Docket No. 37 at 2.

[11] Docket No. 11-16 at 1.

*Williams v. Estate of George F. Gottschalk, Jr.*   Case No. 3:26-cv-00107-HRH
Opposition to Motion for Enlargement of Time                     Page 4 of 9

Gottschalk, Jamie Marie Slack, Kelsey Anne Slack, and Donna Mae Williams.[12] Just as the Plaintiffs have misread and mischaracterized the Alaska Native Allotment Subdivision Act in their complaint, they have now misread and mischaracterized the deeds produced by Mr. Gottschalk as exhibits. If, for some reason, the Plaintiffs did not understand the certified BIA Title Status Report, they have now had 57 days in which they could have resolved those questions. In sum, there was no justification for the Plaintiffs' failure to conduct basic due diligence on the proper defendants before bringing this lawsuit, and there is certainly no justification for an extension of time to serve the named defendants now.

*Third*, the Plaintiffs incorrectly claim that they only learned of George F. Gottschalk, Jr.'s death "[s]ince the filing of the litigation."[13] However, the complaint in this action names the first defendant as "the Estate of George F. Gottschalk, Jr.," leaving no doubt that the Plaintiffs knew, as of March 9, that George F. Gottschalk, Jr. was deceased. In fact, on March 30, 2026, the Plaintiffs filed a "Motion to Reopen the Estate for a Limited Purpose" in the matter

---

[12]     Docket No. 11-16 at 5-6. Each of the BIA-approved deeds conveying interests in the allotment were included as exhibits to Mr. Gottschalk's Opposition to Motion for Temporary Restraining Order. *See* Docket No. 11-14.

[13]     Docket No. 37 at 2.

Case 3:26-cv-00107-HRH     Document 38     Filed 06/08/26     Page 5 of 9

of the *Estate of George F. Gottschalk, Jr.*, Case No. 3DI-08-00017PR.[14] In that motion, the Plaintiffs argued that the "purpose of reopening the instant case is to permit the appointment and service of a personal representative for the Estate of George F. Gottschalk, Jr."[15]

On April 14, the Alaska Superior Court granted the Plaintiffs' motion, reopening the estate and re-appointing Archie Gottschalk as the personal representative.[16] However, on May 18, the Superior Court vacated that order after Mr. Gottschalk filed a motion for reconsideration, pointing out that Alaska statutes barred re-opening the estate and that his due process rights were violated by the re-appointment without prior notice.[17] Thus, based on the Superior Court's May 18 Order,[18] there is no longer any possibility that the Estate of George F. Gottschalk Jr. can be served and there is no reason why the Estate should not be promptly dismissed as a defendant in this case.

---

[14]     Exhibit A.

[15]     Exhibit A at 1.

[16]     Exhibit B.

[17]     Exhibit C.

[18]     Exhibit D at 2 ("It was error for the court to re-open the estate without citing to or relying on any legal authority to do so."); Exhibit D at 3 ("It was error for the court to re-appoint [Mr. Gottschalk] without any request to reappoint him specifically, and to appoint him without his acceptance of the duties and responsibilities associated with the appointment.");

*Williams v. Estate of George F. Gottschalk, Jr.*     Case No. 3:26-cv-00107-HRH
Opposition to Motion for Enlargement of Time                    Page 6 of 9

Case 3:26-cv-00107-HRH    Document 38    Filed 06/08/26    Page 6 of 9

*Fourth*, and finally, the Plaintiffs do not explain why they have not promptly dismissed Gilbert Gottschalk as a defendant. In his April 11 Opposition to Motion for Temporary Restraining Order, Mr. Gottschalk explained that Gilbert Gottschalk had passed away on May 3, 2015—more than 11 years ago.[19] Inexplicably, the Plaintiffs claim that they waited until May 22, 2026 to confirm that "Gilbert Gottschalk is deceased, and service is no longer required for him."[20] However, the Plaintiffs fail to explain that delay or provide any reason why waiting upon further "confirmation of all interested parties" in this lawsuit is appropriate.[21] The Plaintiffs should have promptly filed a notice of dismissal for Gilbert Gottschalk. Instead, they continued to include Gilbert Gottshalk on their service lists and have not yet taken any action to dismiss him as a named defendant. Thus, there is no reason that Gilbert Gottschalk should not be dismissed as a defendant in this case.

## CONCLUSION

For the foregoing reasons, the Plaintiffs' Motion for Enlargement of Time to Serve Remaining Defendants should be denied.

Respectfully submitted.

---

[19]    Docket No. 11 at 6 n.13.

[20]    Docket No. 37 at 2.

[21]    Docket No. 37 at 2.

*Williams v. Estate of George F. Gottschalk, Jr.*    Case No. 3:26-cv-00107-HRH
Opposition to Motion for Enlargement of Time                              Page 7 of 9

Case 3:26-cv-00107-HRH    Document 38    Filed 06/08/26    Page 7 of 9

DATED: June 8, 2026        LANDYE BENNETT BLUMSTEIN LLP

*/s/ Andrew Erickson*

_____
Andrew Erickson, Alaska Bar No. 1605049
Jackson Morawski, Alaska Bar No. 2310113

*Attorneys for Defendant Archie N. Gottschalk*

*Williams v. Estate of George F. Gottschalk, Jr.*   Case No. 3:26-cv-00107-HRH
Opposition to Motion for Enlargement of Time        Page 8 of 9

Case 3:26-cv-00107-HRH   Document 38   Filed 06/08/26   Page 8 of 9

**CERTIFICATE OF SERVICE**

I hereby certify that on June 8, 2026, a copy of the foregoing was served

by electronic means on all counsel of record by the Court's CM/ECF system and

on the following parties by U.S. mail:[22]

Michael L. Gottschalk
P.O. Box 25
Naknek, AK 99633

Glenda G. Williams
6820 Rovenna Street
Anchorage, AK 99518

Roylene A. Gottschalk [Mancuso]
P.O. Box 381
Naknek, AK 99633

*/s/ Andrew Erickson*

_____

Andrew Erickson

---

[22]    The Estate of George F. Gottschalk, Jr. has been left off this service list because the Superior Court for the State of Alaska, Third Judicial District at Dillingham, ruled on May 18, 2026, that it was error for the court to reopen the estate and reappoint a personal representative based on the Plaintiffs' time-barred claims. No. 3DI-08-00017PR.

*Williams v. Estate of George F. Gottschalk, Jr.*   Case No. 3:26-cv-00107-HRH
Opposition to Motion for Enlargement of Time                    Page 9 of 9

Case 3:26-cv-00107-HRH    Document 38    Filed 06/08/26    Page 9 of 9