Andrew Erickson
Jackson Morawski
LANDYE BENNETT BLUMSTEIN LLP
701 West Eighth Avenue, Suite 1100
Anchorage, AK 99501
(907) 276-5152
andye@lbblawyers.com
jacksonm@lbblawyers.com

*Attorneys for Archie N. Gottschalk*

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT DILLINGHAM

| | |
|---|---|
| In the Matter of the Estate of:<br><br>GEORGE G. GOTTSCHALK, JR.,<br><br>Decedent. | |
| | Case No. 3DI-08-00017PR |

**MOTION FOR RECONSIDERATION OF ORDER GRANTING
MOTION TO REOPEN THE ESTATE FOR A LIMITED PURPOSE**

Archie N. Gottschalk hereby moves this Court for reconsideration of its

April 14, 2026 Order granting Orin Williams and Sherill Williams' Motion to

Reopen the Estate for a Limited Purpose.

*First*, this Court "overlooked, misapplied, or failed to consider a statute"

that is directly controlling on this issue.[1] The statutory requirements for re-

---

[1]     Alaska R. Civ. P. 77(k).

opening an estate and re-appointing a personal representative have not been met.[2] Under AS 13.16.655, a personal representative may be re-appointed after an estate is closed only if "other property of the estate is discovered after an estate has been settled." However, "no claim previously barred may be asserted in the subsequent administration."[3]

Here, the Williams's Motion was intended to re-appoint a personal representative for the sole purpose of asserting time-barred claims against the Estate in a separate federal court action.[4] Under AS 13.16.460, claims against an estate arising before the decedent's death are barred unless presented within three years of the death.[5] The Williamses assert that the Estate is liable for claims that accrued as far back as the 1980s. Because those claims were never timely raised in this probate case, they cannot be raised now, more than 16 years later.[6]

Importantly, the Motion does not assert that any newly identified property of the Estate has been identified. Thus, under the controlling statute,

---

[2]  AS 13.16.655.

[3]  *Id.*

[4]  Motion at 1 (citing Case No. 3:26-cv-00107-HRH (D. Alaska)).

[5]  *Jaworski v. Estates of Horwath*, 277 P.3d 753, 753 (Alask 2012).

[6]  AS 13.16.460.

*ITMO Estate of George F. Gottschalk, Jr.*     Case No. 3DI-08-00017PR
Motion for Reconsideration                                   Page 2 of 4

AS 13.16.655, reopening the Estate and re-appointing Mr. Gottschalk as the personal representative was a mistake of law.

*Second*, this Court "overlooked or misconceived" a material proposition of law.[7] Mr. Gottschalk's due process rights were violated by his re-appointment as personal representative without prior notice and an opportunity to oppose the Motion. The Motion was neither served on Mr. Gottschalk, nor his current attorneys, before it was ruled upon, as required by fundamental principles of due process and AS 13.16.[8]

Re-appointment as a personal representative involves the imposition of serious legal duties and carries the risk of personal liability. A personal representative is a fiduciary who must observe the standards of care applicable to trustees under the law, including the duties of loyalty and impartiality. These are continuing responsibilities that Mr. Gottschalk has neither requested nor consented to in this closed probate case.

Thus, even if re-opening the Estate for the sole purpose of raising time-barred claims did not violate Alaska statutes, which it clearly does, re-

---

[7]     Alaska R. Civ. P. 77(k).

[8]     *See* AS 13.16.110 (requiring that appointment of personal representative may only be upon "qualification and acceptance").

*ITMO Estate of George F. Gottschalk, Jr.*          Case No. 3DI-08-00017PR
Motion for Reconsideration                                          Page 3 of 4

appointing Mr. Gottschalk as the personal representative without notice or consent was a mistake of law, and a violation of his constitutional rights.

This Court should reconsider its Order and vacate its re-appointment of Mr. Gottschalk as the personal representative in this closed Estate.

Respectfully submitted.


DATED: April 24, 2026          LANDYE BENNETT BLUMSTEIN LLP

                               */s/ Andrew Erickson*
                               _____
                               Andrew Erickson, Alaska Bar No. 1605049
                               Jackson Morawski, Alaska Bar No. 2310113

                               *Attorneys for Archie N. Gottschalk*


**Certificate of Service**

I hereby certify that on April 24, 2026
a true and correct copy of the foregoing
was served by email to:

Stacey C. Stone
Carolyn E. Clark
Holmes Weddle & Barcott, P.C.
sstone@hwb-law.com
cclark@hwb-law.com

*/s/ Andrew Erickson*
_____
Andrew Erickson

*ITMO Estate of George F. Gottschalk, Jr.*          Case No. 3DI-08-00017PR
Motion for Reconsideration                                    Page 4 of 4

**Exhibit C**
**Page 4 of 5**

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT DILLINGHAM

In the Matter of the Estate of:

GEORGE G. GOTTSCHALK, JR.,

Decedent.

Case No. 3DI-08-00017PR

**(PROPOSED) ORDER GRANTING MOTION FOR RECONSIDERATION**

Archie N. Gottschalk's Motion for Reconsideration is GRANTED. This Court's April 14, 2026 Order Granting Motion to Reopen the Estate for a Limited Purpose, and re-appointing Mr. Gottschalk as personal representative of the Estate, is hereby VACATED. This probate case is closed.

IT IS SO ORDERED.

_____                    _____

Date                                                        The Honorable Christina L. Reigh
                                                               Superior Court Judge

*ITMO Estate of George F. Gottschalk, Jr.*                    Case No. 3DI-08-00017PR
(Proposed) Order Granting Motion for Reconsideration                    Page 1 of 1