# IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
## THIRD JUDICIAL DISTRICT AT DILLINGHAM

In the Matter of the Estate of )
)
GEORGE F. GOTTSCHALK, SR. )
) Case No. 3DI-08-00017 PR
_____ )

## ORDER GRANTING MOTION FOR RECONSIDERATION

The court has overlooked, misapplied, or failed to consider a statute or principle that directly controls the subsequent administration of an estate.[1]

Orin Williams and Sherill Williams petitioned the court to re-open the above-captioned estate. The court granted the Williamses' request, despite the Williamses' failure to provide any legal authority to re-open the estate and the court's further failure to cite to any authority when doing so. The court appointed Archie Gottschalk as the personal representation based simply on the fact that Mr. Gottschalk was the personal representative appointed when the case originated in 2008. The estate has been closed since May 2009.

The subsequent administration of an estate is authorized upon a petition by any interested person, when other property of an estate is discovered.[2] Claims that were previously barred may not be asserted in the subsequent administration.[3]

The "other property" the Williamses seek to address involves a newly filed federal lawsuit.[4] Although the Williamses argue that the sole purpose to re-open the estate is to

---

[1] Civil Rule 77(k)(1)(i).
[2] AS 13.16.655.
[3] AS 13.16.655.
[4] Case No 3:26-cv-00107-HRH.
**Order Granting Motion for Reconsideration**
*ITMO the Estate of George F. Gottschalk, Sr.*
Case No. 2DI-08-00017PR
Page 1 of 4

**Exhibit D**
**Page 1 of 4**

serve the estate with the federal lawsuit,[5] their original motion also sought the appointment of a personal representative to appear on behalf of the estate and represent the estate's interests through the federal litigation.[6]

Regardless of the subject of federal litigation, there is nothing in the record in this probate matter to indicate any claims could be brought against the estate. Alaska Statute 13.16.460 places limitations on claims against an estate. All claims against an estate that arose before the decedent's death are barred unless they are presented within four months after the publication of creditors.[7] Claims that arose at or after the decedent's death are barred if not filed within four months after the claim arises.[8] Here, the decedent died on July 8, 2006, so the time for a claim that could re-open the estate has likely passed. There are exceptions to these limitations,[9] but the Williamses have not established for the record in this case that their claims are not barred. To be clear, this court has no authority in the federal case and is not drawing any conclusions of the timeliness of the claim(s) in that case.

The Williamses did not cite to any legal authority to support their request in either the motion to re-open the estate or in response to the motion for reconsideration. It was error for the court re-open the estate without citing to or relying on any legal authority to do so.

---

[5] *Response to Motion for Reconsideration of Order Granting Motion to Reopen the Estate of a Limited Purpose* at 1.

[6] *Motion to Reopen the Estate for a Limited Purpose* at 1.

[7] AS 13.16.460(a)(1). If no *Notice to Creditor* was published, then claims are limited to three years after the decedent's death. AS 13.16.460(a)(2). The personal representative published a *Notice of Creditors* more than six months prior to April 6, 2009. *Sworn Statement to Close Estate* at 1.

[8] AS 13.16.460(b).

[9] AS 13.16.460(c).

**Order Granting Motion for Reconsideration**
*ITMO the Estate of George F. Gottschalk, Sr.*
Case No. 2DI-08-00017PR
Page 2 of 4

Further, the court re-appointed Archie Gottschalk as the personal representative of the estate without anyone specifically requesting he be appointed. Neither the Williamses nor Mr. Gottschalk himself asked for the previous personal representative to be re-appointed. The court, on its own, selected Archie Gottschalk based on his prior appointment and the lack of any other proposed persons. The appointment of a personal representative is terminated one year after the filing of a closing statement.[10] The closing statement in this case was filed in May 2009; therefore, Archie Gottschalk's authority to act on behalf of the estate ended in May 2010. This authority includes the "authority to represent the estate in any pending or future proceeding."[11] It was error for the court to re-appoint him without any request to appoint him specifically, and to appoint him without his acceptance of the duties and responsibilities associated with the appointment.[12]

Finally, Archie Gottschalk also argues that he was not afford due process because he was not properly served with the motion to re-open the estate. Service does appear to be deficient. However, the failure to provide him with proper service was remedied when he participated in the proceeding through counsel and was provided an opportunity to be heard.[13]

The motion for reconsideration is GRANTED; the *Order Granting Motion to Reopen the Estate for a Limited Purpose* is VACATED; and the *Motion to Reopen the Estate for a Limited Purpose* is hereby DENIED.

---

[10] AS 13.16.290(a).
[11] AS 13.16.280.
[12] AS 13.16.250.
[13] *In re Estate of Fields*, 219 P.3d 995, 1009 (Alaska 2009)(holding that by voluntarily appearing in the proceedings, the decedent's adult children submitted to the court's jurisdiction, alleviating the need for formal service of process).

**Order Granting Motion for Reconsideration**
*ITMO the Estate of George F. Gottschalk, Sr.*
Case No. 2DI-08-00017PR
Page 3 of 4

ORDERED this 18th day of May, 2026.



_____
Christina Reigh
Superior Court Judge

I certify that on___5/18/26_____
a copy of this document was sent/faxed to
the attorneys of record or other, All Parties

Skrstovich_____
Clerk

**Order Granting Motion for Reconsideration**
*ITMO the Estate of George F. Gottschalk, Sr.*
Case No. 2DI-08-00017PR
Page 4 of 4

**Exhibit D**
**Page 4 of 4**