Stacey C. Stone, Esq.
Alaska Bar No.: 1005030
Carolyn E. Clark, Esq.
Alaska Bar No.: 2304029
Holmes Weddle & Barcott, P.C.
2550 Denali Street, Suite 500
Anchorage, AK 99503
Phone: (907) 274-0666
Fax:    (907) 277-4657
sstone@hwb-law.com
cclark@hwb-law.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ORIN and SHERILL WILLIAMS, individually and as a marital community,<br>Plaintiffs,<br>v.<br><br>ARCHIE N. GOTTSCHALK, an individual; MICHAEL L. GOTTSCHALK, an individual; ROYLENE GOTTSCHALK (FKA ROYLENE MANCUSO), an individual; JANE GOTTSCHALK, an individual; JAMIE MARIE SLACK, an individual; KELSEY ANNE SLACK, an individual; and DONNA MAE WILLIAMS, an individual;<br>Defendants. | Case No.: 3:26-cv-00107-HRH |

**FIRST AMENDED COMPLAINT**

COME NOW Plaintiffs Orin Williams and Sherill Williams (hereinafter "Plaintiffs") and allege as follows:

### I.    PARTIES

1.      Plaintiffs Orin and Sherill Williams are individuals forming a marital community, residing in the State of Alaska, and are the owners of Lot 6, Block 2, Donna G. Subdivision, according to the official plat thereof, filed under Plat Number 80-7, Records of the Kvichak Recording District, Third Judicial District, State of Alaska. Plaintiffs also occupy and possess the west half of Lot 7, Block 2, Donna G. Subdivision.

First Amended Complaint                                                                    Page 1
*Orin and Sherill Williams v. Archie N. Gottschalk, et al.*          Case No: 3:26-CV-00107-HRH
Case 3:26-cv-00107-HRH     Document 41-2     Filed 06/15/26     Page 1 of 16

HOLMES WEDDLE & BARCOTT, PC
2550 DENALI STREET, SUITE 500
ANCHORAGE, AK 99503-2752
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

2. Defendant Archie Gottschalk is an individual claiming title to the west half of Lot 7, Block 2, Donna G. Subdivision, according to the official plat thereof, filed under Plat Number 80-7, Records of the Kvichak Recording District, Third Judicial District, State of Alaska.

3. Defendant Michael Gottschalk is an individual claiming a life estate in the west half of Lot 7, Block 2, Donna G. Subdivision, according to the official plat thereof, filed under Plat Number 80-7, Records of the Kvichak Recording District, Third Judicial District, State of Alaska.

4. Defendant Roylene Gottschalk (FKA Roylene Mancuso) is an individual claiming a life estate in the west half of Lot 7, Block 2, Donna G. Subdivision, according to the official plat thereof, filed under Plat Number 80-7, Records of the Kvichak Recording District, Third Judicial District, State of Alaska.

5. Defendant Jane Gottschalk is an individual claiming a life estate in the west half of Lot 7, Block 2, Donna G. Subdivision, according to the official plat thereof, filed under Plat Number 80-7, Records of the Kvichak Recording District, Third Judicial District, State of Alaska.

6. Defendant Jamie M. Slack is an individual claiming a life estate in the west half of Lot 7, Block 2, Donna G. Subdivision, according to the official plat thereof, filed under Plat Number 80-7, Records of the Kvichak Recording District, Third Judicial District, State of Alaska.

7. Defendant Kelsey A. Slack is an individual claiming a life estate in the west half of Lot 7, Block 2, Donna G. Subdivision, according to the official plat thereof, filed under Plat Number 80-7, Records of the Kvichak Recording District, Third Judicial District, State of Alaska.

8. Defendant Donna Mae Williams is an individual claiming a life estate in the west half of Lot 7, Block 2, Donna G. Subdivision, according to the official plat thereof, filed under Plat Number 80-7, Records of the Kvichak Recording District,

HOLMES WEDDLE & BARCOTT, PC
2550 DENALI STREET, SUITE 500
ANCHORAGE, AK 99503-2752
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

First Amended Complaint
*Orin and Sherrill Williams v. Archie N. Gottschalk, et al.*
Page 2
Case No: 3:26-CV-00107-HRH
Case 3:26-cv-00107-HRH    Document 41-2    Filed 06/15/26    Page 2 of 16

Third Judicial District, State of Alaska.

## II.     JURSIDICTION AND VENUE

9.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this matter involves interpretation and application of the 1971 Alaska Native Claims Settlement Act, 43 U.S.C. § 1601 et seq., and the 2004 Alaska Native Allotment Subdivision Act, Pub. L. 108-337.

10.     This Court also has subject matter jurisdiction over this action pursuant 28 U.S.C. § 1360 because the dispute involves adjudication of issues involving ownership and/or possession of land potentially held in trust by the United States or subject to a restriction against alienation imposed by the United States under the 1971 Alaska Native Claims Settlement Act, 43 U.S.C. § 1601 et seq., and the 2004 Alaska Native Allotment Subdivision Act, Pub. L. 108-337.

11.     This Court is the proper venue for this action pursuant to 28 U.S.C. § 1391(b) because the subject property is located in this judicial district.

## III.     FACTUAL ALLEGATIONS

12.     This dispute involves ownership of the western half of Lot 7, Block 2, Donna G. Subdivision, according to the official plat thereof, filed under Plat Number 80-7, Records of the Kvichak Recording District, Third Judicial District, State of Alaska ("Disputed Parcel").

13.     On August 24, 1976, pursuant to the 1906 Alaska Native Allotment Act, formerly 43 U.S.C. § 270-01 to 270-3, Donna Gottschalk was granted a Native Allotment of 125.36 acres. The Disputed Parcel was a small portion of that Native Allotment.

14.     In 1980, Donna Gottschalk subdivided 31.972 acres of the Native Allotment as the "Donna G. Subdivision," which was approved by the U.S. Department of the Interior, Bureau of Indian Affairs ("BIA") and recorded on

HOLMES WEDDLE & BARCOTT, PC
2550 DENALI STREET, SUITE 500
ANCHORAGE, AK 99503-2752
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

First Amedned Complaint                                                           Page 3
*Orin and Sherrill Williams v. Archie N. Gottschalk, et al.*          Case No: 3:26-CV-00107-HRH
Case 3:26-cv-00107-HRH     Document 41-2     Filed 06/15/26     Page 3 of 16

September 10, 1980, designated at Plat 80-7. A copy of Plat 80-7 is attached as Appendix A.

15. The Donna G. Subdivision has two blocks: Block 1 and Block 2.[1] Block 2 consists of eight lots, numbered 1 through 8. The Disputed Parcel is Lot 7 of Block 2. Below is a snippet from Appendix A showing the portion of Block 2 involved in this dispute.

16. On June 5, 1985, Donna Gottschalk deeded Lot 6, Block 2 of the Donna G. Subdivision to Morry Moorcroft and Donnalee Williams. The transfer was approved by the BIA. Pursuant to the 2004 Alaska Native Allotment Subdivision Act, Lot 6, Block 2 no longer had restrictions of alienation and taxation. Pub. L. 108-337, § 4. Lot 7 remained under the ownership of Donna Gottschalk.

17. Shortly after acquiring Lot 6, its new owners (Morry Moorcroft and Donnalee Williams) reached an agreement with Donna Gottschalk. Morry Moorcroft and Donnalee Williams agreed to upgrade 400 feet of Michael Street and put in 350 feet of Alexandra Drive in exchange for title to the neighboring parcel – Lot 7, Block 2 ("1985 Agreement"). Michael Street ran along the northern boundary of Block 2 (as shown above). Alexandra Drive ran north-south along the western boundary line between Lots 3 and 4, which were also still owned by Donna Gottschalk at that time.

18. Pursuant to the 1985 Agreement, Morry Moorcroft and Donnalee Williams upgraded 400 feet of Michael Street, created 350 feet of Alexandra Drive,

---

[1] At a later date, additional subdivision occurred (Donna G. II Subdivision), creating additional blocks not involved in this dispute.

HOLMES WEDDLE & BARCOTT, PC
2550 DENALI STREET, SUITE 500
ANCHORAGE, AK 99503-2752
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

First Amended Complaint                                                           Page 4
*Orin and Sherrill Williams v. Archie N. Gottschalk, et al.*       Case No: 3:26-CV-00107-HRH
Case 3:26-cv-00107-HRH    Document 41-2    Filed 06/15/26    Page 4 of 16

and took possession of Lot 7 as their own property. They did so by clearing and leveling the lot immediately upon gaining possession and ownership. Thereafter, they stored vehicles, equipment, and building materials for the house they constructed on Lot 6 in 1986. Title to Lot 7 was not transferred to Morry Moorcroft and Donnalee Williams despite their adherence to the terms of the 1985 Agreement.

19. On December 7, 1986, Donna Gottschalk deeded the "E½ of Lot 7, Block 2 of the Donna G. Subdivision" to Norman Anderson ("Anderson Property"). The BIA approved the transfer. Pursuant to the 2004 Alaska Native Allotment Subdivision Act, the "East ½ of Lot 7, Block 2" no longer had restrictions of alienation and taxation. Pub. L. 108-337, § 4.

20. There was no recorded plat subdividing Lot 7 at the time, and it was therefore non-compliant with Alaska Law. Pursuant to the 2004 Alaska Native Allotment Subdivision Act, the remaining portion of Lot 7 (the west half, the Disputed Parcel) no longer had restrictions of alienation and taxation. Pub. L. 108-337, § 4.

21. On September 4, 1992, Donna Gottschalk passed away. She was survived by her husband and six children.

22. On February 22, 1993, Morry Moorcroft and Donnalee Williams deeded Lot 6, Block 2 to Orin Williams. Because the parcel had lost its restricted status in 1985, no BIA approval was required, and none was obtained.

23. Shortly after acquiring ownership in 1993, Orin Williams constructed a building on the Disputed Parcel that spanned the boundary line between Lots 6 and 7. It was built under the good faith belief that title to the Disputed Parcel had previously passed to Morry Moorcroft and Donnalee Williams under the terms of the 1985 Agreement. The building is still in existence. The building constructed on the Disputed Parcel is a shop that is utilized for equipment maintenance and commercial activities. Other semi-permanent items span the property line, including a large storage trailer. Orin Williams resided in the home constructed on Lot 6, Block 2 by

HOLMES WEDDLE & BARCOTT, PC
2550 DENALI STREET, SUITE 500
ANCHORAGE, AK 99503-2752
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

First Amended Complaint
*Orin and Sherrill Williams v. Archie N. Gottschalk, et al.*
Page 5
Case No: 3:26-CV-00107-HRH
Case 3:26-cv-00107-HRH    Document 41-2    Filed 06/15/26    Page 5 of 16

Morry Moorcroft and Donnalee Williams for many years. While in residence, Orin Williams utilized the shop and grounds, including a storage trailer, on the Disputed Parcel for his personal use and business operations, which is now leased to a tenant who conducts similar activity ("Tenant").

24.    In addition to building structures, Orin Williams maintained and utilized the property by maintenance, landscaping, parking vehicles, maintaining a driveway and otherwise using the property as his own. Attached as Appendix B is a satellite image showing the structures spanning the boundary line between Lot 6 (389 East Michael) and the west half of Lot 7 (409 East Michael). A snippet is below.



25.    On February 23, 1995, Orin Williams deeded by quitclaim Lot 6, Block 2 to Orin Williams and Sherill Williams. Because the parcel had lost its restricted status in 1985, no BIA approval was required, and none was obtained.

26.    Orin Williams and Sherill Williams continued to utilize the Disputed Parcel as their own, including maintenance, landscaping, parking vehicles, maintaining a driveway, and otherwise using the Disputed Parcel as their own.

HOLMES WEDDLE & BARCOTT, PC
2550 DENALI STREET, SUITE 500
ANCHORAGE, AK 99503-2752
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

First Amended Complaint                                                                 Page 6
*Orin and Sherrill Williams v. Archie N. Gottschalk, et al.*        Case No: 3:26-CV-00107-HRH
Case 3:26-cv-00107-HRH    Document 41-2    Filed 06/15/26    Page 6 of 16

HOLMES WEDDLE & BARCOTT, PC
2550 DENALI STREET, SUITE 500
ANCHORAGE, AK 99503-2752
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

27.     On August 31, 2013, Sherill Williams and Michael Gottschalk entered a Purchase Agreement in which three vehicles would be given to Michael Gottschalk in exchange for $50,000 and documentation of ownership of Lot 7 Block 2 ("2013 Agreement"). Michael Gottschalk paid $50,000 and collected two of the three vehicles. Documentation of ownership was not provided as agreed. Sherill Williams acted in good faith while obtaining the 2013 Agreement.

28.     Following the 2013 Agreement, Orin Williams and Sherill Williams continued to utilize the Disputed Parcel as their own, including maintenance, landscaping, parking vehicles, maintaining a driveway, and otherwise using the Disputed Parcel as their own.

29.     On August 13, 2015, a survey of the East ½ Lot 7 Block 2 was conducted as described on the 1986 deed ("2015 Survey"). As noted in the 2015 Survey, it "does not constitute a subdivision as defined by AS 40.15.900(5A)." The 2015 Survey, attached as Appendix C, was recorded on December 21, 1995. A snippet from the 2015 Survey is below.



30.     In the above depiction, the portion of Lot 7 labeled "Lot 7 Remainder" is the Disputed Parcel in this action.

31.     On March 10, 1995, the U.S. Dept. of the Interior issued an Order

First Amended Complaint                                                                    Page 7
*Orin and Sherrill Williams v. Archie N. Gottschalk, et al.*          Case No: 3:26-CV-00107-HRH
Case 3:26-cv-00107-HRH      Document 41-2      Filed 06/15/26      Page 7 of 16

Determining Heirs, to settle ownership of Donna Gottschalk's remaining Native Allotment after her passing ("1995 Order"). The remaining Native Allotment was divided among four of her, at that time, surviving children: George Gottschalk, Jr., Archie Gottschalk, Gilbert Gottschalk, and Michael Gottschalk. On the list of properties to be settled was the "West ½ of Lot 7, Block 2 of the Donna G. Subdivision."

32. Plaintiffs did not receive notice of, nor were involved in, the 1995 proceedings.

33. The 1995 Order was appealed, and on February 4, 2000, the U.S. Dept. of the Interior issued a Decision on Remand and Recommended Decision revising the ownership of Donna Gottschalk's remaining Native Allotment ("2000 Order"). The remaining Native Allotment was divided among all *six* of her children: George Gottschalk, Jr., Archie Gottschalk, Glenda Williams, Gilbert Gottschalk, Roylene Mancuso, and Michael Gottschalk.

34. Plaintiffs did not receive notice of, nor were involved in, the 2000 proceedings.

35. On July 8, 2006, George Gottschalk, Jr. passed away.

36. On January 31, 2008, the U.S. Dept. of the Interior issued a Decision in the matter of the Estate of George F. Gottschalk. This Decision transferred George's interest in the Disputed Parcel to Jane Gottschalk, Clayton W. Gottschalk, and Archie Gottschalk in equal shares.

37. Plaintiffs did not receive notice of, nor were involved in, the 2008 proceedings.

38. On May 3, 2015, Gilbert M. Gottschalk passed away.

39. On April 9, 2024, the U.S. Dept. of the Interior issued a Decision in the matter of the Estate of Gilbert Max Gottschalk. This Decision transferred Gilbert's interest in the Disputed Parcel to Jaime M. Slack and Kelsey A. Slack in equal shares.

HOLMES WEDDLE & BARCOTT, PC
2550 DENALI STREET, SUITE 500
ANCHORAGE, AK 99503-2752
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

First Amendment Complaint                                                                 Page 8
*Orin and Sherrill Williams v. Archie N. Gottschalk, et al.*                Case No: 3:26-CV-00107-HRH
Case 3:26-cv-00107-HRH    Document 41-2    Filed 06/15/26    Page 8 of 16

HOLMES WEDDLE & BARCOTT, PC
2550 DENALI STREET, SUITE 500
ANCHORAGE, AK 99503-2752
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

40. Plaintiffs did not receive notice of, nor were involved in, the 2024 proceedings.

41. On August 26, 2022, Clayton W. Gottschalk passed away.

42. On May 28, 2024, the U.S. Dept. of the Interior issued a Decision in the matter of the Estate of Clayton Wayne Gottschalk. This Decision transferred Clayton's interest in the Disputed Parcel to Archie Gottschalk, Glenda G. Williams, Roylene A. Gottschalk, and Michael L. Gottschalk, each obtaining one fifth (1/5) of the interest and Jaime M. Slack and Kelsey A. Slack obtaining one tenth (1/10) of the interest.

43. The foregoing left Archie, Glenda, Roylene, Michael, and Jane Gottschalk, Jaime M. Slack, and Kelsey A. Slack with interests in the Disputed Parcel.

44. On or about May 3, 2025, Glenda Williams granted any interest she held in the Disputed Parcel to Donna Mae Williams.

45. On or about November 14, 2025, Roylene, Michael, and Jane Gottschalk, Jaime M. Slack, and Kelsey A. Slack executed deeds to restricted land to convey title to Archie Gottschalk, but maintaining a life estate in the Disputed Parcel. These deeds were recorded on or about January 15, 2026.

46. Defendants have taken no legal action to remove Plaintiffs and/or Tenant from the Disputed Parcel or otherwise quiet title to the Disputed Parcel.

47. Instead, Defendants have verbally harassed Plaintiffs and/or their Tenants; sent intimidating, threatening, and/or harassing letters to Plaintiffs and/or their Tenants; stalked Plaintiffs' Tenant, and disrupted the possession and use of the Disputed Parcel.

## IV. CAUSES OF ACTION

### First Cause of Action

### (Quiet Title – Adverse Possession)

48. Plaintiffs repeat and re-allege the allegations contained in the foregoing

First Amendment Complaint                                                                                    Page 9
*Orin and Sherrill Williams v. Archie N. Gottschalk, et al.*          Case No: 3:26-CV-00107-HRH
Case 3:26-cv-00107-HRH    Document 41-2    Filed 06/15/26    Page 9 of 16

paragraphs as if set forth fully herein.

49.     Plaintiffs hold title to Lot 6 in fee simple.

50.     Morry Moorcroft, Donnalee Williams, Orin Williams, and Sherill Williams ("Owners of Lot 6") possessed the Disputed Parcel, and such possession was open and notorious, commencing in at least 1985 but no later than 1993 when structures were built on the Disputed Parcel.

51.     Possession of the Disputed Parcel by Owners of Lot 6 was actual and uninterrupted for more than ten years, commencing in at least 1985 but no later than 1993 when structures were built on the Disputed Parcel.

52.     Possession of the Disputed Parcel by Owners of Lot 6 was exclusive for more than ten years, commencing in at least 1985 but no later than 1993 when structures were built on the Disputed Parcel.

53.     Possession of the Disputed Parcel by Owners of Lot 6 was hostile for more than ten years, commencing in at least 1985 but no later than 1993 when structures were built on the Disputed Parcel.

54.     Based on the 1985 and 2013 Agreements, Owners of Lot 6 had a good faith belief that they were the legal owners of the Disputed Parcel.

55.     Owners of Lot 6 obtained color of title of the Disputed Parcel no later than 2013 when the 2013 Agreement was executed.

56.     As a result, Plaintiffs, through their predecessors in interest, acquired title to the Disputed Parcel through adverse possession.

57.     Plaintiffs are entitled to judgment quieting title to the Disputed Parcel in their favor.

## Second Cause of Action

### (Promissory Estoppel for the 1985 Agreement)

58.     Plaintiffs repeat and re-allege the allegations contained in the foregoing paragraphs as if set forth fully herein.

HOLMES WEDDLE & BARCOTT, PC
2550 DENALI STREET, SUITE 500
ANCHORAGE, AK 99503-2752
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

First Amended Complaint                                                                    Page 10
*Orin and Sherrill Williams v. Archie N. Gottschalk, et al.*          Case No: 3:26-CV-00107-HRH
Case 3:26-cv-00107-HRH     Document 41-2     Filed 06/15/26     Page 10 of 16

HOLMES WEDDLE & BARCOTT, PC
2550 DENALI STREET, SUITE 500
ANCHORAGE, AK 99503-2752
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

59.     The 1985 Agreement was an actual promise that induced action by Morry Moorcroft and Donnalee Williams and their successor, Orin Williams.

60.     Morry Moorcroft and Donnalee Williams acted on the 1985 Agreement by upgrading 400 feet of Michael Street, and creating 350 feet of Alexandra Drive, which substantially benefited Donna Gottschalk.

61.     Orin Williams acted on the 1985 Agreement by building structures on the Disputed Parcel.

62.     Donna Gottschalk actually foresaw, or reasonably should have foreseen, that the actions of Morry Moorcroft and Donnalee Williams, and their successors, would be induced.

63.     The building of roads and structures amounts to a substantial change in position.

64.     Owners of Lot 6 justifiably relied on the representations of Donna Gottschalk.

65.     Defendants took title of the Disputed Parcel only to the extent Donna Gottschalk had title to give.

66.     Defendants knew or should have known about the 1985 Agreement.

67.     Enforcement of the 1985 Agreement is necessary in the interests of justice.

68.     As successors in interest, Plaintiffs are entitled to the benefits of the 1985 Agreement.

### Third Cause of Action

### (Breach of 2013 Agreement)

69.     Plaintiffs repeat and re-allege the allegations contained in the foregoing paragraphs as if set forth fully herein.

70.     The 2013 Agreement is a valid and enforceable contract.

71.     Plaintiffs Sherill Williams and OWD & Son performed under the 2013

First Amended Complaint                                                                Page 11
*Orin and Sherrill Williams v. Archie N. Gottschalk, et al.*        Case No: 3:26-CV-00107-HRH
Case 3:26-cv-00107-HRH     Document 41-2     Filed 06/15/26     Page 11 of 16

Agreement.

72. Defendant Michael Gottschalk breached his contractual obligation by claiming ownership of the Disputed Parcel.

73. As a direct result of Defendant Michael Gottschalk's breach, Plaintiffs have or will suffer damages.

## Fourth Cause of Action

### (Promissory Estoppel for the 2013 Agreement)

74. Plaintiffs repeat and re-allege the allegations contained in the foregoing paragraphs as if set forth fully herein.

75. The 2013 Agreement was an actual promise that induced action by Plaintiffs.

76. As an heir to Donna Gottschalk's estate, Michael Gottschalk had actual or apparent authority to encumber the Disputed Parcel.

77. Plaintiffs acted on the 2013 Agreement by giving vehicles to Michael Gottschalk, and by continuing to utilize the Disputed Parcel as their own.

78. Michael Gottschalk actually foresaw, or reasonably should have foreseen, that the actions of Plaintiffs would be induced.

79. Plaintiffs' continued use of the Disputed Parcel amounts to a substantial change in position.

80. Plaintiffs justifiably relied on the representations of Michael Gottschalk.

81. Defendants took title of the Disputed Parcel encumbered by the 2013 Agreement.

82. Enforcement of the 2013 Agreement is necessary in the interests of justice.

## Fifth Cause of Action

### (Boundary by Acquiescence)

HOLMES WEDDLE & BARCOTT, PC
2550 DENALI STREET, SUITE 500
ANCHORAGE, AK 99503-2752
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

First Amended Complaint                                           Page 12
*Orin and Sherrill Williams v. Archie N. Gottschalk, et al.*      Case No: 3:26-CV-00107-HRH
Case 3:26-cv-00107-HRH    Document 41-2    Filed 06/15/26    Page 12 of 16

83. Plaintiffs repeat and re-allege the allegations contained in the foregoing paragraphs as if set forth fully herein.

84. As an alternative form of relief, the State of Alaska recognizes boundary by acquiescence. *Lee v. Konrad*, 337 P.3d 510, 518 (Alaska 2014).

85. There exists a dispute between Plaintiffs and Defendants regarding the location of the boundary between Plaintiffs' property and the Anderson Property.

86. Plaintiffs, and their predecessors, have continuously occupied the Disputed Parcel since at least 1985 but no later than 1993 when the structure was built on the Disputed Parcel.

87. Defendants, and their predecessors, acquiesced in the boundary line being at the line between "Lot 7 E ½" and "Lot 7 Remainder" as described in the 1986 deed to Norman Anderson, and depicted in the 2015 survey, both of which were created or caused by Defendants and/or their predecessors. The boundary line is marked by rebar, as shown on the 2015 Survey.

88. Plaintiffs, and their predecessors, have used the Disputed Parcel for a period of time longer than that required for adverse possession.

89. Plaintiffs are entitled to judgment quieting title to the Disputed Parcel in their favor.

## Sixth Cause of Action

### (Declaratory and Injunctive Relief)

90. Plaintiffs repeat and re-allege the allegations contained in the foregoing paragraphs as if set forth fully herein.

91. Plaintiffs allege they acquired title to the Disputed Parcel by adverse possession, the 1985 Agreement, the 2013 Agreement, and/or boundary by acquiescence. Defendants claim ownership under another theory.

92. An actual controversy has arisen and now exists between the parties concerning ownership of the Disputed Parcel.

HOLMES WEDDLE & BARCOTT, PC
2550 DENALI STREET, SUITE 500
ANCHORAGE, AK 99503-2752
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

First Amended Complaint                                                                Page 13
*Orin and Sherrill Williams v. Archie N. Gottschalk, et al.*          Case No: 3:26-CV-00107-HRH
Case 3:26-cv-00107-HRH    Document 41-2    Filed 06/15/26    Page 13 of 16

93. Defendants' verbal and written communications, stalking, and attempts to shut power off, have caused, will cause, and will continue to cause immediate and irreparable harm to Plaintiffs and their Tenants.

94. Plaintiffs seek a declaration of this Court that Plaintiffs are the legal owners of the Disputed Parcel and Defendants have no ownership interest therein.

95. Plaintiffs further seek injunctive relief prohibiting Defendants from making further harassing verbal or written statements, stalking, and/or attempting to turn off the power or otherwise interfering with Plaintiffs' enjoyment and use of the Disputed Parcel.

## Seventh Cause of Action

### (Unjust Enrichment)

96. Plaintiffs repeat and re-allege the allegations contained in the foregoing paragraphs as if set forth fully herein.

97. As an alternative form of relief if the Court does not quiet title in favor of Plaintiffs, Plaintiffs are entitled to compensation for unjust enrichment conferred upon Defendants for improvements made to the Disputed Parcel.

98. Plaintiffs conferred benefits upon Defendants including, but not limited to, improvement of the roadways adjacent to the Disputed Parcel, structures built on the Disputed Parcel, clearing, leveling, maintenance, landscaping, and protection of the Disputed Parcel.

99. Should Defendants be deemed legal owners of the Disputed Parcel, Defendants will appreciate the benefit of improvement of the roadways adjacent to the Disputed Parcel, structures built on the Disputed Parcel, clearing, leveling, maintenance, landscaping, protection of the Disputed Parcel, and others.

100. The value of the Disputed Parcel has increased as a result of benefits conferred by Plaintiffs.

101. Should Defendants be deemed legal owners of the Disputed Parcel,

HOLMES WEDDLE & BARCOTT, PC
2550 DENALI STREET, SUITE 500
ANCHORAGE, AK 99503-2752
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

First Amended Complaint                                                                 Page 14
*Orin and Sherrill Williams v. Archie N. Gottschalk, et al.*      Case No: 3:26-CV-00107-HRH
Case 3:26-cv-00107-HRH    Document 41-2    Filed 06/15/26    Page 14 of 16

Defendants would be accepting and retaining the benefits under circumstances that make it inequitable to retain the benefits without paying Plaintiffs the value thereof.

102. Plaintiffs are entitled to judgment in the amount of value of the benefit conferred.

## Eighth Cause of Action

### (Judicial Partition)

103. Plaintiffs repeat and re-allege the allegations contained in the foregoing paragraphs as if set forth fully herein.

104. If the Court does not quiet title in favor of Plaintiffs, the result will be that structures built by Plaintiffs straddle the property line between Lot 6 and the Disputed Parcel.

105. Plaintiffs would therefore own part of the structures, and Defendants would own part of the structures.

106. The structures cannot be practically divided, therefore judicial partition is the appropriate remedy.

107. Plaintiffs seek appointment of a referee to partition the structures and the properties they sit on. Partition would include Plaintiffs or Defendants buying the other out of the structures and the land they sit upon and/or modifying the property lines accordingly.

### V.    PRAYER FOR RELIEF

Wherefore, Plaintiffs pray for the following relief:

1. Judgment quieting title in favor of Plaintiffs;

2. Declaratory judgment in Plaintiffs' favor, declaring Plaintiffs owners of the Disputed Parcel;

3. An injunction prohibiting Defendants from harassing, stalking, and attempting to turn off the power or otherwise interfering with Plaintiffs' enjoyment and use of the Disputed Parcel;

HOLMES WEDDLE & BARCOTT, PC
2550 DENALI STREET, SUITE 500
ANCHORAGE, AK 99503-2752
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

First Amended Complaint                                                                 Page 15
*Orin and Sherrill Williams v. Archie N. Gottschalk, et al.*          Case No: 3:26-CV-00107-HRH
Case 3:26-cv-00107-HRH    Document 41-2    Filed 06/15/26    Page 15 of 16

4.     An award of Plaintiffs' attorneys' fees and costs in having to bring this action pursuant to Alaska law;

5.     Or, in the alternative, if the Court does not quiet title in favor of Plaintiffs, appointment of a referee for judicial partition and a judgment for unjust enrichment damages against Defendants, jointly and severally, in an amount to be determined at trial, including pre- and post-judgment interest; and,

6.     For such other and further legal and equitable relief as the Court deems just and proper.

DATED this 15th day of June, 2026, at Anchorage, Alaska.

HOLMES WEDDLE & BARCOTT, P.C.
Attorneys for Plaintiffs

By:     */s/ Stacey C. Stone*
        Stacey C. Stone
        Alaska Bar No. 1005030
        Carolyn E. Clark
        Alaska Bar No.: 2304029

HOLMES WEDDLE & BARCOTT, PC
2550 DENALI STREET, SUITE 500
ANCHORAGE, AK 99503-2752
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

First Amended Complaint                                        Page 16
*Orin and Sherrill Williams v. Archie N. Gottschalk, et al.*     Case No: 3:26-CV-00107-HRH
Case 3:26-cv-00107-HRH     Document 41-2     Filed 06/15/26     Page 16 of 16