IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ORIN WILLIAMS and SHERILL WILLIAMS, individually and as a marital community,<br><br>Plaintiffs,<br><br>vs.<br><br>ARCHIE N. GOTTSCHALK, an individual; MICHAEL L. GOTTSCHALK, an individual; ROYLENE GOTTSCHALK (f/k/a ROYLENE MANCUSO), an individual; JANE GOTTSCHALK, an individual; JAMIE MARIE SLACK, an individual; KELSEY ANNE SLACK, an individual; and DONNA MAE WILLIAMS, an individual;<br><br>Defendants. | No. 3:26-cv-0107-HRH |

O R D E R

Motion for Clarification[1]

Following the entry of the court's order of August 20, 2026,[2] granting Archie Gottschalk's motion to dismiss plaintiffs' complaint, plaintiffs have requested clarification of the court's order. The court called for a response[3] and has now received Archie Gottschalk's response[4] to plaintiffs' motion for clarification.

---

[1]Docket No. 56.

[2]Docket No. 54.

[3]Docket No. 57.

[4]Docket No. 58.

Archie Gottschalk argues that "it is undisputed that the trespass building was constructed fully on the Gottschalk Allotment."[5] Archie Gottschalk now claims that the building belongs to the Gottschalks "outright."[6] The parties and the court know very well that the building in question is not "fully" on the Gottschalk allotment. The building straddles the line between Lot 6, which is owned by plaintiffs, and the west half of Lot 7, which is Gottschalk Native allotment property.

Let's not make the situation concerning the building in question more difficult than it already is.

In response to the motion for clarification, Archie Gottschalk argues that the "case is effectively over," and that he and the other defendants "are entitled to entry of final judgment."[7] As between plaintiffs and Archie Gottschalk, the case is indeed over. There is nothing to clarify as between plaintiffs and Archie Gottschalk. The west one-half of Lot 7, Block 2, Donna G. Subdivision is Native allotment property; and, as to a Native allotment holder, the causes of action set forth in plaintiffs' complaint are barred.

What is not clear at this time is the status of plaintiffs' complaint against Glenda G. Williams, Gilbert M. Gottschalk, Roylene Gottschalk (f/k/a Roylene A. Mancuso), Michael L. Gottschalk, Jane Gottschalk, Jamie Marie Slack, Kelsey Anne Slack, and Donna Mae Williams. The court has already addressed the status of the foregoing defendants other than Archie Gottschalk in its order of August 24, 2026.[8] As to the defendants

---

[5] Docket No. 58 at 3.

[6] Id.

[7] Id. at 2.

[8] Docket No. 55.

other than Archie Gottschalk, the court is awaiting plaintiffs' report advising whether or not plaintiffs will proceed against the other defendants on the basis of plaintiffs' first amended complaint. That report is due on or before September 25, 2026. At present, Archie Gottschalk is not entitled to "final judgment" because the case has not been resolved as to all claims and all parties.

Plaintiffs' motion for clarification is denied.

DATED at Anchorage, Alaska, this 9th day of September, 2026.

/s/ H. Russel Holland
United States District Judge