Andrew Erickson
Jackson Morawski
LANDYE BENNETT BLUMSTEIN LLP
701 West Eighth Avenue, Suite 1100
Anchorage, AK 99501
(907) 276-5152
andye@lbblawyers.com
jacksonm@lbblawyers.com

*Attorneys for Defendant Archie N. Gottschalk*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| ORIN WILLIAMS and SHERILL WILLIAMS, individually and as a marital community,<br><br>Plaintiffs,<br><br>v.<br><br>ARCHIE N. GOTTSCHALK, *et al.*,<br><br>Defendants. | Case No. 3:26-cv-00107-HRH |

**DEFENDANT ARCHIE N. GOTTSCHALK'S MOTION FOR RECONSIDERATION**

Defendant Archie N. Gottschalk respectfully moves for reconsideration of this Court's Order denying his motion for attorney's fees (Docket No. 65). In concluding that Mr. Gottschalk is not entitled to attorney's fees pursuant to

Alaska Rule of Civil Procedure 82—despite the fact that he prevailed on the merits of the Plaintiffs' state law claims—this Court overlooked or misapplied at least two important legal issues.[1]

*First*, this Court's decision relied on *Gentemann v. NANA Development Co.*, where the court denied an attorney's fees motion after the case was dismissed as the "result of federal law, not Alaska law."[2] However, this Court may not have fully considered the fact that the underlying decision in *Gentemann* was decided solely on jurisdictional grounds.[3] The *Gentemann* Court concluded that it lacked subject matter jurisdiction to decide the plaintiff's claims, which was a decision based solely on federal law. The court did not reach the merits of any state law claims in that case.[4] In contrast, here, this Court correctly determined that it had jurisdiction, and then, ruled on the merits of each of the Plaintiffs' state law claims. Thus, *Gentemann* is fundamentally different and does not support this Court's conclusion that Mr. Gottschalk is not entitled to Rule 82 attorney's fees after he prevailed on the merits of state law claims.

---

1 *See* District of Alaska Local Civil Rule 7.3(h)(1).

2 Docket No. 65 at 4 (citing No. 3:08-cv-0221-JWS (D. Alaska 2009)).

3 *See* Docket No. 64 at 4 n.9 (citing *Gentemann* orders).

4 *See id.*; *Fiedler v. Clark*, 714 F.2d 77, 80 (9th Cir. 1983) (recognizing that federal courts determine jurisdiction exclusively on the basis of federal law).

*Second*, in announcing a new standard for applying Rule 82,[5] this Court overlooked the limited role of federal courts in deciding state law claims. Since the seminal case of *Erie Railroad Company v. Tompkins*, federal courts have been instructed to apply *state law* when deciding the merits of state law claims in federal court.[6] Under the *Erie* Doctrine, "the basis of a federal court's jurisdiction over a state law claim is irrelevant . . . [w]here state law supplies the rule of decision, it is the duty of federal courts to ascertain and apply that law."[7]

The *Erie* Doctrine begs the question in this case: If this Court ruled on the merits of the Plaintiffs' state law claims—which it did by granting a motion to dismiss for failure to state a claim—what substantive law did this Court apply? Put another way, how could this Court have ruled on the merits of state law claims without "consideration of state law issues"?

This Court could not have applied federal common law to resolve the Plaintiffs' state law claims.[8] Instead, this Court necessarily must have

---

5 Docket No. 65 at 5 ("Where, as here, dismissal of plaintiffs' complaint was dictated entirely by federal law without consideration of state law issues, Rule 82 attorney fees are not available.").

6 304 U.S. 64 (1938).

7 *Hawk Seafoods v. Exxon Corp. (In re the* Exxon Valdez*)*, 484 F.3d 1098, 1100 (9th Cir. 2007).

8 *See FTC v. Hoskins*, 185 F.4th 934, 947 (9th Cir. 2026) ("When federal courts adjudicate state law claims, there is no federal common law." (quoting *Erie*, 304 U.S. at 78 (citation modified))).

considered the elements of each state law claim—applying Alaska substantive law to each—and then concluded (correctly) that federal preemption is a meritorious affirmative defense to those claims based on this Court's interpretation of the Alaska Native Allotment Subdivision Act.[9] Yet, the manner in which this Court decided the merits of the state law claims—*i.e.*, which successful affirmative defense this Court chose to apply—should not dictate whether the prevailing party is entitled to Rule 82 attorney's fees.[10]

As a policy matter, this Court's ruling that attorney's fees are not available when a case is decided based on federal preemption threatens to drastically change how Rule 82 is applied in this court. For example, consider a diversity jurisdiction case in this court involving an Alaska common law breach of contract claim. If the defendant prevails on an affirmative defense based on the court's determination that federal law bars the claim, is the defendant not entitled to Rule 82 attorney's fees? They should be because they won on the merits of a state law claim. As did Mr. Gottschalk.

---

9 *See* Docket No. 54 at 5-11

10 This Court could have just as easily concluded that the Plaintiffs' contract claims were barred by the statute of limitations. *See Indep. Living Ctr. of S. Cal., Inc. v. Kent*, 909 F.3d 272, 283 (9th Cir. 2018) (recognizing that when awarding attorney's fees under state law, "the critical fact is the impact of the action, not the manner of its resolution," and "when fees would probably be available in state court, to preclude a similar award in federal court would likely lead to forum shopping, among other maladies").

Finally, it is no answer that the Plaintiffs invoked federal subject matter jurisdiction in this case. Here, as in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, federal subject matter jurisdiction is appropriate to resolve purely state law claims that implicate important federal issues, such as ownership to federal trust property.[11] However, federal courts must still apply substantive state law in resolving the merits of the underlying state law claims.[12] Thus, even though this Court interpreted the Alaska Native Allotment Subdivision Act as barring the Plaintiffs' state law claims, the decision was at base a ruling on the merits of those state law claims, which entitles Mr. Gottschalk to Rule 82 attorney's fees.[13]

Mr. Gottschalk respectfully requests that this Court reconsider its decision on the motion for attorney's fees. This Court should have looked to the nature of the claims on which Mr. Gottschalk prevailed and awarded him Rule 82 attorney's fees because he prevailed on the merits of state law claims.

---

11 545 U.S. 308, 312 (2005) ("[I]n certain cases federal question jurisdiction will lie over state-law claims that implicate significant federal issues.").

12 *See Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995) ("The *Erie* principles apply equally in the context of pendant jurisdiction.").

13 *See Alaska Rent-A-Car, Inc. v. Avis Budget Group, Inc.*, 783 F.3d 960, 973 n.49 (9th Cir. 2013) ("In an action involving state law claims, we apply the law of the forum state to determine whether a party is entitled to attorney's fees, unless it conflicts with a valid federal statute or procedural rule.").

Respectfully submitted.

DATED: November 20, 2026 LANDYE BENNETT BLUMSTEIN LLP

*/s/ Andrew Erickson*

---

Andrew Erickson, Alaska Bar No. 1605049
Jackson Morawski, Alaska Bar No. 2310113

*Attorneys for Defendant Archie N. Gottschalk*

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2026, a copy of the foregoing was served by electronic means on all counsel of record by the Court's CM/ECF system and on the following parties by U.S. mail:

Michael L. Gottschalk
P.O. Box 25
Naknek, AK 99633

Roylene A. Gottschalk [Mancuso]
P.O. Box 381
Naknek, AK 99633

Jane Gottschalk
P.O. Box 2
Aleknagik, AK 99555

Kelsey Anne Slack
16050 Cleveland Street, # 224
Redmond, WA 98052

Jamie Marie Slack
4144 W. Poinsettia Drive
Phoenix, AZ 85029

Donna Mae Williams
P.O. Box 96
Naknek, AK 99633

*/s/ Andrew Erickson*

____________________________
Andrew Erickson